UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCIS MOORE, DEREK DAVIS, PHILLIP HENTZ, CHARLES HOLMES, TERRENCE JAMES, ROY JOHNSON, SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON, BYRON RICKS, BEOWULF SNELL, AND PANDRA VAUGHN**<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE SHAW GROUP, INC., CHICAGO BRIDGE & IRON COMPANY,**<br><br>**Defendants.** | CASE No. 3:12-CV-757 (JWD) (RLB)<br><br>Jury Trial Demanded |

## MEMORANDUM IN SUPPORT OF MOTION
## TO COMPEL WRITTEN DISCOVERY

In connection with the Court's Order of May 8, 2015 granting the Joint Motion for Extension of Time to Complete Discovery by July 10, 2015, this Memorandum is submitted in accordance with Rule 37 of the Federal Rules of Civil Procedure in support of a Motion to Compel Discovery.

### I.   Background

The case before this Court involves allegations of intentional discrimination and/or disparate impact based on race and color, as well as retaliation. Plaintiffs' claims arise from their employment at Shaw Constructors, Inc. ("Shaw" or "Defendant" or "the Company").

This Motion to Compel Discovery involves the Plaintiffs' First Combined Discovery Demands served on the Defendants on February 14, 2014. Defendants' Responses and Objections to Plaintiffs' First Combined Discovery Requests was served on the Plaintiffs on May 16, 2014 (a

1

true and correct copy is attached hereto as Exhibit A). Plaintiffs and Defendants engaged in several discussions regarding discovery, which ultimately resulted in Plaintiffs sending a Deficiency Letter to the Defendants on August 1, 2014. Defendants responded to the Deficiency Letter on August 29, 2014. Between September 2014 and April 2015, Plaintiffs and Defendants continued to correspond regarding outstanding discovery issues. On April 7, 2015, Plaintiffs then memorialized the current status of the discovery disputes in a letter to the Defendants seeking resolution. On April 20, 2015, Defendants responded in writing to Plaintiffs. While several discovery issues were resolved during this time, there are four (4) topics to which the parties cannot agree despite their best efforts. Earlier this morning, counsel for Defendants confirmed that none of these remaining topics would be addressed prior to the expiration of the discovery deadline  (a true and correct copy of this correspondence is attached hereto as Exhibit B).  Thus, Plaintiffs have no alternative but to seek judicial intervention at this time.

## II.     Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) further provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The discovery rules in Title VII litigation are particularly liberal. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002); *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 306 (5th Cir. 1973).

Rule 33 further provides that an interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a). The grounds for objecting to an interrogatory must be stated with specificity, and any ground not stated in a timely objection is waived. Fed.R.Civ.P. 33(b)(4).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information … stored in any medium from which information can be obtained." Fed.R.Civ.P. 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." Fed.R.Civ.P. 34(b)(1)(A).

### III. Factual Basis for Discovery Disputes

A. <u>Defendants failed to disclose all relevant EEO-1 Reports</u>

Plaintiffs' Request for Production of Documents No. 3 requested "EEO-1 Reports filed on behalf of the Defendants' corporate headquarters and worksites and all documents used to prepare all EEO-1 Reports." The time period requested was November 29, 2008 to the present.

In response to Plaintiffs' Request for Production of Documents No. 3, Defendants produced EEO-1 Reports for 2011 and 2012, while maintaining that they were in the process of locating the 2010 Report. Defendants further argued that reports from any other time period were not relevant to the Plaintiffs' claims. First, as of this writing, Plaintiffs have not received the 2010 Report. Further, the EEO-1 Reports for 2009 and 2013 to the present are relevant and should be produced, particularly in a case in which Plaintiffs are contending that Defendants have a history and pattern of discriminatory hiring and termination practices. It is certainly relevant to prove or disprove Plaintiffs' claims to know the racial makeup of the workers employed by Defendants. In addition, Courts in this district generally direct Defendants to provide information of this type when sought in similar cases. See, e.g., *Fisher v. Proctor & Gamble Mfg. Co.*, 613 F.2d 527, 541 (5th Cir. 1980) ("Consideration of hiring practices, both before and after the applicable statutory period, is a necessary predicate to meaningful findings regarding employment practices…").

B. <u>Defendants failed to disclose relevant documents relating to the safety and security measures available to the Company</u>

3

Plaintiffs' Requests for Production of Documents No. 13 and No. 17 stated, respectively, "Provide any documents relating to security measures taken after the Fulton, Arkansas Turk Project received bomb threats" and "Provide any and all documents relating to the bomb threats that occurred at the Fulton, Arkansas Turk Project site." In response, Defendants have maintained their objection that the requests are overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The basis for the request rests in allegations set out in the Complaint which demonstrate that Defendants took significant measures to monitor and inspect the restrooms used at the plant after a bomb threat was made.  Any documents relating to this decision and effort are directly relevant to the fact that no such steps were taken in response to repeated reports of threatening racial graffiti in the restrooms at the worksite.  This information is crucial to Plaintiffs' allegations that the Defendants failed to investigate or address complaints of discriminatory and racist graffiti. A jury is entitled to compare the approach taken by Defendants to address the threatening nature of racist graffiti openly displayed in the workplace and compare it to the measures taken as a result of purported bomb threats.

