UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCIS MOORE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-757-JWD-RLB** |
| **THE SHAW GROUP, INC.** | |

## ORDER

Before the court is Shaw Constructors, Inc.'s ("Shaw Constructors") Motion to Compel Responses to Discovery (R. Doc. 59) filed on July 10, 2015. Shaw Constructors seeks an order compelling Plaintiffs to sign copies of medical and employment records release authorizations, and for an award of costs and attorney's fees in connection to being the motion. The motion is opposed. (R. Doc. 63).

### I. Procedural History and Background

This is an employment discrimination action brought by Francis Moore, Derek Davis, Phillip Hentz, Charles Holmes, Terrence James, Roy Johnson, Shawn Keith, Carlos Neal, Marcus Richardson, Byron Ricks, Beowulf Snell, and Pandra Vaughn (collectively, "Plaintiffs") asserting various claims of race discrimination, racial harassment and retaliation in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 *et seq.*; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a *et seq.*; Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e *et seq*. Plaintiffs initiated this action on November 29, 2012 by naming The Shaw Group, Inc. as the sole defendant in the Complaint. (R. Doc. 1). On March 29, 2013, Plaintiffs filed an Amended Complaint naming both The Shaw Group, Inc. and Chicago Bridge & Iron Company ("CG&I") as defendants. (R. Doc. 6).

Plaintiffs seek a variety of injunctive relief and damages, including "back pay, front pay, general and special damages for lost compensation, and job benefits they would have received but for Defendants' discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish." (R. Doc. 6 at 53). Most of the Plaintiffs' claims arise out of their employment at a coal-fired power plant located in Fulton, Arkansas ("the Turk site"). The claims of Plaintiff Terrance James arise out of his employment as a pipefitter at the Goodyear Plant in Beaumont, Texas ("the Goodyear site").

On April 10, 2013, counsel for Shaw Constructors filed an unopposed motion for extension of time to file a responsive pleading, stating that Plaintiffs had incorrectly identified Shaw Constructors as "The Shaw Group, Inc." in the Complaint and Amended Complaint. (R. Doc. 9). Shaw Constructors does not identify whether "The Shaw Group, Inc." is an entity capable of being named as a defendant. Shaw Constructors is not mentioned anywhere in Plaintiffs' Complaint and Amended Complaint. On May 2, 2013, Plaintiffs and Shaw Constructors filed a stipulation of voluntary dismissal of CG&I on the basis that CG&I "is neither successor [n]or interested party in this action." (R. Doc. 13). On May 20, 2013, Shaw Constructors filed an answer in the place of The Shaw Group, Inc., again asserting that The Shaw Group, Inc. was wrongly identified as a defendant. (R. Doc. 14). On June 14, 2013, the court dismissed CG&I as a defendant. (R. Doc. 17).

To date, Plaintiff has not moved to dismiss The Shaw Group, Inc. as a defendant or sought to add Shaw Constructors as a defendant. Nevertheless, there does not appear to be a dispute that Shaw Constructors is acting, whether properly or not, as a defendant in this action in place of The Shaw Group, Inc. While Shaw Constructors is not formally named a defendant in this action, Plaintiffs have made no objections to received responses to discovery propounded on

The Shaw Group, Inc. (the only defendant remaining in this action) by Shaw Constructors (a non-party to this action). Considering the procedural posture of this action, the court will analyze the instant discovery dispute pursuant to the procedures provided for discovery between parties.[1]

On March 17, 2014, Shaw Constructors propounded its First Set of Requests for Production of Documents to Plaintiffs. (R. Doc. 59-1). Request for Production No. 3 sought Plaintiffs to "execute a copy of the attached Medical Records Release Authorization and the attached Mental Health Records Release Authorization." (R. Doc. 59-1 at 6). Request for Production No. 4 sought Plaintiffs to "execute the attached Employment Records Release Authorization." (R. Doc. 59-1 at 6). The referenced release forms were not provided with the discovery requests.

On April 14, 2014, Plaintiffs' counsel confirmed that Shaw Constructors agreed to an extension to May 30, 2014 to provide responses to the Requests for Production. (R. Doc. 59-2 at 3). Plaintiffs' counsel further noted that the referenced release forms were not attached to the Requests for Production, and once the release forms were provided, Plaintiffs' counsel should be able to provide signed releases by the extended deadline. (R. Doc. 59-2 at 3). Shaw Constructors' counsel provided the release forms later that same day. (R. Doc. 59-2 at 2-3).

On May 30, 2014, Plaintiffs provided their written responses, which objected to providing signed releases as requested in Request for Production Nos. 3 and 4. Plaintiffs objected on the basis that the requests required "Plaintiffs to do more than produce documents and therefore imposes burdens on Plaintiffs beyond those contemplated by the Federal Rules of Civil Procedure, or other applicable law." (R. Doc. 59-3 at 2-3). Plaintiffs further objected to

---

[1] Plaintiffs are advised to take appropriate action, if warranted, to name Shaw Constructors, Inc. as a defendant and to dismiss The Shaw Group, Inc. as a defendant.

3

each request "for failing to attach the referenced Authorizations" and because each request was not "limited in time and therefore requests information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence." (R. Doc. 59-3 at 2-3).