C. <u>Defendants failed to disclose documents related to prior claims of discrimination</u>

Plaintiffs' Request for Production of Documents No. 14 stated "Provide all documents relating to other charges of discrimination filed against Shaw with the Equal Employment Opportunity Commission or any other administrative agency or court on behalf of any non-Plaintiff employee of Shaw." Defendants objected on a variety of grounds in their May 16, 2014 response. After Plaintiffs' raised objections to Defendants' objections in the August 1, 2014 deficiency letter, Defendants' requested in an August 29, 2014 letter to Plaintiffs that the scope of the Request be narrowed. On April 7, 2015, Plaintiffs provided the following limits on the scope: "Please provide responsive documents limited to any and all locations where Plaintiffs worked for

4

Defendant and any location where any co-worker, supervisor or manager of Defendant who has been identified by any Plaintiff as an individual who has engaged in any act of discrimination and/or harassment has worked for Defendant." On April 20, 2015, Defendants responded that they were in the process of searching records to determine whether there have been any other complaints of race discrimination or racial harassment against any of Plaintiffs' supervisors while employed at the Turk worksite.  As of this writing, Plaintiffs have not received a response regarding whether such records were searched and/or located, nor have Plaintiffs received any responsive documents.  Plaintiffs contend that Defendants have a custom and pattern of discriminatory practices. Moreover, through their own efforts, Plaintiffs were able to identify and locate a witness who had filed his own complaint against Defendants for similar discriminatory conduct.  No records of this witness' prior complaints were produced.  It is well settled that complaints of other discriminatory conduct against a common Defendant are discoverable. Moreover, in the spirit of cooperation, Plaintiffs further narrowed their request to seek complaints only from the same worksites in which Plaintiffs were employed by Defendants or where co-workers accused of discriminatory behavior were employed by Defendants.  This information is relevant to prove or disprove Plaintiffs' claims to know whether the Company has had previous complaints of discrimination filed against them by other employees. See, e.g., *Lyoch v. Anheuser-Busch Companies, Inc*., 164 F.R.D. 62, 63 (E.D. Mo. 1995). ("[D]ocuments relating to charges or complaints of sex and/or age discrimination against employer for past five years were discoverable by request for production of documents in age and sex discrimination action"). Furthermore, this request is relevant to establish the history and alleged futility of Defendants' policies relating to discrimination in the workplace which require complaints be filed and addressed by management.

   D.  <u>Defendants failed to disclose information related to the Goodyear Plant</u>

5

Plaintiffs' Request for Production of Documents No. 27 stated: "Provide the personnel file including but not limited to documents relating to the hire, transfer, layoff, termination, and/or disciplinary action for all employees hired in June 2011 into pipefitter positions at the Goodyear plant in Beaumont, Texas." Plaintiffs' Interrogatories from Terrance James 1-4 also relate to the Goodyear Plant. In their August 29, 2014 response, Defendants maintained that these requests pertain to a worksite over which they had no control. Plaintiffs then further clarified in their April 7, 2014 response that the definition of employees included in the Discovery Requests included those workers hired as contract workers at the Goodyear Plant. In their April 20, 2014 response, Defendants responded that they did not employ, nor contract with, any individual to perform work at the Goodyear Plant. However, there remain questions of fact regarding employees of Defendants placed to work at the Goodyear Plant, which have not yet been resolved. These requests should be responded to, particularly in light of the relevant depositions taken regarding the Goodyear contract.

## IV.   Conclusion

Defendants have maintained that Plaintiffs were not subjected to discrimination, harassment, or retaliation of any kind. They further deny that Plaintiffs were subjected to any disparate impact based on race or color. Plaintiffs must show that they were, in fact, subjected to Defendants' intentional acts of discrimination and retaliation. In order to do so, Plaintiffs must be able to fully investigate and have access to all relevant documents that are solely in the possession of the Defendants. Defendants' refusal to provide the requested relevant information has harmed the Plaintiffs, particularly as there was missing information during the depositions already conducted.

Therefore, for the reasons discussed above, Plaintiffs' respectfully request that Defendants be ordered to fully respond to Plaintiffs' Discovery Demands as detailed herein.

/s/ Pamela W. Carter
Pamela W. Carter (Trial Attorney)
pcarter@carterlawgroupllc.com
LA State Bar No. 24048
**Carter Law Group, LLC**
K&B Plaza (Lee Circle)
1055 St. Charles Ave, Suite 555
New Orleans, LA 70130

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Stefanie T. Scott
Texas State Bar No. 24061617
sscott@dpelaw.com
**DiNovo Price Ellwanger& Hardy LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

James A. Vagnini
N.Y. State Bar No. 2958130
jvagnini@vkvlawyers.com
**Valli Kane &Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/Pamela W. Carter
PAMELA W. CARTER