On June 25, 2015, over one year after Plaintiffs objected to signing the releases, Shaw Constructors' counsel inquired into the status of the release based on Plaintiffs' counsel "agreement" to return signed releases on April 14, 2014. (R. Doc. 59-2 at 2). Shaw Constructors further represents that it again inquired into the status of the releases on July 9, 2015, and that it has received no response to these inquiries. Shaw Constructors does not provide the details of the July 9, 2015 communication. Shaw Constructors asserts that based on the foregoing communications, it has attempted to resolve this dispute in good faith without court intervention as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure.

Shaw Constructors filed the instant motion on July 10, 2015, the deadline to complete discovery. Shaw Constructors argues that the requests for medical records seek relevant information based on Plaintiffs' assertion of damages "for emotional distress, humiliation, embarrassment, and anguish." (R. Doc. 59-3 at 3). Furthermore, Shaw Constructors indicates that certain Plaintiffs (in response to interrogatories and during depositions) provided that they had to seek medical treatment related to physical manifestations of their alleged emotional distress. (R. Doc. 59-3 at 3-4). Shaw Constructors further states that these medical records are relevant to Shaw Constructors' defenses "as they may show that Plaintiffs' alleged emotional distress was caused by some source other than Shaw [Constructors], including any pre-existing conditions that pre-dated the Plaintiffs' employment with Shaw [Constructors]." (R. Doc. 59-3 at 4). Shaw Constructors argues that the requests for personnel records are relevant "for Shaw

4

[Constructors] to properly evaluate Plaintiff's claim for back pay and front pay." (R. Doc. 59-3 at 5).

In Opposition, Plaintiffs argue that they are willing to produce releases for the discovery of "relevant, non-privileged medical and employment records" that "are properly limited in time and scope." (R. Doc. 63 at 1). Plaintiffs argue that as written, however, the forms provided by Shaw Constructors are unlimited in time and scope and are unduly burdensome and intrusive. (R. Doc. 63 at 2-3). Plaintiffs further argue that the discovery sought can be obtained from other sources that are more convenient and less burdensome, such as documents in the Plaintiffs' possession, custody, or control. (R. Doc. 63 at 4-6). Finally, Plaintiffs note that they timely objected to the discovery requests and only agreed to provide discovery of medical and employment information, but never specifically agreed to sign the specific forms provided by Shaw Constructors. (R. Doc. 63 at 7-8).

## II.   Law and Analysis

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." To be relevant, "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The rules governing discovery are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176 (1979). It is well established that the scope of discovery is within the sound discretion of the trial court. *E.g.*, *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 724 (5th Cir. 1990) ("the district court has wide discretion in determining the scope and effect of discovery").

Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). The court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

The court has reviewed the medical and employment records authorization forms provided by Shaw Constructors (R. Doc. 63-1) and agrees with Plaintiffs that the requests are overly broad and seek information not relevant to the claims or defenses of the parties in this litigation. This Court has previously declined to compel a party, over their objection, to sign an authorization to release confidential medical information when the material covered by such a waiver was irrelevant and privileged. The court also recognizes that the Fifth Circuit has suggested in dicta that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization release. *McKnight v. Blanchard,* 667 F.2d 477, 481-82 (5th Cir. 1982).

Plaintiffs have no objection to producing releases for the discovery of relevant, non-privileged medical and employment records that are properly limited in time and scope. This court has compelled plaintiffs to sign releases, where no objections had been lodged, subject to certain limitations placed on those releases by the court. *See Matherne v. Schramm*, No. 12-807, 2013 WL 5961096 (M.D. La. Nov. 7, 2013). Accordingly, the court will compel Plaintiffs to sign proper medical and employment record releases sought by Shaw Constructors' Request for Production Nos. 3 and 4 subject to the following limitations:

- The releases shall authorize the release of any such information for the 10 years prior to the filing of the Complaint to present.

- The releases regarding Plaintiff's employment records shall only authorize disclosure of the Plaintiffs' positions, titles, dates of employment, and pay rates / salary information with any employer.

- The releases regarding Plaintiff's medical records shall be limited to authorize the disclosure of any and all medical records related to Plaintiff's mental health, including any documentation pertaining to stress, emotional distress, humiliation, embarrassment, and anguish. To the extent any Plaintiff has asserted any physical manifestations related to their alleged emotional injuries, this limitation does not apply and Shaw Constructors may seek all medical records for that individual.

As limited by the court, the authorizations will be reasonably calculated to lead to the discovey of admissible evidence related to Plaintiff's claims for damages and Shaw Constructors' defenses.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Shaw Constructors' Motion to Compel is **GRANTED in part and DENIED in part.** Shaw Constructors may serve revised release authorizations on Plaintiffs no later than 7 days from the date of this Order. Plaintiffs shall then have 5 days to sign or otherwise respond to the revised release authorizations. The parties shall endeavor, in good faith, to reach an agreement on the language of the release authorizations without additional court intervention. If required, either party may seek relief from the court through filing an appropriate motion within 14 days of the date of this Order.

To the extent Defendant transmits these releases to any third party for the purpose of obtaining records that relate to Plaintiffs, such transmittal shall also be simultaneously provided to counsel for Plaintiffs. Upon receipt of any documents pursuant to the releases, Shaw Constructors must produce a complete copy of the documents to Plaintiffs within 5 days.

**IT IS FURTHER ORDERED** that, in accordance with Rule 37(a)(5)(C), Plaintiffs and Shaw Constructors shall bear their own costs.

Signed in Baton Rouge, Louisiana, on August 18, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**