```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE MIDDLE DISTRICT OF LOUISIANA
 3
 4            CASE NO. 3:12-CV-757 (BAJ)(RLB)
 5
 6  FRANCIS MOORE, DEREK DAVIS,        *
    PHILLIP HENTZ, CHARLES HOLMES,     *
 7  TERRENCE JAMES, ROY JOHNSON,       *
    SHAWN KEITH, CARLOS NEAL,          *
 8  MARCUS RICHARDSON, BYRON           *
    RICKS, BEOWULF SNELL and           *
 9  PANDRA VAUGHN                      *
                Plaintiffs,            *
10                                     *
    versus                             *
11                                     *
                                       *
12  THE SHAW GROUP, INC., CHICAGO      *
    BRIDGE & IRON COMPANY              *
13              Defendants.            *
                                       *
14  *   *   *   *   *   *   *   *   *   *   *   *   *
15
16
17
18         Deposition of TERENCE R. JAMES, 2265
19  Cashmere Avenue, Port Arthur, Texas 77640, taken
20  in the offices of the Carter Law Group, LLC,
21  1055 St. Charles Avenue, Suite 555, New Orleans,
22  Louisiana 70130, on Friday, the 22nd day of May,
23  2015, commencing at 8:57 a.m.
24
25
```

Exhibit

1

```
 1  APPEARANCES:

 2

 3       DINOVO PRICE ELLWANGER & HARDY LLP

 4       (By:  Stefanie T. Scott, Esquire)

 5       7000 North MoPac Expressway, Suite 350

 6       Austin, Texas  78731

 7            ATTORNEYS FOR THE PLAINTIFFS

 8

 9       THE KULLMAN FIRM

10       (By:  Christine S. Keenan, Esquire)

11       4605 Bluebonnet Boulevard, Suite A

12       Baton Rouge, Louisiana  70809

13            ATTORNEYS FOR THE DEFENDANTS

14

15  REPORTED BY:

16       LISA BODE, CSR

17       Certified Shorthand Reporter

18

19                 EXAMINATION INDEX

20                                        Page

21  EXAMINATION BY MS. KEENAN:            5, 114

22  EXAMINATION BY MS. SCOTT:             105

23

24                 *   *   *

25
```

```
 1                    EXHIBIT INDEX
 2   Exhibit No. 1 -
 3        Shaw Craft Application for Employment
 4        dated 8/9/10
 5
 6   Exhibit No. 2 -
 7        The Shaw Group Inc. document entitled
 8        "Employee Referral" dated August 11, 2010
 9
10   Exhibit No. 3 -
11        Shaw document entitled "Procedures" signed
12        and dated 8/11/10
13
14   Exhibit No. 4 -
15        Document entitled "Separation Notice
16        Alleging Disqualification" dated 9/9/2010
17
18   Exhibit No. 5 -
19        The Shaw Group Inc. document entitled
20        "Employee Referral" dated June 07, 2011
21
22   Exhibit No. 6 -
23        Employment Separation Notice dated
24        10/31/11
25                      *    *    *
```

1                    STIPULATION

2

3

4          IT IS STIPULATED AND AGREED by and between

5    counsel for the parties hereto that the

6    deposition of the aforementioned witness is

7    hereby taken under the Federal Rules of Civil

8    Procedure for all purposes, in accordance with

9    the law;

10         That the formality of reading and signing

11   is hereby specifically not waived;

12         That the formalities of filing, sealing,

13   and certification are hereby specifically

14   waived;

15         That all objections, save those as to the

16   form of the question and the responsiveness of

17   the answer, are hereby reserved until such time

18   as this deposition, or any part thereof, may by

19   used or sought to be used in evidence at the

20   time of the trial of this matter.

21

22                    *   *   *

23         LISA BODE, Certified Shorthand Reporter,

24   State of Louisiana, officiated in administering

25   the oath to the witness.

1          A.     Yes.
2          Q.     Is there any reason that you can't
3    give complete and accurate answers to my
4    questions today?
5          A.     No.
6          Q.     Are you on any kind of medication
7    that would interfere with your ability to answer
8    my questions?
9          A.     No, ma'am.
10         Q.     If you would, for the record, just
11   state your full name.
12         A.     Terence, T-E-R-E-N-C-E, Raynard,
13   R-A-Y-N-A-R-D, James, J-A-M-E-S.
14         Q.     What's your current address?
15         A.     2265 Cashmere, C-A-S-H-M-E-R-E,
16   Avenue, Port Arthur, Texas 77640.
17         Q.     How long have you lived at that
18   address in Port Arthur, Texas?
19         A.     About four years now.
20         Q.     Does anybody reside with you at 2265
21   Cashmere Avenue?
22         A.     Yes.  My wife.
23         Q.     What is your wife's name?
24         A.     Connie, C-O-N-N-I-E --
25         Q.     How long -- oh, go ahead.

```
 1          A.      3/28/71.
 2          Q.      Where were you born?
 3          A.      Port Arthur, Texas.  39 years -- 38
 4    years.
 5          Q.      Are you currently employed?
 6          A.      Yes.
 7          Q.      Where are you employed?
 8          A.      Valero Energy, Port Arthur, Texas.
 9          Q.      What's your current position?
10          A.      Metal trades maintenance mechanic.
11          Q.      How long have you been working with
12    Valero?
13          A.      Two years and -- two years and two
14    and a half months.
15          Q.      So what is that, like 2013 you
16    started to work there, you think?
17          A.      Yes.
18          Q.      Do you remember what month?
19          A.      April.  I think April.  I think
20    March, if I'm not mistaken.
21          Q.      So roughly March 2013?
22          A.      Yes.
23          Q.      And when you were hired on with
24    Valero, did you hire in to the position of metal
25    trades maintenance mechanic?
```

1          A.     Yes.

2          Q.     And what is your current rate of

3     pay?

4          A.     30 -- 38 -- I can look and tell you

5     the exact.

6          Q.     Okay.

7          A.     37.66.

8          Q.     How many hours a week do you work?

9          A.     40 plus.

10         Q.     Do you have a certain amount of

11    overtime that you average?

12         A.     About eight to ten hours a week,

13    maybe.  Depends on how busy.

14         Q.     And when you first started working

15    at Valero as the metal trades maintenance

16    mechanic, were you hired in at 37.66 an hour?

17         A.     No.  I was hired in at about -- I

18    think it was 36, to be exact.  It was like 36

19    something.  We just actually got a raise.  Yeah.

20    It was 36, 36.35 or something like that.

21         Q.     And so when did you get the raise to

22    37.66?

23         A.     We just got the raise this year.

24         Q.     And when you first started working

25    for Valero in March of 2013, was it a full-time

```
1   job working --
2          A.     Yes.
3          Q.     -- 40 hours a week?
4          A.     Full time.
5          Q.     Other than your marriage to Connie,
6   have you ever been married before?
7          A.     No.
8          Q.     Have you ever been convicted of a
9   crime?
10         A.     No, ma'am.
11         Q.     Other than the lawsuit that you have
12  against Shaw and the previous lawsuit that you
13  had against Turner, any other lawsuits that you
14  have filed?
15         A.     No, ma'am.
16         Q.     And how did that lawsuit with Turner
17  resolve?
18         MS. SCOTT:
19                Objection.  Form.
20  EXAMINATION BY MS. KEENAN:
21         Q.     Is it still ongoing?
22         A.     No.
23         Q.     It's been resolved?
24         MS. SCOTT:
25                Objection.  Form.
```

1  dates.  It was --

2      Q.    Okay.

3      A.    I don't -- I can't remember.

4      Q.    Was it before or after you did the

5  sheriff's academy?

6      A.    It was after.

7      Q.    When did you first work for Shaw?

8      A.    In August -- I want to say August

9  2010.

10      Q.    And what location?

11      A.    I worked in the Beaumont location

12  and I worked one -- once before that in the Lake

13  Charles -- not Lake Charles.  Yeah, Lake

14  Charles, Louisiana.

15      Q.    So the Beaumont location, what plant

16  was that?

17      A.    That was Goodyear.

18      Q.    And then in Lake Charles, do you

19  remember what plant that was?

20      A.    I don't know the plant offhand.  I

21  know it wasn't Westlake Styrene.  It was another

22  plant.  I'm not familiar with, because there's

23  several different plants down there.

24      Q.    Was it an actual plant?

25      A.    Yes.  It was an actual refinery.

1      Q.      The recruiter?

2      A.      Yes.

3      Q.      And what position were you offered?

4      A.      When I hired in, I was offered, I

5 think, a helper labor type position.

6      Q.      Let me show you a document and tell

7 me if you've ever seen this before.  I'm going

8 to mark this as Exhibit No. 2.

9      A.      I'm very familiar with this

10 document.

11      Q.      Okay.

12      A.      And that would be the very first

13 time that I worked for Shaw.

14      Q.      Is that your signature on the bottom

15 of the page?

16      A.      Yes.

17      Q.      And it looks like the recruiter is

18 someone by the name of Monique Durio.  Does that

19 ring a bell?

20      A.      That name sound familiar.

21      Q.      So according to Exhibit No. 2, it

22 looks like the job you were hired in for in

23 August would be an industrial pipe fitter

24 journeyman.  Is that consistent with what you

25 remember?

1      A.     Boilermaker.

2      Q.     Boilermaker.  That's right.  A

3  journeyman; is that right?

4      A.     Yes, that's right.  And like I said,

5  that's the first time that I hired in, in Lake

6  Charles.

7      MS. SCOTT:

8           And, Counsel, I'll just interject.

9  The Social Security number is listed on this

10  exhibit as well.

11      MS. KEENAN:

12           Right.  We'll make sure to redact

13  them all.

14      MS. SCOTT:

15           Thank you.

16  EXAMINATION BY MS. KEENAN:

17      Q.     And the rate of pay that you were

18  hired in for was $23 an hour?

19      A.     $23 an hour.

20      Q.     And here it shows supervisor is --

21      A.     Bayou Dinde, that's the name of the

22  jobsite, Westlake Road.

23      Q.     Okay.  So in August when you went to

24  go work for Shaw, was that for the Goodyear site

25  or for --

1      A.      No, that wasn't for the Goodyear
2  site.  That was for the Westlake site.
3      Q.      Okay.
4      A.      And I wasn't there very long.
5      Q.      Okay.  So the August job is for the
6  Westlake location?
7      A.      The August job is for the Westlake
8  location, but shortly after that I went to work
9  at Goodyear.
10      Q.      Okay.  All right.  So you worked at
11  the Westlake location as a journeyman,
12  boilermaker journeyman?
13      A.      Yes.
14      Q.      At $23 an hour; is that right?
15      A.      Yes.
16      Q.      Who was your supervisor?
17      A.      That must be the -- I don't think
18  that's the supervisor for the jobsite, Corlyn
19  Maddox.  That don't sound familiar.
20      Q.      So the name on Exhibit No. 2 that
21  says, Supervisor:  Corlyn, C-O-R-L-Y-N, Maddox,
22  M-A-D-D-O-X, but you don't think that was who
23  your supervisor was?
24      A.      I don't think that's who the
25  supervisor was.

1      Q.    Do you have any recollection of who
2  the supervisor might have been?
3      A.    It is a guy that -- I don't think
4  that's a guy's name, Corlyn.
5      Q.    Do you remember what race your
6  supervisor was?
7      A.    White.
8      Q.    And so it looks like when you were
9  hired on, it says you were assigned to an
10 orientation on August 11, 2010.
11            Do you recall attending an
12 orientation?
13     A.    Yeah, I think.  It says I --
14     Q.    Exhibit No. 2 says, Attend
15 Orientation at:  Onsite August 11, 2010.
16     A.    Oh, yeah.
17     Q.    Is that consistent with what you
18 remember?
19     A.    Yes.
20     Q.    So you would have started working
21 there on August 11, 2010?
22     MS. SCOTT:
23            Objection.  Form.
24 EXAMINATION BY MS. KEENAN:
25     Q.    Is that consistent with what you

1  remember?

2          A.     Yes.

3          Q.     Do you remember the orientation

4  program?

5          A.     No, ma'am.

6          Q.     Let me show you a document I'm going

7  to mark as Exhibit No. 3, and tell me if you

8  recognize this document.

9          A.     Yes.  I remember that.

10          Q.     So Exhibit No. 3 is entitled

11  "Procedures."  And it says in Paragraph No. 1:

12  Any employee who feels that he or she has been

13  subjected to harassment should report the matter

14  immediately according to the following options.

15  And then it has A, B, C, and D.

16                 So you recall receiving this when

17  you were hired on in August of 2010?

18          A.     Yes.

19          Q.     And is that your signature on the

20  bottom of the page?

21          A.     Yes.

22          MS. KEENAN:

23                 And Exhibit 3 has the Social

24  Security number.  We'll redact it.

25          MS. SCOTT:

1               Thank you.

2   EXAMINATION BY MS. KEENAN:

3        Q.     And was it your understanding when

4   you hired on with Shaw that they had a policy

5   that prohibited harassment in the workplace?

6        A.     Yes.

7        Q.     And that they had a policy that

8   prohibited discrimination in the workplace?

9        A.     Yes.

10       Q.     And you understood how to report it

11  pursuant to that policy?

12       A.     Yes.

13       Q.     All right.  Let me show you a

14  document I'm going to mark as Exhibit No. 4, and

15  tell me if you recognize this document.

16       MS. SCOTT:

17              And this document also has the

18  Social Security number on it.

19       MS. KEENAN:

20              Okay.  I'm going to make a note, and

21  at the end we'll go through and we'll redact

22  them all.

23       MS. SCOTT:

24              Okay.  Thanks.

25       A.     Okay.  What you want to know?

1  EXAMINATION BY MS. KEENAN:

2      Q.    Do you recall ever receiving this

3  separation notice?

4      A.    No.  But I remember I didn't work

5  there very long.

6      Q.    It looks like it's showing that the

7  last day you worked at the Westlake site would

8  be August 28, 2010.  Is that consistent with

9  what you remember?

10      A.    That seems familiar, because like I

11  said, I didn't work there long.

12      Q.    Yes.  That would be about three

13  weeks, roughly.

14          Now, at the time that you were

15  working for Shaw at the Westlake site, did you

16  have an understanding about what Shaw company

17  you were working for?

18      A.    I was working for the same Shaw

19  company that I worked for out at Goodyear.

20      Q.    Okay.

21      A.    The Shaw Group.

22      Q.    And if you look down on Exhibit

23  No. 4, where it says "Employer Name," it says,

24  "Shaw maintenance."  Is that consistent with

25  what you understood about who your employer was?

1        A.    Yes.  The same one I worked out at
2  Goodyear.
3        Q.    Did you feel like you were
4  mistreated in any way at the Westlake site?
5        MS. SCOTT:
6              Objection.  Form.
7        A.    Yes.
8  EXAMINATION BY MS. KEENAN:
9        Q.    Tell me how you felt like you were
10 mistreated at the Westlake site.  And, again,
11 I'm just talking about the Westlake location.
12       A.    Well, the way they --
13       MS. SCOTT:
14             Objection.  Form.
15       A.    The way they treated their people.
16 EXAMINATION BY MS. KEENAN:
17       Q.    Do you think you were mistreated
18 because of your race at the Westlake site?
19       A.    Definitely.
20       MS. SCOTT:
21             Objection.  Form.
22       A.    Yes.
23 EXAMINATION BY MS. KEENAN:
24       Q.    Okay.  Tell me how you feel like you
25 were mistreated because of your race.

1           A.      Yeah, they was just temp jobs.

2           Q.      Then how is it that you came to work

3    for Shaw again at the Goodyear plant?

4           A.      I called the office, and they told

5    me they had a position out at Goodyear.

6           Q.      So you called the recruiting office?

7           A.      I called the recruiting office in

8    Lake Charles.

9           Q.      Okay.

10          A.      And that name, this young lady's

11   name, sound familiar right here, Monique.

12          Q.      Okay.

13          A.      Her name is real familiar.  I think

14   I spoke with her.

15          Q.      All right.  And when you called the

16   recruiting office, did they indicate to you

17   whether or not they had any opening available?

18          A.      Yeah, they had some openings.

19          Q.      And did they tell you specifically

20   where they had openings available?

21          A.      Goodyear.

22          Q.      And did you have to submit another

23   application?

24          A.      I can't recall if I did fill out

25   another application.  I think they just sent all

1  the paperwork to -- sent all the paperwork
2  through the office that they had set up out at
3  Goodyear.
4          Q.    Okay.
5          A.    If I can recall.
6          Q.    All right.  I'm going to show you
7  another document I'm going to mark as Exhibit
8  No. 5, and tell me if you recognize this
9  document.
10          A.    I recognize it.
11          Q.    So Exhibit No. 5 looks to be an
12  Employee Referral.  Is that your signature on
13  the bottom of the page again?
14          A.    Yes.
15          Q.    And the date here is June 7th, 2011.
16  Is that consistent with what you remember about
17  when you went to the Goodyear plant?
18          A.    What was the date?
19          Q.    June 7th, 2011.
20          A.    It sound pretty familiar.
21      MS. SCOTT:
22          Just for the record, the Social
23  Security number is on this one as well.
24      MS. KEENAN:
25          Yes.

1    Q.    So when you went out to the Goodyear

2    site, who was your foreman?

3    A.    Guy by the name of Elton Kennerson

4    was the foreman and C.P. Abshire was the

5    supervisor.

6    Q.    And so did you report directly to

7    Elton Kennerson?

8    A.    Yes.

9    Q.    And then he reported to Abshire?

10   A.    Yes.

11   Q.    What race is Elton Kennerson?

12   A.    Black.

13   Q.    And what race was C.P. Abshire?

14   A.    White.

15   Q.    How many people were on your crew

16   when you first arrived?

17   A.    I want to say it was me -- one, two,

18   three -- I want to say -- well, we -- I'm trying

19   to think.  The guy we reported to, which was

20   Elton, and I think it was -- I think I want to

21   say three or four guys that we reported to, but

22   we all worked -- we ate and worked in the same

23   area.  And there was about 40, maybe 50 guys

24   that we worked with.

25   Q.    That you worked with on your crew

1    or --
2         A.    No.  We had the labor, the labor
3    helpers, the metal shop, the welders, the
4    boilermakers, the pipe fitters.  It was a total
5    of about 50 guys.  Scaffold builders.  But the
6    guy I reported to was Elton, just, you know, to
7    sign in, but the rest of the guys, we all worked
8    in a group, like 50 guys.  Like if they had
9    water to pump that day, we pumped the water.  If
10   they needed a fire watch, we fire watched, you
11   know.
12        Q.    Okay.  So what you're saying --
13        A.    We all worked -- we all worked
14   together.
15        Q.    So it was whatever that group of
16   guys needed, you would help them with?
17        A.    Yeah.  As far as labor helper type
18   work.
19        Q.    Right.
20        A.    But when I was out there, they had
21   me doing boilermaker pipe fitter work.  And I
22   was discussing it with the -- with this guy,
23   C.P., when I was out there about that I was
24   working, doing craftsman work.  And he said,
25   "Well, if something come up, we'll consider it."

1          So basically they had a couple of
2    positions come up, and then I applied for them,
3    and he brushed me off, brushed me off.  Had a
4    safety position come open.  I was qualified for
5    that.  He brushed me off on that too.  I was
6    certified with the safety.  And then they turned
7    around and hired a white guy.
8          Q.    When you started doing the
9    boilermaker pipe fitter work, how long had you
10   been on the site?
11         A.    I had been on the site probably
12   about two weeks into the job.  Because when I
13   first got there, it was a slow pace.  They was
14   just trying to show me around in different areas
15   and different things, where to go get stuff.  So
16   it was about two weeks into it.
17         Q.    What kind of boilermaker pipe fitter
18   tasks were you being assigned?
19         A.    Working on heaters, pulling valves,
20   changing out bolts, working on different pipe,
21   different schedule pipe.
22         Q.    How long were you doing that work
23   before you discussed with Abshire about moving
24   into a craft position?
25         A.    Probably was doing the work --

1  probably about -- probably about my third week

2  there, I was doing pipe fitter boilermaker work.

3  And I discussed it with him far as the pay rate.

4  I asked him could I get that position, you know,

5  move up into that position.  And he said they

6  didn't have no positions available.  Once the

7  position did come available, he just brushed me

8  off, basically.

9      Q.    So you think you discussed it into

10  your third week of being there?

11      A.    Yeah.

12      Q.    And was it a boilermaker position

13  that came open?

14      A.    It was a boilermaker position come

15  open, because I think one guy had left.  He was

16  going to a different job.  He was leaving that

17  company and going somewhere else.  And I told

18  him I was certified.  He knew I was certified,

19  and he never did get back with me.

20      Q.    Do you remember when that position

21  became open?  If you started in June, do you

22  recall when it came open?

23      MS. SCOTT:

24          Objection.  Form.

25      A.    I can't recall when it actually came

1   open.  But it came open pretty -- pretty quick.
2   EXAMINATION BY MS. KEENAN:
3        Q.    Do you remember like how long after
4   you had your conversation with Mr. Abshire about
5   moving into that position that it came open?
6        A.    It could have been -- I would say,
7   that I can remember, days later.
8        Q.    Do you remember the name of the
9   person that left?
10       A.    No, I can't remember the guy's name.
11       Q.    Do you remember the name of the
12  person that got the position?
13       A.    No.  Because if I can recall, they
14  hired from the outside.
15       Q.    It was a white guy?
16       A.    It was a white guy.
17       Q.    Do you know anything about that
18  guy's background?
19       A.    No.  I really -- I really didn't
20  talk to him much.
21       Q.    Was there any other craft position
22  that came open that you asked to be moved into?
23       A.    Yeah.  Safety, safety man.  Safety
24  man position came open.
25       Q.    When did that come open?  Was that

1  after the boilermaker position?

2      A.    Not real sure.  Because I was more

3  or less concentrating on trying to get moved up

4  in that boilermaker position since I was

5  certified.  I can't recall.

6      Q.    Did you talk to Abshire about moving

7  into the safety man position?

8      A.    Talked to Abshire several times.

9  Actually, on a daily basis I asked about it.

10     Q.    About the safety man position?

11     A.    About the safety man position, about

12  the boilermaker position, about getting --

13  moving up into a craft position.

14     Q.    Who ultimately was moved into the

15  safety man position?

16     A.    They hired outside.

17     Q.    Do you know the individual's name?

18     A.    I can't -- I can't remember.

19     Q.    Was he white or black?

20     A.    White.

21     Q.    Do you know anything about his

22  background?

23     A.    No.

24     Q.    During the time period that you

25  worked at the Goodyear plant, do you know how

1  many times a boilermaker position came open?

2       A.    They had two positions came open

3  while I was out there.

4       Q.    So the one we talked about already;

5  is that right?

6       A.    Yes.

7       Q.    And then there was another one after

8  that?

9       A.    Yeah.  It was -- another one came

10 after that, maybe -- I want to say maybe two

11 weeks after that.

12      Q.    Two weeks after the first

13 boilermaker?

14      A.    Yes.  I want to say two weeks.  They

15 had a guy quit.

16      Q.    Do you remember who quit?

17      A.    I don't -- I don't know his name.

18 It was a -- it was a black guy that quit.

19      Q.    And did you talk to Abshire about

20 taking his position?

21      A.    Yes.

22      Q.    And what did he say?

23      A.    He said he would get back with me.

24 Every time I went to Abshire, he just blew me

25 off and he just -- like he didn't have time to

```
 1   talk to me about the position or wasn't
 2   interested in me getting the position.
 3        Q.    And so was that position filled, to
 4   your knowledge?
 5        A.    Yeah, I think.  If I'm not mistaken,
 6   they filled that with an outside guy too, a
 7   white guy.
 8        Q.    Do you know his name?
 9        A.    No, ma'am.
10        Q.    Do you know anything about his
11   background?
12        A.    No.  I know a lot of guys that was
13   out there that wasn't certified at all, and they
14   were -- they were getting top pay.  And I
15   actually knew more than them.  They would
16   actually come up to me and ask me what they
17   needed.
18        Q.    Do you recall any of their names?
19        A.    One -- one guy last name was --
20   first name was Oliver.
21        Q.    Oliver?
22        A.    Yeah.  That's all I can remember,
23   his name was Oliver.
24        Q.    And he was a boilermaker?
25        A.    Yes.
```

1      Q.    He was white?

2      A.    Yes.

3      Q.    And he was working under Abshire?

4      A.    Yes.  He was working under -- he was

5  working under Abshire but under another foreman.

6  Abshire was the site supervisor.

7      Q.    Okay.  Any other positions that you

8  applied for?

9      A.    No.  Just the boilermaker and the

10 safety position that I applied for.

11     Q.    And other than talking to Abshire

12 about those positions, was there anybody else at

13 the site that you talked to about trying to move

14 into those positions?

15     A.    Yes.  It was actually the

16 boilermaker foreman.  His last name was

17 Sullivan.  I don't know -- I think it's -- I

18 want to say Wayne Sullivan or Wade Sullivan.  I

19 know his last name was Sullivan.

20     Q.    Okay.

21     A.    Because his son worked out there as

22 a boilermaker, and his name was Michael

23 Sullivan.  So --

24     Q.    What race was Mr. Sullivan?

25     A.    White.

1    Q.    And what was his response to you
2   when you inquired about these other positions?
3    A.    That they wasn't going to hire
4   anybody else in those positions, you know.  If
5   they do, he'll consider -- he'll talk to
6   Abshire, but he never did, because, honestly, he
7   was racist.
8    Q.    What made you think he was racist?
9    A.    He said all the time he didn't like
10  black people.
11   Q.    He said that to you?
12   A.    He said it, that he didn't like
13  black people.  He straight up told me he don't
14  like black people.
15   Q.    He said that to your face?
16   A.    Yes.
17   Q.    When did --
18   A.    He -- he made several racial
19  comments that I could have just bust him in the
20  mouth and lose my job, but I didn't.  I don't
21  think it would have been real professional.  I
22  need to take care of my family.  I just humbled
23  myself down and tried to handle it another way,
24  report it to my foreman, the supervisor.
25   Q.    When did he tell you that he didn't

1  like black people?

2      A.     He said it several times.  He told

3  me that when I asked him about the boilermaker

4  position.  And also he made the comment in the

5  smoking area one day.

6      Q.     Was there anybody else around when

7  he made that comment to you?

8      A.     Oh, they had several guys in the

9  smoking pens.

10     Q.     Do you remember anybody's name that

11 was in that area?

12     A.     I know the Oliver guy was in there

13 and a guy by the name of Dayton.

14     Q.     That's his last name?

15     A.     No.  That's his first name,

16 D-A-Y-T-O-N, Dayton.

17     Q.     And did you report Sullivan's

18 comment, I think you said?

19     A.     Yeah.  I reported it to Abshire.  I

20 told Abshire and I told Kennerson.  I went to

21 Abshire first, because he's the guy that run the

22 job.  He's over my lead man.

23     Q.     What was Abshire's response to you?

24     A.     That he was going to have a talk

25 with him and he'll get back with me.  And he

1    Q.    So tell me about that conversation.
2  What did he say to you?
3    A.    He just said, "You abandoned the
4  job."  And I told him, I said, "Well, I called
5  you and called him."  And it was like he didn't
6  want to hear it.  And like I said, it was -- I
7  hate to keep saying it, but I have to say it.
8  They real racist.  So I felt like it was racial
9  against me, because he didn't want to hear no
10  explanation or anything.  I got my doctor's --
11  if you tell me to bring you a doctor's excuse,
12  there's the doctor's excuse.  You know, that's
13  why I been off, and I called you.  I mean, what
14  more do you want me to do?
15    Q.    Did you give that to him?
16    A.    Yes, I did give it to him.
17    Q.    And did he take it?
18    A.    He made a copy of it.
19    Q.    Did you talk to anybody in HR about
20  it?
21    A.    I didn't talk to anyone in HR about
22  it.
23    Q.    Let me show you a document and see
24  if you've ever seen this document before.  I'll
25  mark it as Exhibit No. 6.

1               When Abshire met with you, were you

2    presented with a separation notice?

3         A.    No, ma'am.  This my first time

4    seeing this document.

5         Q.    And so under the Explanation, it

6    says:  Resigned, abandoned employment, has not

7    worked since 10/14/11.  Failed to keep foreman

8    informed of absence.

9               Is that essentially what Mr. Abshire

10   told you that day?

11        A.    No.  He more or less said abandoned.

12   But like I said, I never -- this is my first

13   time ever seeing this document.  Because I'm

14   going to be honest with you, and then I'm

15   looking at this Performance Evaluation, if all

16   of this good --

17        Q.    Right.

18        A.    -- what would make you think that I

19   abandoned the job?  I don't -- you know, it's

20   kind of conflicting, conflicting of interest, of

21   what I can see.

22        Q.    So he rated you "good" in your

23   performance, right?

24        A.    Yes.  But I abandoned the job?  If

25   you perform good, you're going to have good

1   said, the name on Exhibit 2, Monique, I vaguely
2   remember her name.
3        Q.    And when you would go to the office,
4   do you recall, in particular, if you spoke to
5   anybody?
6        A.    I spoke to the recruiter,
7   receptionist, and they would say they're not
8   doing any hiring.
9        Q.    Do you remember anybody's name in
10  particular that you spoke to?
11       A.    I know I talked to Monique on a
12  couple of occasions.  But they always had
13  somebody different.  Like if Monique wasn't
14  there, they would have someone else filling in
15  for her.  It was always a woman that I talked
16  to.
17       Q.    Did you ever file a discrimination
18  complaint with the Equal Employment Opportunity
19  Commission regarding your employment at Shaw?
20       A.    No, ma'am.
21       Q.    Did you ever file a Charge of
22  Discrimination with the Equal Employment
23  Opportunity Commission with respect to any other
24  employer that you worked for?
25       A.    No, ma'am.

1      Q.      No?

2      A.      (Shakes head negatively).

3      Q.      What was the next job you had after

4  you left the Goodyear site?

5      A.      I want to say with -- I want to say

6  maybe Austin Industrial.

7      Q.      So you went back to Austin

8  Industrial?

9      A.      I went -- I worked for several

10  different little small industrial companies.  I

11  want to say Austin, KBR.  Austin and KBR.

12      Q.      How long after you left the Shaw

13  site did you find other work?

14      A.      I would say maybe -- I would say

15  maybe a month later.  Say about a month later.

16      Q.      It looks like some information that

17  was provided to us in discovery by your

18  attorneys indicates that you may have worked for

19  Richard Construction?

20      A.      Yeah.  RCI, yeah.

21      Q.      Okay.  RCI.  So would that have been

22  the first job you had after you left Shaw?

23      A.      It could have been.  It may well

24  could have been.  I remember that, Richard.  I

25  would say Austin -- I'm going to say Austin -- I

1   now.
2        Q.    Who would you identify as being
3   potential witnesses for you for the claims that
4   you have in this case?
5        A.    I would say some of the guys that I
6   worked with.  I mean, I would say Mayfield, that
7   Mayfield guy, the Royce guy.  I really didn't
8   too much talk to the other guys.  Out of -- you
9   know, you would say out of 50 guys, you would at
10  least have five, but more or less tried to stay
11  to myself.  But it's hard to stay to yourself
12  when you got a lot of things going on in the
13  workplace.
14       Q.    And do you know anything about the
15  claims of any of the other plaintiffs in the
16  case?  For example, Frances Moore?
17       MS. SCOTT:
18            Objection.  Form.
19       A.    No.
20  EXAMINATION BY MS. KEENAN:
21       Q.    Do you know anything or could you be
22  a witness for any of these other plaintiffs?
23  Derek Davis?
24       MS. SCOTT:
25            Objection.  Form.

1   A. Not that I --

2 EXAMINATION BY MS. KEENAN:

3   Q. Do you even know them?

4  MS. SCOTT:

5    Objection. Form.

6   A. I can't recall none of the names.

7 EXAMINATION BY MS. KEENAN:

8   Q. I mean, would you be able to be a

9 witness for any of them in connection with any

10 of their claims?

11  MS. SCOTT:

12    Objection. Form.

13   A. No.

14 EXAMINATION BY MS. KEENAN:

15   Q. Are there any other ways that you

16 feel like you've been discriminated against that

17 we haven't talked about today?

18  MS. SCOTT:

19    Objection. Form.

20   A. No.

21 EXAMINATION BY MS. KEENAN:

22   Q. Any other facts pertaining to your

23 claims in this lawsuit that we haven't discussed

24 about today?

25  MS. SCOTT:

# WITNESS' CERTIFICATE

I have read or have had the foregoing testimony read to me and hereby certify that it is a true and correct transcription of my testimony, with the exception of any attached corrections or changes.



_____

TERENCE R. JAMES



TONI KUHN
MY COMMISSION EXPIRES
January 31, 2019

# Errata Sheet

| PAGE | LINE | CHANGE | REASON |
|------|------|--------|--------|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |

```
 1              REPORTER'S CERTIFICATE
 2       I, Lisa Bode, Certified Court Reporter in
 3  and for the State of Louisiana, as the officer
 4  before whom this testimony was taken, do hereby
 5  certify that TERENCE R. JAMES, after having been
 6  duly sworn by me upon authority of R.S. 37:2554,
 7  did testify as hereinbefore set forth in the
 8  foregoing 115 pages; that this testimony was
 9  reported by me in the stenotype reporting
10  method, was prepared and transcribed by me or
11  under my personal direction and supervision, and
12  is a true and correct transcript to the best of
13  my ability and understanding; that the
14  transcript has been prepared in compliance with
15  transcript format guidelines required by statute
16  or by rules of the board, that I have acted in
17  compliance with the prohibition on contractual
18  relationships, as defined by Louisiana Code of
19  Civil Procedure Article 1434 and in rules and
20  advisory opinions of the board; that I am not
21  related to counsel or to the parties herein, nor
22  am I otherwise interested in the outcome of this
23  matter.
24                          Lisa Bode, CCR (#88002)
25
```

## The Shaw Group Inc.



*Saluted*
*8/25/10*

### Employee Referral

| Date: | Jobsite: | Job #: | Jobsite Phone: |
|---|---|---|---|
| August 11, 2010 | 3300 Bayou Dinde Road Westlake, LA 70669 | 128838 | 3378827195 |

| Name: | Employee ID: *1254354* | | SSN: |
|---|---|---|---|
| Terence James | | | ▬▬▬▬ |

| Phone: | Alt. Phone: |
|---|---|
| ▬▬▬▬ | |

| Supervisor: Corlyn Maddox | Start Date: August 23, 2010 | Start Time: 5 pm first day then 6 pm |
|---|---|---|

| Craft: Industrial Boilermaker | Code: Industrial Pipefitter Journeyman | Pay Rate: $23 00 |
|---|---|---|

**Please report to Gate #:** east

**Attend Orientation at:**
on site 8-11-10

**Requirements for Plant Entry:**
clean shaven, hard hat, steel toe boots, clear safety glasses

**Additional Instructions:**
5 pm first day, 13's outage

**Requisition #:** MANT7121 -

Recruiter. Monique S Durio - 3376267429
Date:
August 11, 2010

Signature:

---

**EXHIBIT**

tabbies

**2**

☐ E-MAILED

Moore et al. v. Shaw 000585

# SEPARATION NOTICE ALLEGING DISQUALIFICATION

1. NAME __TERENCE JAMES__                    2. SS NO. ▆▆▆▆▆▆▆

3. SEPARATION DATE __8-28-10__    4. DATE HIRED __08/23/2010__    5. DATE LAST WORKED __8-28__

PLEASE PROVIDE DETAILED EXPLANATION for item checked below. Should this individual file a claim for unemployment insurance benefits complete facts will enable this agency to make an equitable decision.

6. REASON FOR LEAVING

| | |
|---|---|
| 01 | Voluntary Leaving (Quit) |
| 02 | Discharge, (Fired) |
| 03 | Lack of Work (R.I.F.) |
| 04 | Leave of Absence |
| 05 | Not Physically Able to Work |
| 06 | School Employee Contract |
| 07 | Refused Other Suitable Work |
| 08 | Labor Dispute |
| 09 | Retirement, Pension |
| 10 | Other |

**Microfilm Reference Number**

**DO NOT WRITE IN THIS SPACE**

7. VACATION/SEVERANCE/DISMISSAL BONUS/HOLIDAY PAY INFORMATION. The employee received or will receive:
( ) Vacation           $ _____ _____ week(s) _____
( ) Severance/Dismissal $ _____ _____ week(s) _____
( ) Bonus              $ _____ _____ week pd _____
( ) Holiday Pay        $ _____ _____ week(s) _____

Rate of Pay $ _____ per hour
or
per week
or
per month      _/254354_

EXPLANATION: _R I_

I certify that the worker whose name and social security number appear above has been separated from work and that the above information is true and correct. I further certify that the individual named above has been handed or mailed a copy of this notice.

8. __SHAW MAINTENANCE__           9. __337-626-7411__           10. __3844377__
   Employer Name                     Phone-Area Code & No.          Employer Acct. No.

11. __4809 E NAPOLEON__           __SULPHUR    LA__           12. __70663__
    Address          Street/Box      City       State          Zip Code

13. _Jack Mason_ (Signature)      14. __SITE MANAGER__           15. __9-9-2010__
                                       Title                          Date

**FILL OUT IN TRIPLICATE.** MAIL ORIGINAL TO - Administrator, Louisiana Department of Labor, Post Office Box 94094, Baton Rouge, LA 70804-9094, WITHIN 72 HOURS after separation. Give the employee copy to the worker within 72 hours and retain the employer copy for you files. You may re-order this LDOL 77 form by telephone: (225) 342-0110 or (225) 342-2811.

Failure to submit this notice withi[n] ... [fo]rfeit your right to appeal. It must be submitted within 72 hours the worker's sep ... LDOL 77 form is available on our website:



EXHIBIT
4

Moore et al. v. Shaw 000620

# The Shaw Group Inc.

| Date: | Jobsite: | Job #: | Jobsite Phone: |
|---|---|---|---|
| June 07, 2011 | 11357 IH 10 Beaumount, TX 77713 | 140998 | 409 794 5711 |

| Name: | Employee ID: | SSN: |
|---|---|---|
| Terence James | 254354 | ▬▬▬ |

| Phone: | Alt. Phone: |
|---|---|
| ▬▬▬ | |

| Supervisor: Gerald J Morrow | Start Date: | Start Time: |
|---|---|---|
| *CP Abshire* | June 08, 2011 | 6:30 am |

| Craft: Industrial Laborer | Code: Industrial Laborer Helper | Pay Rate: |
|---|---|---|
| | | $16 00 |

**Please report to Gate #:** main

**Attend Orientation at:**
ISTC 6-7-11

**Requirements for Plant Entry:**
clean shaven, nomex, hard hat, safety glasses, steel toe boots

**Additional Instructions:**
bring referral to jobsite

**Requisition #:** PPSV15744 -

Recruiter: Monique S Duno - 3376267429
**Date:**
June 07, 2011

Signature: _____

**EXHIBIT**

**S**

Moore et al. v. Shaw 000591

# EMPLOYMENT SEPARATION NOTICE

Project Name & Location *Good Year - Beaumont* Emp. JDE #: *125 4354*

Employee Name *Terrence James* SS No. ▮▮▮▮▮▮▮▮

Recent: 6-8-11
Date Hired: *8-23-10* Last Day Worked: _____ Separation Date: *10-31-11*

Eligible for Rehire: ☒Yes No☐ Vacation Time Owed: _____ Hours Or ☐ N/A   COBRA Package: ☒ Yes ☐ N/A

For Final Check/Payroll:
Straight Time : _____ Over Time: _____ For WE: _____

## Address you want benefit continuation information mailed to:

Street Address _____

City _____ State _____ Zip _____

## Reason For Termination:

Voluntary ✓ _____ Reduction-In-Force _____ Involuntary _____
(*Must include details below*)

Explanation/Comments: *RB - Resign Abandon Employment*
*Has not Worked Since 10-14-11 - Failed to*
*Keep foreman informed of Absence.*

## Performance Evaluation

| | Excellent | Good | Fair | Poor |
|---|---|---|---|---|
| Job Knowledge & Skill | ☐ | ☒ | ☐ | ☐ |
| Dependability | ☐ | ☒ | ☐ | ☐ |
| Safety Commitment | ☐ | ☒ | ☐ | ☐ |

Superintendent Signature
*C.P.___*                    Date *10-31-11*

Site Manager Signature
*Randy Win___*               Date *10-31-11*

Human Resources Signature    Date

I agree the reason noted is the reason
reason for termination of my employment.

Employee Signature _____ Date _____

**EXHIBIT 6**

Copies:    Human Resources    Employee    Payroll

Please give TWC this information:
Shaw Maintenance, Inc. Attn: Benefits Service Center    4171 Essen Lane    Baton Rouge, LA 70809
Fax 225.987.7355

Moore et al. v. Shaw 000622

**FRANCIS MOORE, DEREK**
**DAVIS, PHILLIP HENTZ,**
**CHARLES HOLMES,**
**TERRENCE JAMES, ROY**
**JOHNSON, SHAWN KEITH,**
**CARLOS NEAL, MARCUS**
**RICHARDSON, BYRON RICKS,**
**BEOWULF SNELL, and PANDRA**
**VAUGHN**

**CIVIL ACTION NO: 3:12-CV-757(JWD)(RLB)**

**JUDGE deGRAVELLES**

*Plaintiffs,*

**MAGISTRATE JUDGE BOURGEOIS**

v.

**THE SHAW GROUP, INC.**

*Defendant.*

## DECLARATION OF OLAN BOND

Pursuant to 28 U.S.C. § 1746, I, OLAN BOND, hereby state that the following is true and correct to the best of my knowledge:

1. My name is Olan Bond. I am currently employed by CB&I as a Construction Manager in Westwego, Louisiana. Previously, I held the position of Site Manager at the John W. Turk Jr. Power Plant located in Fulton, Arkansas. I served as the Site Manager from October 5, 2009 to March 28, 2013.

2. I am competent to testify to all of the facts stated in this Declaration either through personal knowledge or my review of records kept in the ordinary course of business. All exhibits to this Declaration were made at or near the time of the events or conditions by or from information transmitted by a person with knowledge. All exhibits to this Declaration are kept in the course of a regularly conducted business activity. It is the

**Exhibit**

**2**

regular practice of Shaw to make and maintain the records attached to this Declaration as exhibits.

**Background About Shaw Constructors, Inc.**

3.  Shaw provides, among other things, engineering and construction-related services at power plants located throughout the country.

4.  During the period from 2007 through March 28, 2013, Shaw provided construction-related services to a coal-generated power plant owned and operated by American Electric Power Company located in Fulton, Arkansas. The site was called the John W. Turk Jr. Power Plant and was referred to as the "Turk site."

5.  As part of its construction services, Shaw hired and utilized various construction craft workers including, pipefitters, welders, millwrights, industrial heat stress technicians, helpers and general laborers at the Turk site.

6.  In addition to the craft workers, Shaw also had non-craft employees working at the site in various capacities such as safety and human resources.

7.  At its peak, Shaw directly employed approximately 800 employees at the Turk site.

**The Hiring Process**

8.  Upon hire, every Shaw craft worker was assigned a classification or "step" which corresponded to a specific wage rate that had been predetermined on a Craft Wage Schedule. The classifications were based on a variety of factors, including years of experience and quality of work in the respective craft. For example, a worker who was classified as a "Step A" craft worker (whether a pipefitter, welder, millwright, industrial heat stress technician, or laborer) was generally someone with 0-6 months of experience and was paid the lowest wage rate for his craft. A worker who was classified as a "Step

2

B" was generally someone with 6-12 months of experience and was paid the next established wage rate. A "Step C" worker generally had 12-18 months of experience; a "Step D" worker generally had 18-24 months of experience; a Step E workers generally had 24-30 months of experience; a "Step F2" generally had 30-36 months of experience; and "Step H2" was a journeyman. (A true and correct copy of the Craft Wage Schedule in effect at the Turk site is attached hereto as Exhibit A.)

9.   In addition to corresponding to a specific wage rate and experience level, each "Step" correlates to a certain level of responsibility, increasing with each ascending order of "Step" a craft worker may be assigned.

10.  Once employed, workers can also receive pay increases. For the most part, all craft employees, including helpers, were evaluated for job step increases based on six month increments of time.

11.  The recruiter was responsible for making the hiring decisions and assigning each worker to a classification at the time of hire.

12.  Each craft worker was assigned to a crew. The crew members generally reported to a Foreman. Some crews also had a Lead Man, who acted as a Foreman when the Foreman was absent. The Foreman reported to a General Foreman who, in turn, reported to a Superintendent. The Superintendents generally reported to the General Superintendent, also known as the Construction Manager. The Construction Manager reported to the Site Manager.

13.  The Foreman of the crews were generally selected by the General Foreman and the Superintendent. Foreman were selected from the members of the crew based on individual performance, leadership skills, punctuality, and organization. The General

3

Foreman would often ask members of the crew if they were interested in taking on more responsibility and moving into the Foreman role. If so, the General Foreman would look for opportunities to move those individuals into a Lead Man role or Foreman role when possible. Crew members were also encouraged to let their supervision know if they had a desire to move into a Foreman position so that they could be considered for supervisory opportunities.

14.     On a crew, the Pipefitter Helper has a variety of duties. Generally, the Pipefitter Helper studies the work of the Pipefitter Journeyman to learn the skills of the craft. He or she will sometimes assist the Journeyman by holding the tools or materials for the Pipefitter Journeyman and may clean the work area and/or the tools. Helpers also were assigned to work in a variety of other positions as needed, including serving as a "firewatch" while welding was performed, cleaning the work area, aiding other trades and crews and any other tasks as assigned.

15.     Work at the Turk location necessitated employees working in adverse environmental conditions, including heat, cold, and rain. Employees of all races worked in adverse conditions.

16.     During the time that I served as the Site Manager for the Turk Site, Terry McQuary was the Construction Manager and General Superintendent.

**Reductions-In-Force**

17.     The number of craft employees that Shaw hired at the Turk site was wholly dependent on the site's needs at the time and the particular phase of the construction project. Thus, the craft jobs at Shaw were temporary in nature so long as Shaw had a need for the work.

4

18. With input from AEP, the Superintendents and the Construction Manager, I was responsible for determining how many employees were needed to meet the needs of the project. Those numbers would indicate how many employees would need to be hired at any given time in a particular craft. The numbers would also indicate how many employees would need to be laid off in a particular craft due to a decline in the need for that particular skill at the time.

19. Once we determined how many employees needed to be laid off at a particular time, I would communicate that number to the Superintendents. The Superintendents were then responsible for compiling a list of employees to be laid off to meet that number.

20. In order to determine which employees to include on the lay-off list, the Superintendents would look at the latest quarterly evaluations that had been performed on their respective crews. The evaluations rated employees on safety, absenteeism, and quality of work. The employees with the lowest evaluations were selected for the lay-off list. The lists were then compiled and reviewed by the site Human Resources Manager. After the lists were compiled by the site Human Resources Manager, the lists were then reviewed by the corporate office. After the lists were reviewed and approved by site HR and corporate, the lists would be sent back to me or Terry McQuary for final approval. I would not sign a termination list until I was sure it had gone through all of these channels. Depending on the size of the lay-off, the approval process could take as long as two weeks.

## Shaw's Efforts To Prevent Discrimination and Harassment in the Workplace

21. At all relevant times, Shaw had a policy prohibiting discrimination, harassment and retaliation in the workplace. Copies of the policies are provided to employees at the time of hire. The policy is also posted on the bulletin board at the job site.

22. Shaw policy also prohibits retaliation for making complaints of discrimination or harassment.

23. Shaw also has an Open Door policy which allows employees to report any concern, including complaints of harassment or discrimination, to any level of management at anytime.

24. Shaw also provides a toll-free phone number, called the "Speak Up Line," which allows employees to report discrimination or harassment. The toll-free number is included as part of the handbook, the orientation packet, and is posted throughout the jobsite itself.

25. Shaw also maintained an on-site Human Resources office which was staffed with a Human Resources Manager and other Human Resources personnel. There was also an Employee Relations representative assigned to the site.

26. Shaw also provides training to supervisory personnel, including foreman, on issues relating to harassment and discrimination.

27. Additionally, Shaw held regular "all hands" meetings where Site management routinely reinforced the harassment and discrimination policies and encouraged employees to use the Speak-Up Line.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18TH day of August, 2015.

_____

OLAN BOND

A. – 0 – 6 Months experience
B. – 6 – 12 months exp.
C. 12 – 18 Months exp.
D. 18 – 24 months Exp.
E – 24 – 30 Months Exp.
FZ – 30 – 36 months exp.
HZ – Journeyman

A B C D E FZ HZ
A B C D E HZ

## CRAFT WAGE SCHEDULE
### Effective 12/19-6/06
### AEPTURK PROJECT, BENTON, ARKANSAS, Project Number 7238050180

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Utility Worker/Laborer | 11.00 | 12.00 | 13.00 | | | | |
| Insulator | 11.00 | 12.10 | 13.20 | 15.40 | 17.60 | 19.80 | 22.00 |
| Painter | 11.00 | 12.10 | 13.20 | 15.40 | 17.60 | 19.80 | 22.00 |
| Scaffold Builder | 11.00 | 12.10 | 13.20 | 15.40 | 17.60 | 19.80 | 22.00 |
| Boilermaker | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Carpenter | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Cement Finisher | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Electrician | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Equipment Mechanic | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Instrument Fitter | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Ironworker | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Millwright | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Pipe fitter | 12.00 | 13.20 | 14.40 | 16.80 | 13.20 | 21.60 | 24.00 |
| Rigger | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Rod buster | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Survey: Rodperson/Chainperson | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | |
| Warehouse Worker | 12.00 | 13.20 | 14.40 | 16.80 | 19.20 | 21.60 | 24.00 |
| Structural Welder | | | | | | | 24.00 |
| Combination Welder | | | | | | | 26.50 |
| Orbital Welder | | | | | | | 26.50 |
| Tube Welder | | | | | | | 26.50 |
| Survey: Instrument person | | | | | Range from - to | 24.00 | 28.00 |
| Survey: Party Chief | | | | | Range from - to | 26.00 | 28.00 |
| Labor Foreperson | | | | | | | 25.00 |
| Labor Gen.Foreperson | | | | | | | 26.00 |
| Operator Light-Truck Driver-Bus Driver | Definitions Below | | | | | | 21.60 |
| Operator Medium | Definitions Below | | | | | | 24.00 |
| Operator Heavy | Definitions Below | | | | | | 26.00 |
| E & I Technician | | | | | Range from - to | 24.00 | 29.00 |

Light Equipment: compactor, farm tractor, street sweeper, water truck, other trucks, rollers, Skidsteer Bobcat, small forklift, man lift.

Medium Equipment: Grader, Scraper, Dozer, Trackhoe, Backhoe, Ft. End Loader, Batch Plant, Tandem Dump Truck, Tri-Axle Truck, Boom Truck, large forklift - rough terrain, aerial lifts, cranes to 50 tons

Heavy Equipment: Cranes above 60 tons

| | | | |
|---|---|---|---|
| Per Diem - $65.00 a day outside a 50 mile radius of project site. | | ***Lead person | $1.00/hr. above Journey-level |
| Per Diem is paid for days worked. | | ***Foreperson | $1.00/hr. above Lead person |
| Level 3 Helper and above who meet eligibility criteria receive Per Diem. | | ***General Foreperson | $2.00/hr. above Foreperson |

Laborer attaining the 18-24 month level may receive merit pay increase not to exceed 10% after 12 months at the 18-24 month level.

***$.75/hr. pay incentive for helper level employees actively participating in on site formal craft skills training program upon Site Manager approval.

***Additional $1.00 per hour night shift pay incentive.

***NCCCO Certified $1.00/hr. above Journey-level and above wage rate.

***NCCER Cert. Plus $1.00/hr. above Journey-level and above rate (written & performance based).

***Site Specific Craft Certification $1.00/hr. above Journey-level and above rate (written and performance based).

***Employee may obtain either NCCER Cert. Plus Pay Incentive or Site Specific Craft Certification Pay Incentive, but not both.

| APPROVED: | Printed Name | Signature | Date | |
|---|---|---|---|---|
| HR Manager | Donald Squier | Donald Squier | 5/4/2009 | |
| Site Manager | Otis Comfort | Otis Comfort | 5/52/2009 | Via Email |
| Manager of Projects | Bill Cole | Bill Cole | 5/15/2009 | Via Email |
| Craft Recruiting Director | Terrence Mason | Terrence Mason | 5/4/2009 | |
| Vice President - Manager of Projects | Michael Donmoyer | Michael Donmoyer | 5/15/2009 | Via Email |
| President | Monty Glover | Monty Glover | 5/15/2009 | Via Email |

EXHIBIT
A

tabbies

Moore et al.

FRANCIS MOORE, DEREK
DAVIS, PHILLIP HENTZ,
CHARLES HOLMES,
TERRENCE JAMES, ROY
JOHNSON, SHAWN KEITH,
CARLOS NEAL, MARCUS
RICHARDSON, BYRON RICKS,
BEOWULF SNELL, and PANDRA
VAUGHN

      *Plaintiffs*,

v.

THE SHAW GROUP, INC.

      *Defendant.*

CIVIL ACTION NO: 3:12-CV-757(JWD)(RLB)


JUDGE deGRAVELLES


MAGISTRATE JUDGE BOURGEOIS

## DECLARATION OF THOMAS ROOSA

Pursuant to 28 U.S.C. § 1746, I, THOMAS ROOSA, hereby state that the following is true and correct to the best of my knowledge:

1.      My name is Thomas Roosa. I am competent to testify to all of the facts stated in this Declaration either through personal knowledge or my review of records kept in the ordinary course of business. All exhibits to this Declaration were made at or near the time of the events or conditions by or from information transmitted by a person with knowledge. All exhibits to this Declaration are kept in the course of a regularly conducted business activity. It is the regular practice of Shaw to make and maintain the records attached to this Declaration as exhibits.

2.      During the time period 2011 through 2013, I held the position of Director of Human Resources for Shaw Constructors, Inc. In my capacity as Director of Human Resources, I had oversight of the Shaw Constructors, Inc. Human Resources Department working at the

Exhibit

3

John W. Turk, Jr. Power Plant located in Fulton, Arkansas ("the Turk site"). In my position as Human Resources Director, I performed a variety of human resources functions for Shaw, including the review and maintenance of personnel information. As such, I am familiar with Shaw's personnel data, and am competent to testify as to the contents of these business records.

3.       Shaw Constructors, Inc. provides engineering and construction-related services to power plants around the country. Shaw Constructors, Inc.'s corporate office is located in Charlotte, North Carolina.

4.       In approximately 2007, Shaw Constructors, Inc. entered into a contract with American Electric Power Company to provide construction-related and engineering services at the Turk site.

**Pandra Vaughn**

5.       In my role as Director of Human Resources, I was aware that Pandra Vaughn filed a Charge of Discrimination with the Equal Employment Opportunity Commission asserting a claim of race discrimination against Shaw. In his Charge, Mr. Vaughn alleged that he was terminated because of his race. Michael Croall was assigned to investigate Mr. Vaughn's allegations.

6.       I have had an opportunity to review the personnel records from Pandra Vaughn and I have determined that Mr. Vaughn was terminated for violating the Turk site's policy prohibiting the use of cell phones on the work site. (A true and correct copy of Mr. Vaughn's September 8, 2011 Separation Notice is attached hereto as Exhibit A.)

7.       As part of his investigation, Mr. Croall reviewed company records and determined that there were ten other individuals that were terminated for violating the cell phone policy at the Turk site from February 2011 through October 2011. Five of the

individuals that were terminated were white; three were black; and two were Hispanic. (A true and correct copy of the list of individuals terminated for violating the cell phone policy from February 2011 through October 2011 is attached hereto as Exhibit B.)

8.      As part of his Charge of Discrimination, Mr. Vaughn alleged that he was denied a pay increase because of his race. Mr. Croall also investigated these allegations.

9.      I have had an opportunity to review the payroll records for Pandra Vaughn and I have determined that Mr. Vaughn was earning $24.00/hour upon hire in May 2011. With the pay period ending August 12, 2011, Mr. Vaughn was earning $25.00/hour. (A true and correct copy of Mr. Vaughn's Rate Change form is attached hereto as Exhibit C.) This would be consistent with Mr. Vaughn having earned a $1.00/hour pay increase for earning his NCCER Plus certification. (A true and correct copy of Mr. Vaughn's payroll records are attached hereto as Exhibit D.)

10.     As part of his investigation, Mr. Croall reviewed the training records for Pandra Vaughn. According to the training records provided by Danny Johnson, the Training Manager, Mr. Vaughn signed up for and passed the voluntary NCCER written test on June 16, 2011. Mr. Vaughn then took and passed the "hands on" portion of the NCCER test on July 28, 2011. (A true and correct copy of a memo to Mike Croall from Danny Johnson is attached hereto as Exhibit E.)

**Byron Ricks**

11.     In my role as Director of Human Resources, I was aware that Byron Ricks filed a Charge of Discrimination with the Equal Employment Opportunity Commission asserting a claim of race discrimination against Shaw. In response to Mr. Ricks' Charge, Shaw conducted an investigation into Mr. Ricks' allegations.

12.     As part of its investigation, Shaw compiled a list of all electricians working at the Turk site through May of 2012, including data relating to each individual's race and crew code. (A true and correct copy of the list of electricians is attached hereto as Exhibit F.)  As part of its investigation, Shaw also reviewed company records and compiled a list of electricians that had been disciplined for tardiness during the period January 2012 through May 2012.   (A true and correct copy of the list of electricians disciplined for tardiness is attached hereto as Exhibit G.)

13.     In my review of personnel records, I have determined that Mr. Ricks was terminated from the Turk site on June 8, 2012 as part of a reduction-in-force.  (A true and correct copy of the June 8, 2012 Reduction-In-Force List is attached hereto as Exhibit H.)

**Derek Davis**

14.     In my role as Director of Human Resources, I was aware that Derek Davis filed a Charge of Discrimination with the Equal Employment Opportunity Commission asserting a claim of race discrimination against Shaw.   Jim Lott and Michael Croall investigated Mr. Davis's complaints.

15.     In my review of personnel records, I have determined that Mr. Davis was terminated from the Dominion site located in St. Paul, Virginia on June 29, 2011 as part of a reduction-in-force.  (A true and correct copy of the June 29, 2011 Separation Notice is attached hereto as Exhibit I.)   In his Charge, Mr. Davis alleges that he was terminated because of his race.  Mr. Lott investigated these allegations.  As part of his investigation, Mr. Lott reviewed company records and compiled a list of terminations that occurred over the period of June 28-30, 2011.  Over the three day period, 47 individuals were laid off – 36  White, 6 Hispanic, 4 Asian and 1 African-American (Mr. Davis).  The reduction in force included 4 foremen, 1 general foreman, 1 leadman, 33 journeymen, and 8 helpers.  (A true and correct copy of the list

of individuals that were terminated during the June 2011 reductions-in-force are attached hereto as Exhibit J.)

16. In my review of personnel records, I have determined that Mr. Davis was terminated from the Turk site on October 21, 2011 as part of a reduction-in-force. (A true and correct copy of the October 21, 2011 Separation Notice is attached hereto as Exhibit K.) In his Charge, Mr. Davis alleged that he was terminated in retaliation for reporting an alleged noose to Human Resources. Mr. Croall investigated Mr. Davis' allegations. As part of his investigation, Mr. Croall reviewed company records and compiled a list of other individuals that were terminated during the 2011 through 2012 timeframe. Based on the information gathered, the records indicate that fifteen other employees were terminated during the October 21, 2011 reduction-in-force, fourteen of whom were White and one Hispanic. (A true and correct copy of the 2011-2012 list of individuals terminated as part of a reduction-in-force is attached hereto as Exhibit L.)

**Marcus Richardson**

17. In my review of company records, Marcus Richardson was hired on July 25, 2011 as a Pipefitter Helper and assigned to Crew 248.

18. I have reviewed the employee roster for the Turk site and I have found only one individual whose first name was "Peter." Peter was hired on June 6, 2011 as an Industrial Welder who was assigned to work on Crew T90.

**Beowulf Snell**

19. I have reviewed company records and determined that Beowulf Snell lodged a complaint with the Turk site Human Resources Department regarding a racially derogatory comment made by a co-worker, Charles Trower, which resulted in the termination of Mr.

Trower. There is no record that Beowulf Snell made any other complaints regarding discrimination, harassment, or graffiti at the Turk site.

**Roy Johnson**

20.    I have reviewed company records and determined that Roy Johnson lodged a complaint with Turk Human Resources regarding an alleged noose at the worksite. Company records indicate that Mr. Johnson's complaint was investigated by Ed Wick, then Director of Human Resources, and statements were taken from several employees, including: Sylvestre Guiterriez, Billy Oglesby, David Draper, Cory Phillips, David Montgomery, Greg Qualls. (True and correct copies of the statements of Sylvestre Guiterriez, Billy Oglesby, David Draper, Cory Phillips, David Montgomery, Greg Qualls are attached hereto as Exhibits M through S, respectively.)

21.    To my knowledge, there were no confirmed reports of nooses at the Turk site.

**Charles Holmes**

22.    In have reviewed company records and determined that Charles Holmes worked for Shaw Constructors, Inc. at the Cliffside project in North Carolina from March 1, 2010 through May 11, 2010. According to company records, Mr. Holmes was terminated for job abandonment. (A true and correct copy of the May 13, 2010 Separation Notice for Charles Holmes is attached hereto as Exhibit T.)

**Terrance James**

23.    In my review of company records, I have determined that Terrance James, an individual bearing Employee No. 1254354, was not employed by Shaw Constructors, Inc. The records indicated that James worked for Shaw Maintenance, Inc., which bears Company Code

177. (A true and correct copy of the data entry screen showing the employee data for Terrance James is attached hereto as Exhibit U.)

24. Shaw Maintenance, Inc. is a separate and distinct legal entity from Shaw Constructors, Inc. Shaw Maintenance provides maintenance services to operators of energy generation facilities and other industrial facilities located throughout the country.

25. Shaw Maintenance, Inc. has a separate Human Resources and Recruiting Department that is managed by different personnel. Shaw Constructors, Inc. would not have any control over any employee of Shaw Maintenance, Inc. nor would it have any control or input on the terms or conditions of employment for a Shaw Maintenance employee.

26. In my review of company records, Shaw Constructors, Inc. did not provide employees to the Goodyear Plant in Louisiana nor does Shaw Constructors, Inc. maintain an office in Lake Charles, Louisiana.

**Frances Moore**

27. In my review of company records, I have determined that Frances Moore has not applied for a position with Shaw Constructors since she resigned her employment in 2011.

**Reductions-In-Force**

28. The number of craft employees that Shaw hired at the Turk site was wholly dependent on the site's needs at the time and the particular phase of the construction project. Based on the status of the construction project, Site Management would determine the number of employees that were needed, and the kinds of crafts that were needed to meet the demands and schedule of the project. Those numbers would indicate how many employees would need to be hired at any given time in a particular craft. The numbers would also indicate how many employees would need to be laid off in a particular craft.

29.     Once the Site Manager determined how many employees needed to be laid off at a particular time, he would communicate that number to the Superintendents. The Superintendents were then responsible for compiling a list of employees to be laid off to meet that number.

30.     In order to determine which employees to include on the lay-off list, the Superintendents would look at the latest quarterly evaluations that had been performed on their respective crews. The evaluations rated employees on safety, absenteeism, and quality of work. The employees with the lowest evaluations were selected for the lay-off list. The lists were then compiled and reviewed by the site Human Resources Manager. After the lists were compiled by the site Human Resources Manager, the lists were then reviewed by the corporate Human Resources Director, as well as the Legal Department. After the lists were reviewed and approved by site HR and corporate, the lists would be sent back to the site for final approval by the Site Manager. Depending on the size of the lay-off, the approval process could take as long as two weeks.

31.     Although not consistent with Shaw policy, I am aware that some supervisors have used the more traditional practice of "last in, first out" when selecting employees for the layoff list, or even ask for volunteers when work was winding down. While this is an objectively "fair" practice, Shaw discouraged the use of such practice as it did not always lead to retention of the best employees.

32.     Employees who are terminated as part of a reduction-in-force are eligible to apply to work at any other Shaw site. However, they must apply to a specific open requisition in order to be considered.

33.     When Turk began downsizing, Shaw's other coal-fire plants were also downsizing. Additionally, at the time that Turk was downsizing, there was a nation-wide trend away from constructing new coal-fire facilities. As a result, many of the craft employees that worked at Turk were unable to obtain jobs with other Shaw sites as there were no jobs available at the other coal-fire plants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of August, 2015.

_____
THOMAS ROOSA



# Separation Notice

| Employee Last Name | VAUGHN | First Name | PANDRA |
|---|---|---|---|
| Employee # | 1139346 | Date | 9/8/11 |

| Job Title: | PF JH H2 | | Date Hired: | 5-9-11 |
|---|---|---|---|---|
| Project Name: AEP-Turk | | Date Last Worked: 8/30/11 | Separation Date: 9/8/11 | |

### Reason for Separation - HR Only

| ☐ Reduction of Force (Use Dropdown Menu to Select Reason Code): ___ Pay in lieu of notice ___ Severance | ☐ Resign (Use Dropdown Menu to Select Reason Code): | ☒ Discharged (Use Dropdown Menu to Select Reason Code): DC | ☐ Other (Use Dropdown Menu to Selct Reason Code): |
|---|---|---|---|

**If for other than Reduction of Force, state fully and clearly the circumstances of separation. Attach any supporting documentation and list in justification. HR to Complete.**

VIOLATION OF POLICY - USE OF CELL PHONE DURING WORING HOURS.
VERBAL APPROVAL BY JENNIFER CHRESTMAN 9/8/11

### Approvals

| | Print Name | Signature | Employee No. | Date |
|---|---|---|---|---|
| Originator | | | | |
| Superintendent | Billy Youngblood | Billy Youngblood | 1105020 | |
| Site Manager | Terry McQuary | Terry McQuary | 1124127 | 9.9.11 |
| Employee | PANDRA VAUGHN | NOT AVAILABLE | 1139346 | |
| Human Resources | Tom Kadoc | | 1076886 | 9/8/11 |





0043



3P95

Rev.7. 06/13/2011

Moore et al. v. Shaw 001724

Moore et al. v. Shaw 002950

| Employee Number | Employee Name | Status | Term Date | Term Code | Termination Reason | Job Title | Job Title Description | Company | Job Location City/State | Job Location | Ethnic Code | Ethnic Code Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1136698 | Barnard, Gary W. | Termination | 02/24/11 | DC | Discharge-Violation of Policy | Industrial Pipefitter | Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 01 | White (Not of Hispanic Origin) |
| 1271508 | Henry II, James | Termination | 05/23/11 | DJ | Discharge-Misconduct | Industrial Pipefitter | Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 01 | White (Not of Hispanic Origin) |
| 1269237 | Lancon, Martin | Termination | 07/11/11 | DC | Discharge-Violation of Policy | Industrial Pipefitter | Certified Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 01 | White (Not of Hispanic Origin) |
| 1002341 | Zepeda, Gerardo | Termination | 07/29/11 | DC | Discharge-Violation of Policy | Industrial Pipefitter | Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 03 | Hispanic or Latino |
| 1264470 | Ramirez, Jaime | Termination | 08/09/11 | DC | Discharge-Violation of Policy | Industrial Electrician | Foreman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 03 | Hispanic or Latino |
| 1062137 | Frederick, Demoris O. | Termination | 08/26/11 | DC | Discharge-Violation of Policy | Industrial Heat Stress Tech | Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 02 | Black or African American |
| 1266888 | Cook, Thomas | Termination | 08/30/11 | DC | Discharge-Violation of Policy | Industrial Electrician | Certified Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 01 | White (Not of Hispanic Origin) |
| 1139346 | Vaughn, Pandra D. | Termination | 08/30/11 | DC | Discharge-Violation of Policy | Industrial Pipefitter | Certified Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 02 | Black or African American |
| 1258589 | Gaines, Imari | Termination | 3/4/2011 | DC | Discharge-Violation of Policy | Industrial Welder | Combination X-Ray | Shaw Constructors, Inc | Fulton, AR | Turk Project | 02 | Black or African American |
| 1112872 | Stanley, Chad | Termination | 10/18/2011 | DC | Discharge-Violation of Policy | Industrial Pipefitter | Certified Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 01 | White (Not of Hispanic |
| 1277110 | Hatcher, Jessie | Reprimand | | | | Electrician | Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 02 | Black or African |
| 1250863 | Armestead, Howard | Reprimand | | | | Heat Stress Tech | Foreman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 02 | Black or African |
| 1173104 | Rogers, Ryan | Reprimand | | | | Electrician | Journeyman | Shaw Constructors, Inc | Fulton, AR | Turk Project | 02 | Black or African |



EXHIBIT B

 Training & Development

**John W. Turk Jr. Project**

## Rate Change Form

<table>
<tr><td rowspan="9" style="writing-mode: vertical">Instructor Information</td></tr>
<tr><td>Name (*Last, First, MI*):</td><td colspan="2">Vaughn, Pandra</td></tr>
<tr><td>Employee ID #:</td><td colspan="2">1139346</td></tr>
<tr><td>Craft:</td><td colspan="2">Pipefitter</td></tr>
<tr><td>Hire Date:</td><td colspan="2">5/10/11</td></tr>
<tr><td>Effective Date :</td><td colspan="2">8/1/2011</td></tr>
<tr><td>Classification:</td><td colspan="2">☐ Helper ☒ JM ☐ LM ☐ F ☐ GF</td></tr>
<tr><td>Certification:</td><td colspan="2">☒ NCCER Certified Plus ☐ NCCCO ☐ Shaw Site Certification</td></tr>
<tr><td>Incentive Reached:</td><td colspan="2">$ <u>1.00</u> per hour<br>*(amount)*</td></tr>
</table>

**NOTES**

A recommendation is being submitted for the above named employee based on successfully completing an NCACP or Site Certification written assessment and passing a field performance evaluation.

The following signatures represent verification and approval:

| SIGNATURES | | |
|---|---|---|
| Workforce Development: | | Date: |
| *Heather Hay* | | 7/28/11 |
| Site Manager: | | Date: |
| *[signature]* | | 7-28-11 |
| Human Resources: | | Date: |
| *[signature]* | | 7.28.11 |

**Return to Workforce Development when completed.**



EXHIBIT

C

Form: F7

Rev: 7/28/2011

Moore et al. v. Shaw 001719

```
06346                              CB&I                      Page - . . .    1
                             Historical Register            Date - . . . 4/14/14
                                                            From Date. . 01/01/11
                                                            Through Date 12/31/11
```

```
Company - Home .      00187 Shaw Services, L.L.C.
Home Bus. Unit .   164050290 Field Services
```

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|-----------|-------------|--------------|------|---------|-------------|-----------|-----------|-------------|----------------|------------|-----------------|-------------|
| | 1139346 | Vaughn, Pandra D. | | | | | | | | | | |
| 100 D | Regular | 40.00 | 24.000 | 960.00 | 960.00 | 40.00 | ** | Gross Wages | 1,818.00 | 1,818.00 | | |
| 255 D | OT 1.5 | 13.00 | 36.000 | 468.00 | 468.00 | 13.00 | | Federal Tax | 121.70 | 121.70 | 1,428.00 | 1,428.00 |
| 510 D | Per Diem | | | 390.00 | 390.00 | | | Soc.Sec.Tax | 59.98 | 59.98 | 1,428.00 | 1,428.00 |
| | | | | | | | | Medicare Tax | 20.71 | 20.71 | 1,428.00 | 1,428.00 |
| | | | | | | | | AR State Tax | 82.46 | 82.46 | 1,428.00 | 1,428.00 |
| *** | Total: | 53.00 | Gross: | 1,818.00 | 1,818.00 | 53.00 | *** | Total Ded's | 284.85 | 284.85 | | |
| | | | Taxbl: | 1,428.00 | 1,428.00 | | | | | | | |

```
Route: TURKAEP233Ck Cntrl #: 1821890 -    Auto Deposit    Ck # 93727271    ** Net Pay **   1,533.15 Ck Dt 05/20/11    Acct #
```

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|-----------|-------------|--------------|------|---------|-------------|-----------|-----------|-------------|----------------|------------|-----------------|-------------|
| | 1139346 | Vaughn, Pandra D. | | | | | | | | | | |
| 100 D | Regular | 40.00 | 24.000 | 960.00 | 1,920.00 | 80.00 | ** | Gross Wages | 2,315.00 | 4,133.00 | | |
| 255 D | OT 1.5 | 25.00 | 36.000 | 900.00 | 1,368.00 | 38.00 | | Federal Tax | 189.04 | 310.74 | 1,860.00 | 3,288.00 |
| 510 D | Per Diem | | | 455.00 | 845.00 | | | Soc.Sec.Tax | 78.12 | 138.10 | 1,860.00 | 3,288.00 |
| | | | | | | | | Medicare Tax | 26.97 | 47.68 | 1,860.00 | 3,288.00 |
| | | | | | | | | AR State Tax | 112.70 | 195.16 | 1,860.00 | 3,288.00 |
| *** | Total: | 65.00 | Gross: | 2,315.00 | 4,133.00 | 118.00 | *** | Total Ded's | 406.83 | 691.68 | | |
| | | | Taxbl: | 1,860.00 | 3,288.00 | | | | | | | |

```
Route: TURKAEP233Ck Cntrl #: 2516635 -    Auto Deposit    Ck # 93736085    ** Net Pay **   1,908.17 Ck Dt 05/27/11    Acct #
```

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|-----------|-------------|--------------|------|---------|-------------|-----------|-----------|-------------|----------------|------------|-----------------|-------------|
| | 1139346 | Vaughn, Pandra D. | | | | | | | | | | |
| 100 D | Regular | 40.00 | 24.000 | 960.00 | 2,880.00 | 120.00 | ** | Gross Wages | 1,483.00 | 5,616.00 | | |
| 255 D | OT 1.5 | 5.50 | 36.000 | 198.00 | 1,566.00 | 43.50 | | Federal Tax | 81.20 | 391.94 | 1,158.00 | 4,446.00 |
| 510 D | Per Diem | | | 325.00 | 1,170.00 | | | Soc.Sec.Tax | 48.63 | 186.73 | 1,158.00 | 4,446.00 |
| | | | | | | | | Medicare Tax | 16.79 | 64.47 | 1,158.00 | 4,446.00 |
| | | | | | | | | AR State Tax | 63.56 | 258.72 | 1,158.00 | 4,446.00 |
| *** | Total: | 45.50 | Gross: | 1,483.00 | 5,616.00 | 163.50 | *** | Total Ded's | 210.18 | 901.86 | | |
| | | | Taxbl: | 1,158.00 | 4,446.00 | | | | | | | |

```
Route: TURKAEP233Ck Cntrl #: 3174163 -    Auto Deposit    Ck # 93751713    ** Net Pay **   1,272.82 Ck Dt 06/03/11    Acct #
```

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|-----------|-------------|--------------|------|---------|-------------|-----------|-----------|-------------|----------------|------------|-----------------|-------------|
| | 1139346 | Vaughn, Pandra D. | | | | | | | | | | |
| 100 D | Regular | 40.00 | 24.000 | 960.00 | 3,840.00 | 160.00 | ** | Gross Wages | 1,220.00 | 6,836.00 | | |
| 255 D | OT 1.5 | | | | 1,566.00 | 43.50 | | Federal Tax | 51.50 | 443.44 | 960.00 | 5,406.00 |
| 510 D | Per Diem | | | 260.00 | 1,430.00 | | | Soc.Sec.Tax | 40.32 | 227.05 | 960.00 | 5,406.00 |
| | | | | | | | | Medicare Tax | 13.92 | 78.39 | 960.00 | 5,406.00 |
| | | | | | | | | AR State Tax | 49.70 | 308.42 | 960.00 | 5,406.00 |
| *** | Total: | 40.00 | Gross: | 1,220.00 | 6,836.00 | 203.50 | *** | Total Ded's | 155.44 | 1,057.30 | | |
| | | | Taxbl: | 960.00 | 5,406.00 | | | | | | | |

```
Route: TURKAEP233Ck Cntrl #: 3859664 -    Auto Deposit    Ck # 93761079    ** Net Pay **   1,064.56 Ck Dt 06/10/11    Acct #
```

```
        1139346  Vaughn, Pandra D.
```

Moore et al. v. Shaw 002820


EXHIBIT

06346

CB&I
Historical Register

Page - . . . 2
Date - . . . 4/14/14
From Date. . 01/01/11
Through Date 12/31/11

Company - Home .        00187 Shaw Services, L.L.C.
Home Bus. Unit .    164050290 Field Services

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 D Regular | 40.00 | 24.000 | 960.00 | 4,800.00 | 200.00 | ** | Gross Wages | 2,034.00 | 8,870.00 | | |
| 255 D OT 1.5 | 19.00 | 36.000 | 684.00 | 2,250.00 | 62.50 | | Federal Tax | 154.10 | 597.54 | 1,644.00 | 7,050.00 |
| 510 D Per Diem | | | 390.00 | 1,820.00 | | | Soc.Sec.Tax | 69.05 | 296.10 | 1,644.00 | 7,050.00 |
| | | | | | | | Medicare Tax | 23.84 | 102.23 | 1,644.00 | 7,050.00 |
| | | | | | | | AR State Tax | 97.58 | 406.00 | 1,644.00 | 7,050.00 |
| *** Total: | 59.00 | Gross: | 2,034.00 | 8,870.00 | 262.50 | *** | Total Ded's | 344.57 | 1,401.87 | | |
| | | Taxbl: | 1,644.00 | 7,050.00 | | | | | | | |

Route: TURKAEP233Ck Cntrl #:  4500151 -     Auto Deposit     Ck # 93780095     ** Net Pay **   1,689.43  Ck Dt 06/17/11     Acct # █████████

      1139346  Vaughn, Pandra D.

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 D Regular | 40.00 | 24.000 | 960.00 | 5,760.00 | 240.00 | ** | Gross Wages | 1,989.00 | 10,859.00 | | |
| 255 D OT 1.5 | 17.75 | 36.000 | 639.00 | 2,889.00 | 80.25 | | Federal Tax | 147.35 | 744.89 | 1,599.00 | 8,649.00 |
| 510 D Per Diem | | | 390.00 | 2,210.00 | | | Soc.Sec.Tax | 67.16 | 363.26 | 1,599.00 | 8,649.00 |
| | | | | | | | Medicare Tax | 23.18 | 125.41 | 1,599.00 | 8,649.00 |
| | | | | | | | AR State Tax | 92.89 | 498.89 | 1,599.00 | 8,649.00 |
| | | | | | | 4110 | Uniform Ded | 22.00 | 22.00 | | |
| *** Total: | 57.75 | Gross: | 1,989.00 | 10,859.00 | 320.25 | *** | Total Ded's | 352.58 | 1,754.45 | | |
| | | Taxbl: | 1,599.00 | 8,649.00 | | | | | | | |

Route: TURKAEP233Ck Cntrl #:  5280074 -     Auto Deposit     Ck # 93789652     ** Net Pay **   1,636.42  Ck Dt 06/24/11     Acct # █████████

      1139346  Vaughn, Pandra D.

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 D Regular | 40.00 | 24.000 | 960.00 | 6,720.00 | 280.00 | ** | Gross Wages | 2,034.00 | 12,893.00 | | |
| 255 D OT 1.5 | 19.00 | 36.000 | 684.00 | 3,573.00 | 99.25 | | Federal Tax | 154.10 | 898.99 | 1,644.00 | 10,293.00 |
| 510 D Per Diem | | | 390.00 | 2,600.00 | | | Soc.Sec.Tax | 69.05 | 432.31 | 1,644.00 | 10,293.00 |
| | | | | | | | Medicare Tax | 23.84 | 149.25 | 1,644.00 | 10,293.00 |
| | | | | | | | AR State Tax | 96.04 | 594.93 | 1,644.00 | 10,293.00 |
| | | | | | | 4110 | Uniform Ded | | 22.00 | | |
| *** Total: | 59.00 | Gross: | 2,034.00 | 12,893.00 | 379.25 | *** | Total Ded's | 343.03 | 2,097.48 | | |
| | | Taxbl: | 1,644.00 | 10,293.00 | | | | | | | |

Route: TURKAEP233Ck Cntrl #:  5806056 -     Auto Deposit     Ck # 93807921     ** Net Pay **   1,690.97  Ck Dt 07/01/11     Acct # █████████

      1139346  Vaughn, Pandra D.

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 D Regular | 40.00 | 24.000 | 960.00 | 7,680.00 | 320.00 | ** | Gross Wages | 1,483.00 | 14,376.00 | | |
| 255 D OT 1.5 | 5.50 | 36.000 | 198.00 | 3,771.00 | 104.75 | | Federal Tax | 81.20 | 980.19 | 1,158.00 | 11,451.00 |
| 510 D Per Diem | | | 325.00 | 2,925.00 | | | Soc.Sec.Tax | 48.63 | 480.94 | 1,158.00 | 11,451.00 |
| | | | | | | | Medicare Tax | 16.79 | 166.04 | 1,158.00 | 11,451.00 |
| | | | | | | | AR State Tax | 62.02 | 656.95 | 1,158.00 | 11,451.00 |
| | | | | | | 4110 | Uniform Ded | | 22.00 | | |
| *** Total: | 45.50 | Gross: | 1,483.00 | 14,376.00 | 424.75 | *** | Total Ded's | 208.64 | 2,306.12 | | |
| | | Taxbl: | 1,158.00 | 11,451.00 | | | | | | | |

Route: TURKAEP233Ck Cntrl #:  6478904 -     Auto Deposit     Ck # 93813772     ** Net Pay **   1,274.36  Ck Dt 07/08/11     Acct # █████████

      1139346  Vaughn, Pandra D.

Moore et al. v. Shaw 002821

06346

CB&I
Historical Register

Page - . . . 3
Date - . . . 4/14/14
From Date. . 01/01/11
Through Date 12/31/11

Company - Home .     00187 Shaw Services, L.L.C.
Home Bus. Unit .   164050290 Field Services

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|
| 100 D Regular | 40.00 | 24.000 | 960.00 | 8,640.00 | 360.00 | ** Gross Wages | 1,962.00 | 16,338.00 | | |
| 255 D OT 1.5 | 17.00 | 36.000 | 612.00 | 4,383.00 | 121.75 | Federal Tax | 143.30 | 1,123.49 | 1,572.00 | 13,023.00 |
| 510 D Per Diem | | | 390.00 | 3,315.00 | | Soc.Sec.Tax | 66.03 | 546.97 | 1,572.00 | 13,023.00 |
| | | | | | | Medicare Tax | 22.79 | 188.83 | 1,572.00 | 13,023.00 |
| | | | | | | AR State Tax | 91.00 | 747.95 | 1,572.00 | 13,023.00 |
| | | | | | | 4110 Uniform Ded | | 22.00 | | |
| *** Total: | 57.00 | Gross: | 1,962.00 | 16,338.00 | 481.75 | *** Total Ded's | 323.12 | 2,629.24 | | |
| | | Taxbl: | 1,572.00 | 13,023.00 | | | | | | |

Route: TURKAEP233Ck Cntrl #: 7020735 -     Auto Deposit     Ck # 93833706     ** Net Pay **   1,638.88  Ck Dt 07/15/11     Acct # ███████

█████████  1139346  Vaughn, Pandra D.

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|
| 100 D Regular | 40.00 | 24.000 | 960.00 | 9,600.00 | 400.00 | ** Gross Wages | 2,034.00 | 18,372.00 | | |
| 255 D OT 1.5 | 19.00 | 36.000 | 684.00 | 5,067.00 | 140.75 | Federal Tax | 154.10 | 1,277.59 | 1,644.00 | 14,667.00 |
| 510 D Per Diem | | | 390.00 | 3,705.00 | | Soc.Sec.Tax | 69.04 | 616.01 | 1,644.00 | 14,667.00 |
| | | | | | | Medicare Tax | 23.84 | 212.67 | 1,644.00 | 14,667.00 |
| | | | | | | AR State Tax | 96.04 | 843.99 | 1,644.00 | 14,667.00 |
| | | | | | | 4110 Uniform Ded | | 22.00 | | |
| *** Total: | 59.00 | Gross: | 2,034.00 | 18,372.00 | 540.75 | *** Total Ded's | 343.02 | 2,972.26 | | |
| | | Taxbl: | 1,644.00 | 14,667.00 | | | | | | |

Route: TURKAEP233Ck Cntrl #: 7612431 -     Auto Deposit     Ck # 93840620     ** Net Pay **   1,690.98  Ck Dt 07/22/11     Acct # ███████

█████████  1139346  Vaughn, Pandra D.

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|
| 100 D Regular | 40.00 | 24.000 | 960.00 | 10,560.00 | 440.00 | ** Gross Wages | 2,279.00 | 20,651.00 | | |
| 255 D OT 1.5 | 24.00 | 36.000 | 864.00 | 5,931.00 | 164.75 | Federal Tax | 181.10 | 1,458.69 | 1,824.00 | 16,491.00 |
| 510 D Per Diem | | | 455.00 | 4,160.00 | | Soc.Sec.Tax | 76.61 | 692.62 | 1,824.00 | 16,491.00 |
| | | | | | | Medicare Tax | 26.45 | 239.12 | 1,824.00 | 16,491.00 |
| | | | | | | AR State Tax | 108.64 | 952.63 | 1,824.00 | 16,491.00 |
| | | | | | | 4110 Uniform Ded | | 22.00 | | |
| *** Total: | 64.00 | Gross: | 2,279.00 | 20,651.00 | 604.75 | *** Total Ded's | 392.80 | 3,365.06 | | |
| | | Taxbl: | 1,824.00 | 16,491.00 | | | | | | |

Route: TURKAEP233Ck Cntrl #: 8366156 -     Auto Deposit     Ck # 93859098     ** Net Pay **   1,886.20  Ck Dt 07/29/11     Acct # ███████

█████████  1139346  Vaughn, Pandra D.

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|
| 100 D Regular | 40.00 | 24.000 | 960.00 | 11,520.00 | 480.00 | ** Gross Wages | 1,429.00 | 22,080.00 | | |
| 255 D OT 1.5 | 4.00 | 36.000 | 144.00 | 6,075.00 | 168.75 | Federal Tax | 73.10 | 1,531.79 | 1,104.00 | 17,595.00 |
| 510 D Per Diem | | | 325.00 | 4,485.00 | | Soc.Sec.Tax | 46.37 | 738.99 | 1,104.00 | 17,595.00 |
| | | | | | | Medicare Tax | 16.01 | 255.13 | 1,104.00 | 17,595.00 |
| | | | | | | AR State Tax | 58.24 | 1,010.87 | 1,104.00 | 17,595.00 |
| | | | | | | 4110 Uniform Ded | | 22.00 | | |
| *** Total: | 44.00 | Gross: | 1,429.00 | 22,080.00 | 648.75 | *** Total Ded's | 193.72 | 3,558.78 | | |
| | | Taxbl: | 1,104.00 | 17,595.00 | | | | | | |

Route: TURKAEP233Ck Cntrl #: 9247976 -     Auto Deposit     Ck # 93870363     ** Net Pay **   1,235.28  Ck Dt 08/05/11     Acct # ███████

Moore et al. v. Shaw 002822

06346

CB&I
Historical Register

Page - . . .  4
Date - . . . 4/14/14
From Date. . 01/01/11
Through Date 12/31/11

Company - Home .      00187 Shaw Services, L.L.C.
Home Bus. Unit .    164050290 Field Services

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1139346 | Vaughn, Pandra D. | | | | | | | | | | |
| 100 D | Regular | 40.00 | 25.000 | 1,000.00 | 12,520.00 | 520.00 | ** | Gross Wages | 1,718.13 | 23,798.13 | | |
| 255 D | OT 1.5 | 8.75 | 37.500 | 328.13 | 6,403.13 | 177.50 | | Federal Tax | 106.72 | 1,638.51 | 1,328.13 | 18,923.13 |
| 510 D | Per Diem | | | 390.00 | 4,875.00 | | | Soc.Sec.Tax | 55.78 | 794.77 | 1,328.13 | 18,923.13 |
| | | | | | | | | Medicare Tax | 19.26 | 274.39 | 1,328.13 | 18,923.13 |
| | | | | | | | | AR State Tax | 73.93 | 1,084.80 | 1,328.13 | 18,923.13 |
| | | | | | | | 4110 | Uniform Ded | | 22.00 | | |
| *** | Total: | 48.75 | Gross: | 1,718.13 | 23,798.13 | 697.50 | *** | Total Ded's | 255.69 | 3,814.47 | | |
| | | | Taxbl: | 1,328.13 | 18,923.13 | | | | | | | |

Route: TURKABP233Ck Cntrl #: 9928827 -      Auto Deposit      Ck # 93887769      ** Net Pay **      1,462.44  Ck Dt 08/12/11      Acct # ████

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1139346 | Vaughn, Pandra D. | | | | | | | | | | |
| 100 D | Regular | 40.00 | 25.000 | 1,000.00 | 13,520.00 | 560.00 | ** | Gross Wages | 2,280.00 | 26,078.13 | | |
| 255 D | OT 1.5 | 22.00 | 37.500 | 825.00 | 7,228.13 | 199.50 | | Federal Tax | 181.25 | 1,819.76 | 1,825.00 | 20,748.13 |
| 510 D | Per Diem | | | 455.00 | 5,330.00 | | | Soc.Sec.Tax | 76.65 | 871.42 | 1,825.00 | 20,748.13 |
| | | | | | | | | Medicare Tax | 26.46 | 300.85 | 1,825.00 | 20,748.13 |
| | | | | | | | | AR State Tax | 108.71 | 1,193.51 | 1,825.00 | 20,748.13 |
| | | | | | | | 4110 | Uniform Ded | | 22.00 | | |
| *** | Total: | 62.00 | Gross: | 2,280.00 | 26,078.13 | 759.50 | *** | Total Ded's | 393.07 | 4,207.54 | | |
| | | | Taxbl: | 1,825.00 | 20,748.13 | | | | | | | |

Route: TURKABP233Ck Cntrl #: 10595839 -      Auto Deposit      Ck # 93897266      ** Net Pay **      1,886.93  Ck Dt 08/19/11      Acct # ████

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1139346 | Vaughn, Pandra D. | | | | | | | | | | |
| 100 D | Regular | 40.00 | 25.000 | 1,000.00 | 14,520.00 | 600.00 | ** | Gross Wages | 2,467.50 | 28,545.63 | | |
| 255 D | OT 1.5 | 27.00 | 37.500 | 1,012.50 | 8,240.63 | 226.50 | | Federal Tax | 227.16 | 2,046.92 | 2,012.50 | 22,760.63 |
| 510 D | Per Diem | | | 455.00 | 5,785.00 | | | Soc.Sec.Tax | 84.53 | 955.95 | 2,012.50 | 22,760.63 |
| | | | | | | | | Medicare Tax | 29.18 | 330.03 | 2,012.50 | 22,760.63 |
| | | | | | | | | AR State Tax | 121.84 | 1,315.35 | 2,012.50 | 22,760.63 |
| | | | | | | | 4110 | Uniform Ded | | 22.00 | | |
| *** | Total: | 67.00 | Gross: | 2,467.50 | 28,545.63 | 826.50 | *** | Total Ded's | 462.71 | 4,670.25 | | |
| | | | Taxbl: | 2,012.50 | 22,760.63 | | | | | | | |

Route: TURKABP233Ck Cntrl #: 11222671 -      Auto Deposit      Ck # 93915950      ** Net Pay **      2,004.79  Ck Dt 08/26/11      Acct # ████

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1139346 | Vaughn, Pandra D. | | | | | | | | | | |
| 100 D | Regular | 40.00 | 25.000 | 1,000.00 | 15,520.00 | 640.00 | ** | Gross Wages | 2,467.50 | 31,013.13 | | |
| 255 D | OT 1.5 | 27.00 | 37.500 | 1,012.50 | 9,253.13 | 253.50 | | Federal Tax | 227.16 | 2,274.08 | 2,012.50 | 24,773.13 |
| 510 D | Per Diem | | | 455.00 | 6,240.00 | | | Soc.Sec.Tax | 84.52 | 1,040.47 | 2,012.50 | 24,773.13 |
| | | | | | | | | Medicare Tax | 29.18 | 359.21 | 2,012.50 | 24,773.13 |
| | | | | | | | | AR State Tax | 121.84 | 1,437.19 | 2,012.50 | 24,773.13 |
| | | | | | | | 4110 | Uniform Ded | | 22.00 | | |
| *** | Total: | 67.00 | Gross: | 2,467.50 | 31,013.13 | 893.50 | *** | Total Ded's | 462.70 | 5,132.95 | | |
| | | | Taxbl: | 2,012.50 | 24,773.13 | | | | | | | |

Moore et al. v. Shaw 002823

06346

CB&I
Historical Register

Page - . . . 5
Date - . . . 4/14/14
From Date. . 01/01/11
Through Date 12/31/11

Company - Home .      00187 Shaw Services, L.L.C.
Home Bus. Unit .      164050290 Field Services

| PDBA Code Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Route: TURKAEP231Ck Cntrl #: 12011139 - | | | Auto Deposit | | Ck # 93923092 | | ** Net Pay ** | 2,004.80 | Ck Dt 09/02/11 | Acct # | |
| 1139346  Vaughn, Pandra D. | | | | | | | | | | | |
| 100 D Regular | 23.75 | 25.000 | 593.75 | 16,113.75 | 663.75 | ** | Gross Wages | 723.75 | 31,736.88 | | |
| 255 D OT 1.5 | | | | 9,253.13 | 253.50 | | Federal Tax | 8.61 | 2,282.69 | 593.75 | 25,366.88 |
| 510 D Per Diem | | | 130.00 | 6,370.00 | | | Soc.Sec.Tax | 24.94 | 1,065.41 | 593.75 | 25,366.88 |
| | | | | | | | Medicare Tax | 8.61 | 367.82 | 593.75 | 25,366.88 |
| | | | | | | | AR State Tax | 22.52 | 1,459.71 | 593.75 | 25,366.88 |
| | | | | | | 4110 | Uniform Ded | | 22.00 | | |
| ***  Total: | 23.75 | Gross: | 723.75 | 31,736.88 | 917.25 | *** | Total Ded's | 64.68 | 5,197.63 | | |
| | | Taxbl: | 593.75 | 25,366.88 | | | | | | | |
| Route: TURKAEP231Ck Cntrl #: 12598769 - | | | Auto Deposit | | Ck # 93942249 | | ** Net Pay ** | 659.07 | Ck Dt 09/09/11 | Acct # | |
| 1139346  Vaughn, Pandra D. | | | | | | | | | | | |
| 100 D Regular | | | | 16,113.75 | 663.75 | ** | Gross Wages | | 31,736.88 | | |
| 255 D OT 1.5 | | | | 9,253.13 | 253.50 | | Federal Tax | | 2,282.69 | | 25,366.88 |
| 510 D Per Diem | | | | 6,370.00 | | | Soc.Sec.Tax | | 1,065.41 | | 25,366.88 |
| 996 I No Gross | | 25.000 | | | | | Medicare Tax | | 367.82 | | 25,366.88 |
| | | | | | | | AR State Tax | | 1,459.71 | | 25,366.88 |
| | | | | | | 4110 | Uniform Ded | | 22.00 | | |
| ***  Total: | | Gross: | | 31,736.88 | 917.25 | *** | Total Ded's | | 5,197.63 | | |
| | | Taxbl: | | 25,366.88 | | | | | | | |
| Route: TURKAEP  Ck Cntrl #: 13374062 - | | | Auto Deposit | | Ck # | | ** Net Pay ** | | Ck Dt 09/16/11 | Acct # | |

Moore et al. v. Shaw 002824

06346

CB&I
Historical Register

Page - . . . 6
Date - . . . 4/14/14
From Date. . 01/01/11
Through Date 12/31/11

Company - Home .      00187 Shaw Services, L.L.C.
Home Bus. Unit .    164050290 Field Services

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|-----------|-------------|---------------|------|---------|-------------|-----------|-----------|-------------|----------------|------------|-----------------|-------------|
| 100 | D Regular | 663.75 | | 16,113.75 | | | ** | Gross Wages | 31,736.88 | 31,736.88 | | |
| 255 | D OT 1.5 | 253.50 | | 9,253.13 | | | | Federal Tax | 2,282.69 | 2,282.69 | 25,366.88 | |
| 510 | D Per Diem | | | 6,370.00 | | | | Soc.Sec.Tax | 1,065.41 | 1,065.41 | 25,366.88 | |
| 996 | I No Gross | | | | | | | Medicare Tax | 367.82 | 367.82 | 25,366.88 | |
| | | | | | | | | AR State Tax | 1,459.71 | 1,459.71 | 25,366.88 | |
| | | | | | | | 4110 | Uniform Ded | 22.00 | 22.00 | | |
| *** | Total: | 917.25 | Gross: | 31,736.88 | | | *** | Total Ded's | 5,197.63 | 5,197.63 | | |
| | | | Taxbl: | 25,366.88 | | | *** | Net Pay | 26,539.25 | 26,539.25 | | |

Moore et al. v. Shaw 002825

06346

CB&I
Historical Register

Page - . . . 7
Date - . . . 4/14/14
From Date. . 01/01/11
Through Date 12/31/11

Company - Home .     00187 Shaw Services, L.L.C.

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|------|-------------|-------|------|---------|---------|-------|------|-------------|---------|---------|---------|---------|
| 100 D | Regular | 663.75 | | 16,113.75 | 16,113.75 | 663.75 | ** | Gross Wages | 31,736.88 | 31,736.88 | | |
| 255 D | OT 1.5 | 253.50 | | 9,253.13 | 9,253.13 | 253.50 | | Federal Tax | 2,282.69 | 2,282.69 | 25,366.88 | 25,366.88 |
| 510 D | Per Diem | | | 6,370.00 | 6,370.00 | | | Soc.Sec.Tax | 1,065.41 | 1,065.41 | 25,366.88 | 25,366.88 |
| 996 I | No Gross | | | | | | | Medicare Tax | 367.82 | 367.82 | 25,366.88 | 25,366.88 |
| | | | | | | | | AR State Tax | 1,459.71 | 1,459.71 | 25,366.88 | 25,366.88 |
| | | | | | | | 4110 | Uniform Ded | 22.00 | 22.00 | | |
| *** | Total: | 917.25 | Gross: | 31,736.88 | 31,736.88 | 917.25 | *** | Total Ded's | 5,197.63 | 5,197.63 | | |
| | | | Taxbl: | 25,366.88 | 25,366.88 | | *** | Net Pay | 26,539.25 | 26,539.25 | | |

Moore et al. v. Shaw 002826

06346

CB&I
Historical Register

Page - . . . 8
Date - . . . 4/14/14
From Date. . 01/01/11
Through Date 12/31/11

## Grand Totals

| PDBA Code | Description | Current Hours | Rate | Dollars | YTD Dollars | YTD Hours | PDBA Code | Description | Current Amount | YTD Amount | Current Taxable | YTD Taxable |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 | D Regular | 663.75 | | 16,113.75 | 16,113.75 | 663.75 | ** | Gross Wages | 31,736.88 | 31,736.88 | | |
| 255 | D OT 1.5 | 253.50 | | 9,253.13 | 9,253.13 | 253.50 | | Federal Tax | 2,282.69 | 2,282.69 | 25,366.88 | 25,366.88 |
| 510 | D Per Diem | | | 6,370.00 | 6,370.00 | | | Soc.Sec.Tax | 1,065.41 | 1,065.41 | 25,366.88 | 25,366.88 |
| 996 | I No Gross | | | | | | | Medicare Tax | 367.82 | 367.82 | 25,366.88 | 25,366.88 |
| | | | | | | | | AR State Tax | 1,459.71 | 1,459.71 | 25,366.88 | 25,366.88 |
| | | | | | | | 4110 | Uniform Ded | 22.00 | 22.00 | | |
| *** | Total: | 917.25 | Gross: | 31,736.88 | 31,736.88 | 917.25 | *** | Total Ded's | 5,197.63 | 5,197.63 | | |
| | | | Taxbl: | 25,366.88 | 25,366.88 | | *** | Net Pay | 26,539.25 | 26,539.25 | | |

Moore et al. v. Shaw 002827

Mike,

It appears that when hired on 5/10/11, Mr. Vaughn did not have a NCCER Certified Plus and he probably wanted to receive NCCER Certified Plus incentive pay of $1.00 hr as listed on the rate sheet for the Turk project.

Mr. Vaughn then appeared to take the current version of the NCCER Written test and NCCER Hands On test in order to qualify for the Turk incentive pay.

Mr. Vaughn when hired on 5/10/2011 only had one part of two parts required for the NCCER certification (see screen shot #1, NCCER Database).

Within 5 weeks of being hired, Mr. Vaughn signed up for and passed the voluntary NCCER written test on 6/16/2011 (see screen shot #1 and NCACP sign in.pdf, and Payroll.pdf attachments).

Mr. Vaughn then took and passed the second part of the NCCER certification requirement, the performance verification on 7/28/11 (see screen shot #2).

Mr. Vaughn's Rate Change Form, a document where workforce development notified HR that someone has qualified for incentive pay was completed on the same day as qualifying for the status of NCCER Certified Plus (7/28/11) and the effective date for the incentive was set for the following Monday (8/1/11).

Screen Shot #1 from the NCCER database showing that Mr. Vaughn did not have a current NCCER written test until 6/16/2011.

ANR Home    PDF Forms    Admin    Print    Contact Us    Help    Log Out
Instructor Manager    Training Unit Manager    Forms    Reports    QuickCheck

NCCER Training    Skill Assessments

Pandra Vaughn
Card #: 4698751
SSN: 

Available Assessments (Click to display Training Prescription)
PFT08 - Industrial Pipefitter V2   4/16/2007 (P)
PFT08 - Industrial Pipefitter V2   6/16/2011 (W)
PFT08 - Industrial Pipefitter V2   4/12/2007 (TR)
RIGFUN38 - Rigger Fundamentals   2/27/2008 (TR)
RIGFUN38 - Rigger Fundamentals   11/4/2010 (P)

Back



Moore et al. v. Shaw 002956

Screen shot #2, NCCER Hands On test results and date

Skill Assessments   PVs

Pandra Vaughn
Card #: 4698751
SS #: ▮▮▮▮▮▮

## Performance Verifications

**PVPFT08_02 – Industrial Pipefitter V3  7/28/2011**   *Certified Plus*

01 7/28/2011 Using threading machines.
02 7/28/2011 Identifying drawing and detail sheets
03 7/28/2011 Identifying valves
04 7/28/2011 Fabricating threaded pipe, socket weld pipe and tube routes
05 7/28/2011 Selecting rigging, Inspect and use special rigging equipment, including chain hoist and come-alongs.
06 7/28/2011 Installation of aboveground pipe
07 7/28/2011 Field routing
08 7/28/2011 Identifying and laying out pipe hangers and spring can supports
09 7/28/2011 Testing piping systems
10 7/28/2011 Advanced blueprint reading

**Danny Johnson**
Training Manager
Shaw Power Group
128 S. Tryon St, FCB-329
Charlotte, NC 28202
980.321.8420 direct
571.214.2152 cell
danny.johnson@shawgrp.com

Shaw™ a world of Solutions™
www.shawgrp.com

Moore et al. v. Shaw 002957



EXHIBIT

| Employee Number | Employee Name | Pay Status Name | Job Title Desc | Job Step Desc | Gender | Ethnic Code Description | Veteran | Disabled Veteran | Crew Code |
|---|---|---|---|---|---|---|---|---|---|
| 1182320 | Brown, James M. | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T30 |
| 1179153 | Brown, John H. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T30 |
| 1163457 | Cope, Ricky L. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T30 |
| 1216535 | Golden, Steve J. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T30 |
| 1186976 | Holliday, Kevin D. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T30 |
| 1264864 | Jackson, Brian | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T30 |
| 1270852 | Rigozzi, Andrew | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T30 |
| 1215010 | Sanders, Christopher M. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T30 |
| 1278644 | Johnson, Adrian | Active | Industrial Electrician | | M | Black or African American | N | N | T61 |
| 1271814 | Nunn, William | Active | Industrial Electrician | Helper 30-36 Months | M | Black or African American | N | N | T61 |
| 1271634 | Crawford, Scott | Active | Industrial Electrician | General Foreman | M | White (Not of Hispanic Origin) | N | N | T61 |
| 1187424 | Dixon, Shella Y. | Active | Industrial Electrician | Helper 18-24 Months | F | White (Not of Hispanic Origin) | N | N | T61 |
| 1278276 | Dorsey, Mitchell | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T61 |
| 1291798 | Geidl, Jason | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | Y | N | T61 |
| 1271810 | Jennings, David R. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | Y | N | T61 |
| 1290231 | McDaniel, Charles W. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T61 |
| 1276025 | Rachinski, David | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T61 |
| 1180508 | St Clair, Charles M. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T61 |
| 1277362 | Sutton, Robert | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T61 |
| 1294676 | Wingard, Donald | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T61 |
| 1294933 | Fagins, Dequgan | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T62 |
| 1252672 | McDaniel, Tanisha A. | Active | Industrial Electrician | Helper 6-12 Months | F | Black or African American | N | N | T62 |
| 1202090 | Williams, Antwan | Active | Industrial Electrician | Helper 24-30 Months | M | Black or African American | N | N | T62 |
| 1137864 | Pena, Gerson N. | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T62 |

Moore et al. v. Shaw 004538

Byron Ricks V. Shaw Grp
493-2012-00461

Moore et al. v. Shaw 004539

Byron Ricks V. Shaw Grp
493-2012-00461

| 462866 | Archer, Ronald L. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T62 |
|---|---|---|---|---|---|---|---|---|---|
| 1290681 | Castleberry, Joel T. | Active | Industrial Electrician | Helper 24-30 Months | M | White (Not of Hispanic Origin) | Y | N | T62 |
| 1290677 | Clark, Gregory | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | Y | N | T62 |
| 1290640 | Clements, Eddie | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T62 |
| 1270295 | Sizemore, Corey | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T62 |
| 1271644 | Stone, Nicholas J. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T62 |
| 1209687 | Sudbury, James C. | Active | Industrial Electrician | General Foreman | M | White (Not of Hispanic Origin) | N | N | T62 |
| 1269662 | Wallace, Joshua M. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T62 |
| 1187930 | Waller, Sidney M. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T62 |
| 1130395 | Cunningham, Tony L. | Active | Industrial Electrician | Foreman | M | Black or African American | Y | N | T63 |
| 1146205 | Davis, Phillip A. | Active | Industrial Electrician | Helper 30-36 Months | M | Black or African American | N | N | T63 |
| 1219158 | Myers, Kenneth L. | Active | Industrial Electrician | Certified Journeyman | M | Black or African American | V | N | T63 |
| 1146720 | Rios, Jose R. | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | | | T63 |
| 1171083 | Coghlan, Jimmy O. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T63 |
| 1198501 | Cornwell, William P. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T63 |
| 1267130 | Corrao, Wayne | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T63 |
| 1292597 | Foshee, Michael F. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T63 |
| 1297111 | Johnson, Glenn | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T63 |
| 1141662 | Walker, Curtis L. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T63 |
| 1278577 | White, Carey | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T63 |
| 1171610 | Ellison, Joseph A. | Active | Industrial Electrician | Certified Journeyman | M | Black or African American | Y | N | T64 |
| 1186832 | Henderson, Joe E. | Active | Industrial Electrician | Leadman | M | Black or African American | Y | N | T64 |
| 1188692 | Blinka, Billie W. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T64 |
| 1277467 | Burch, Robert J. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | Y | N | T64 |
| 1179110 | Dierks, Dusty D. | FMLA Paid | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T64 |
| 1119637 | Hanshaw, Deborah J. | Active | Industrial Electrician | General Foreman | F | White (Not of Hispanic Origin) | N | N | T64 |

Moore et al. v. Shaw 004540

| 1253816 | Roy, Joseph | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T64 |
|---|---|---|---|---|---|---|---|---|---|
| 1276024 | Schultz, David | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T64 |
| 1183478 | West, Michael L. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T64 |
| 1294663 | Billiue, John | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T65 |
| 1267379 | Breeding, Justin | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T65 |
| 1198506 | Hinson, Katrina S. | Active | Industrial Electrician | Certified Journeyman | F | White (Not of Hispanic Origin) | N | N | T65 |
| 1294678 | Lord, Remy A. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T65 |
| 1290674 | Miles, Tyrel C. | Active | Industrial Electrician | Helper 0-6 Months | M | White (Not of Hispanic Origin) | N | N | T65 |
| 1266160 | Pantinople, Marty | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | O | N | T65 |
| 1271640 | Smith, Jeffery | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T65 |
| 1167049 | Stewart, James A. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | V | M | T65 |
| 1258462 | Wigington, Jeremy | Active | Industrial Electrician | Helper 18-24 Months | M | White (Not of Hispanic Origin) | N | N | T65 |
| 1273253 | Dickinson, Edward J. | Active | Industrial Electrician | Helper 24-30 Months | M | Black or African American | N | N | T66 |
| 1212779 | Cancino, Arturo F. | Active | Industrial Electrician | Helper 18-24 Months | M | Hispanic or Latino | N | N | T66 |
| 1253971 | Acord, Carol | Active | Industrial Electrician | Helper 24-30 Months | F | White (Not of Hispanic Origin) | N | N | T66 |
| 1187328 | Gardner, Travis J. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T66 |
| 1264832 | Graves, Nathaniel | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T66 |
| 1215798 | Keeton, Richard W. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T66 |
| 1209495 | Tanner, Jeremy E. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T66 |
| 1270153 | Delatorre, Gaime | Active | Industrial Electrician | Foreman | M | Hispanic or Latino | N | N | T67 |
| 1169068 | Esqueda, Javier | Active | Industrial Electrician | Leadman | M | Hispanic or Latino | N | N | T67 |
| 1264933 | Figueroa, Ramon S. | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T67 |
| 1147465 | Lozano-vega, Jose P. | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T67 |
| 1280655 | Salinas, Jaciel | Active | Industrial Electrician | Helper 18-24 Months | M | Hispanic or Latino | N | N | T67 |
| 1272835 | Soler, Jorge L. | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T67 |
| 1280660 | Villalobos, Brayan | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T67 |
| 1207488 | Henderson, Jerone E. | Active | Industrial Electrician | Helper 18-24 Months | M | Black or African American | N | N | T68 |
| 1283244 | Clavell, Luis D. | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T68 |
| 1166083 | Nieto, Gilberto | Active | Industrial Electrician | Leadman | M | Hispanic or Latino | N | N | T68 |

Byron Ricks V. Shaw Grp
493-2012-00461

Moore et al. v. Shaw 004541

Byron Ricks v. Shaw Grp
493-2012-00461

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1169305 | Rios, Refugio | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T68 |
| 1252722 | Adcock, Michael W. | Active | Industrial Electrician | General Foreman | M | White (Not of Hispanic Origin) | N | N | T68 |
| 1260220 | Hinson, James | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | Y | N | T68 |
| 1166761 | Johnson, Kelsey J. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T68 |
| 1264836 | Jones, Wesley | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T68 |
| 1185669 | Kitchens, Dalton K. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T68 |
| 1186881 | McDonald, Joe L. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T68 |
| 1278089 | Teinert, Casey | Active | Industrial Electrician | Helper 18-24 Months | F | White (Not of Hispanic Origin) | N | N | T68 |
| 1264444 | Mitchell, Andrew | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T69 |
| 1277449 | Delatorre, Steven | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T69 |
| 1145860 | Portillo Jr, Cristobal | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T69 |
| 1270023 | Bush, Kevin | Active | Industrial Electrician | Helper 18-24 Months | M | White (Not of Hispanic Origin) | N | N | T69 |
| 1270035 | Parks, Joshua D. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T69 |
| 1259616 | Sanchez, Jamie | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T69 |
| 1291058 | Webb, Karen | Active | Industrial Electrician | Journeyman | F | White (Not of Hispanic Origin) | N | N | T69 |
| 1261159 | Britt, Zollie M. | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T70 |
| 1080467 | Prelow, Jai T. | Active | Industrial Electrician | Certified Journeyman | M | Black or African American | N | N | T70 |
| 1259401 | Sloan, Samuel C. | Active | Industrial Electrician | Helper 24-30 Months | M | Black or African American | N | N | T70 |
| 1184561 | Cantu, Francisco | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T70 |
| 1265121 | Munoz, Jesus | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T70 |
| 1293303 | Clenney, Jeffery | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T70 |
| 1185667 | Gathright, Tracy L. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T70 |
| 1268802 | Pulliam, Mickey | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T70 |
| 1279334 | Richardson, Robert | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T70 |
| 1269775 | Vanhale, Joe S. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T70 |
| 1275001 | Alvarado, Daniel A. | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T71 |
| 1167054 | Goleman, Steven K. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T71 |

| 1095508 | Helms, Kenneth W. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T71 |
| 1277216 | Loggins, Benjamin | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T71 |
| 1258932 | Michael, Fred | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T71 |
| 1185427 | Smith, Carl D. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | Y | N | T71 |
| 1172338 | Spickard, Mark L. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T71 |
| 1254139 | Cantu, Jesus | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T72 |
| 1277634 | Flores Green, Celynette | Active | Industrial Electrician | Helper 30-36 Months | F | Hispanic or Latino | N | N | T72 |
| 1179146 | Ruiz, Isaac | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T72 |
| 1226152 | Sundin, David R. | Active | Industrial Electrician | Foreman | M | White | N | N | T72 |
| 1088563 | Boyer, Larry L. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T72 |
| 1270149 | Carrier, Jeffrey A. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T72 |
| 1133506 | Cooper Jr, Camden | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T72 |
| 1277137 | Malbrough, Cory M. | Medical LOA without Pay | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T72 |
| 1259879 | Miles, Christopher C. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T72 |
| 1269606 | Rehm, Jeremy | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T72 |
| 1271496 | Thomas, Byron | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T72 |
| 1269391 | Van Hale, Jeffrey | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T72 |
| 1268660 | Ward Jr, James | Active | Industrial Electrician | Helper 24-30 Months | M | Black or African American | N | N | T73 |
| 1292787 | Alred, Christopher | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T73 |
| 1278639 | Boudreaux, Christopher | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T73 |
| 1151339 | Clay, Nathaniel | Active | Industrial Electrician | General Foreman | M | White (Not of Hispanic Origin) | N | N | T73 |
| 1267392 | Keith, Timothy | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T73 |
| 1263784 | Snider, William | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T73 |
| 1274203 | Taylor, Sean | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T73 |
| 1268542 | Youngblood, David | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T73 |
| 1271502 | Ricks, Byron | Active | Industrial Electrician | Foreman | M | Black or African American | N | N | T74 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1187921 | Botello, Eleodoro | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T74 |
| 1263951 | Cardona, Adan | FMLA | Industrial Electrician | Helper 18-24 Months | M | Hispanic or Latino | N | N | T74 |
| 1273454 | Lozano, Juan B. | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T74 |
| 1123594 | Goleman, Lynn M. | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T74 |
| 1123601 | Loftin, Rodney L. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T74 |
| 1199889 | McJunkins, Nicholas A. | Active | Industrial Electrician | Helper 0-6 Months | M | White (Not of Hispanic Origin) | N | N | T74 |
| 1277650 | Rhodes, Joshua | Active | Industrial Electrician | Helper 0-6 Months | M | White (Not of Hispanic Origin) | N | N | T74 |
| 1279338 | Webb, John | Active | Industrial Electrician | Helper 24-30 Months | M | White (Not of Hispanic Origin) | N | N | T74 |
| 1252437 | Westfall, Jason D. | Active | Industrial Electrician | General Foreman | M | White (Not of Hispanic Origin) | N | N | T74 |
| 1277635 | Wilson, Leslie | Active | Industrial Electrician | Helper 18-24 Months | F | White (Not of Hispanic Origin) | N | N | T74 |
| 1257214 | Savary, Allan | Active | Industrial Electrician | Helper 30-36 Months | M | Black or African American | N | N | T75 |
| 1293992 | Branham, Herbert A. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T75 |
| 1116185 | Brown, Joyce M. | Active | Industrial Electrician | Journeyman | F | White (Not of Hispanic Origin) | N | N | T75 |
| 1138705 | Lowman, Wendell | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | Y | Y | T75 |
| 1273586 | Oxman, Michael R. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T75 |
| 1284884 | Partain, Ronald D. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T75 |
| 1269934 | Tippins, Charles A. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T75 |
| 1280662 | Bishop, Vicki n. | Active | Industrial Electrician | Helper 18-24 Months | F | White (Not of Hispanic Origin) | N | N | T76 |
| 1263941 | Evans, Michael | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | Y | N | T76 |
| 1183462 | Montgomery, James P. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T76 |
| 1277646 | Moody, Charles A. | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T76 |
| 1131618 | Pulliam, Chet D. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T76 |
| 1281540 | Tippins, Jodi S. | Active | Industrial Electrician | Helper 18-24 Months | F | White (Not of Hispanic Origin) | N | N | T76 |
| 1166771 | Thompson, Daniel J. | Active | Industrial Electrician | Helper 30-36 Months | M | American Indian/Alaskan Native | N | N | T79 |
| 1131986 | Rutledge, Donald J. | Active | Industrial Electrician | Leadman | M | Black or African American | N | N | T79 |
| 1121506 | Taylor Jr, Ronnie C. | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T79 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1166757 | Cantu, Cesar A. | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T79 |
| 1264858 | Deason, Jonathan S. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T79 |
| 1278727 | Holley, Roger C. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T79 |
| 1217196 | Sanford, Dennis G. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | Y | Y | T79 |
| 1089453 | Shoemaker, Thomas N. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T79 |
| 1207195 | Wyatt, Jamie T. | Active | Industrial Electrician | Helper 6-12 Months | M | Black or African American | N | N | T80 |
| 1270885 | Cantera, Crisoford G. | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T80 |
| 1294681 | Figueroa, Danny | Active | Industrial Electrician | Helper 30-36 Months | M | Hispanic or Latino | N | N | T80 |
| 1269058 | Loa, Ruben | Active | Industrial Electrician | Helper 24-30 Months | M | Hispanic or Latino | N | N | T80 |
| 1186941 | Martinez, David L. | Active | Industrial Electrician | Foreman | M | Hispanic or Latino | Y | N | T80 |
| 1273381 | Rodriguez, Erasmo | Active | Industrial Electrician | Helper 24-30 Months | M | Hispanic or Latino | N | N | T80 |
| 1255202 | Rojas, Eduardo | Active | Industrial Electrician | Helper 24-30 Months | M | Hispanic or Latino | N | N | T80 |
| 1282833 | Davis, Bradley | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T80 |
| 1252865 | Martin, David S. | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T80 |
| 1172605 | Pray, Gabriel A. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | Y | N | T80 |
| 1293487 | Salvino, Marco R. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T80 |
| 1196246 | Crossen, Curtis R. | Active | Industrial Electrician | Helper 30-36 Months | M | Black or African American | N | N | T82 |
| 1294258 | Howard, Kenneth | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T82 |
| 1280478 | Cardona, Jeremy | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T82 |
| 1264221 | Godiey, Andre R. | Active | Industrial Electrician | Helper 12-18 Months | M | Two or More Races | N | N | T82 |
| 1271162 | Pringle, Franklin S. | Active | Industrial Electrician | Journeyman | M | Two or More Races | N | N | T82 |
| 1294056 | Addison, Michael | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T82 |
| 1222414 | Branham, Jesse T. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T82 |
| 1273459 | Johnson Jr, Michael F. | Active | Industrial Electrician | Helper 24-30 Months | M | White (Not of Hispanic Origin) | N | N | T82 |
| 1271792 | Loftin, Terry | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T82 |
| 1277644 | Ping, Robert | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | Y | N | T82 |
| 1293997 | Spruell, Timothy D. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T82 |
| 1276502 | Williamson, Mitch | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T82 |
| 1275931 | Bossie, Darrell J. | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T85 |

Moore et al. v. Shaw 004545

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1281312 | Finley, Brian L. | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T85 |
| 1159065 | Garcia, Eduardo | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T85 |
| 1263929 | Rivas, Esperanza | Active | Industrial Electrician | Helper 18-24 Months | F | Hispanic or Latino | N | N | T85 |
| 1124528 | Bennett, William E. | Active | Industrial Electrician | Helper 24-30 Months | M | White (Not of Hispanic Origin) | N | N | T85 |
| 1252603 | Blaydes, Randy | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T85 |
| 1160732 | Duncan, Jason C. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T85 |
| 1291021 | Easom, James | Active | Industrial Electrician | Helper 24-30 Months | M | White (Not of Hispanic Origin) | N | N | T85 |
| 1294377 | Harwood, Daniel | Active | Industrial Electrician | Helper 0-6 Months | M | White (Not of Hispanic Origin) | N | N | T85 |
| 462996 | Piechocki, Todd E. | Active | Industrial Electrician | Leadman | M | White (Not of Hispanic Origin) | N | N | T85 |
| 1283585 | Rockett, Ben N. | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T85 |
| 1277211 | Aziz, Ajmal A. | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T86 |
| 1294051 | Birden, Travis | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T86 |
| 1283249 | Grace, Gregory | Active | Industrial Electrician | Helper 24-30 Months | M | Black or African American | N | N | T86 |
| 1229844 | Holmes, Charles E. | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T86 |
| 1279624 | Joseph, Dwain | Active | Industrial Electrician | Helper 24-30 Months | M | Black or African American | N | N | T86 |
| 1147550 | Thomas III, John D. | Active | Industrial Electrician | Helper 30-36 Months | M | Black or African American | N | N | T86 |
| 1271512 | Bradfield, Jeremy | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T86 |
| 1266891 | Grissam, Rodger | Active | Industrial Electrician | General Foreman | M | White (Not of Hispanic Origin) | N | N | T86 |
| 1277655 | McClane, Jason | Active | Industrial Electrician | Helper 0-6 Months | M | White (Not of Hispanic Origin) | N | N | T86 |
| 1279183 | Sargent, William | Active | Industrial Electrician | Helper 0-6 Months | M | White (Not of Hispanic Origin) | N | N | T86 |
| 1104976 | Shelton, Heather R. | Active | Industrial Electrician | Helper 0-6 Months | F | White (Not of Hispanic Origin) | N | N | T86 |
| 1271515 | White, Johnathon | Active | Industrial Electrician | Helper 18-24 Months | M | White (Not of Hispanic Origin) | N | N | T86 |
| 1272833 | Wyman, Robert J. | Active | Industrial Electrician | Helper 24-30 Months | M | White (Not of Hispanic Origin) | N | N | T86 |
| 1283245 | Almaguer, Cristoval | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T90 |
| 1243164 | Casas, Alexander R. | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T90 |
| 1284057 | Cintron, Victor | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T90 |
| 1281116 | Gonzalez, Luis | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T90 |
| 1277988 | Perez, Nicolas | Active | Industrial Electrician | Journeyman | M | Hispanic or Latino | N | N | T90 |

Byron Ricks V. Shaw Grp
493-2012-00461

| 1291794 | Attaway, Robert | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | O | N | T90 |
|---|---|---|---|---|---|---|---|---|---|
| 1270154 | Janeway, James | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T90 |
| 1270026 | Newsome, John | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T90 |
| 1292468 | Record, Robert | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T90 |
| 1172657 | Russell, Dewayne O. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | Y | N | T90 |
| 1270144 | Thompson, James | Active | Industrial Electrician | General Foreman | M | White (Not of Hispanic Origin) | N | N | T90 |
| 1104295 | Davis, Barry G. | Active | Industrial Electrician | Journeyman | M | American Indian/Alaskan Native | N | N | T91 |
| 1272983 | Peake, Tabarus A. | Active | Industrial Electrician | Journeyman | M | Black or African American | N | N | T91 |
| 1173104 | Rogers, Ryan | Active | Industrial Electrician | Helper 24-30 Months | M | Black or African American | N | N | T91 |
| 1270243 | Simmons Jr, Troy L. | Active | Industrial Electrician | Helper 12-18 Months | M | Black or African American | N | N | T91 |
| 1284063 | Beard, Aaron M. | Active | Industrial Electrician | Helper 30-36 Months | M | White (Not of Hispanic Origin) | N | N | T91 |
| 1184855 | Curtis, Michael L. | Active | Industrial Electrician | Foreman | M | White (Not of Hispanic Origin) | N | N | T91 |
| 1284062 | Evans, Roger | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T91 |
| 1294532 | Hinson, Jonathan L. | Active | Industrial Electrician | Helper 0-6 Months | M | White (Not of Hispanic Origin) | N | N | T91 |
| 1263891 | Livengood, Ben | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T91 |
| 1257223 | Martin, Robert | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | Y | N | T91 |
| 1292786 | Mundt, Mark A. | Active | Industrial Electrician | Helper 18-24 Months | M | White (Not of Hispanic Origin) | N | N | T91 |
| 1273589 | Salvino, Anthony | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T91 |
| 1209499 | Strawn, Michael R. | Active | Industrial Electrician | Certified Journeyman | M | White (Not of Hispanic Origin) | N | N | T91 |
| 1284342 | Workman, Daniel | Active | Industrial Electrician | Journeyman | M | White (Not of Hispanic Origin) | N | N | T91 |

Byron Ricks V. Shaw Grp
493-2012-00461

Moore et al. v. Shaw 004547

| Last Name | First Name | Employee # | Craft | Date | Type | Reason | Description |
|---|---|---|---|---|---|---|---|
| Davis | Bradley | 1282833 | Electrician | 1/13/2012 | Verbal | Attendance | excessive absenteeism and being late to the work area |
| Cantu | Francisco | 1184661 | Electrician | 1/30/2012 | Verbal | Attendance | Late arrival |
| Cantu | Jesus | 1254139 | Electrician | 1/30/2012 | Verbal | Attendance | Late arrival |
| Henderson | Jerome | 1207488 | Electrician | 1/30/2012 | Verbal | Attendance | Late arrival |
| Johnson | Adrian | 1278644 | Electrician | 1/30/2012 | Verbal | Attendance | Late arrival |
| Joseph | Urban | 1279423 | Electrician | 1/30/2012 | Verbal | Attendance | Late arrival |
| Lopez | Maria | 1172559 | Electrician | 1/30/2012 | Verbal | Attendance | Late arrival |
| Ricks | Byron | 1271502 | Electrician | 1/30/2012 | Verbal | Attendance | Late arrival on 1/30/12 |
| Salvino | Marco | 1293487 | Electrician | 1/30/2012 | Verbal | Attendance | Late arrival |
| Shoemaker | Thomas | 1089453 | Electrician | 1/30/2012 | Verbal | Attendance | Late to work area on 1/31/12 |
| Sudbury | James | 1209687 | Electrician GF | 1/30/2012 | Verbal | Attendance | Late arrival |
| Keith | Timothy | 1267392 | Electrician | 1/31/2012 | Final | Attendance | Late to work area on 1/31/12 |
| Loggins | Benjamin | 1277216 | Electrician Leadman | 1/31/2012 | Verbal | Attendance | Late to work area on 1/31/12 |
| Pulliam | Chet | 1131618 | Electrician | 1/31/2012 | Verbal | Attendance | Late arrival |
| Ricks | Byron | 1271502 | Electrician | 1/31/2012 | First | Attendance | Late arrival on 1/31/12 |
| Thompson | Danny | 1166771 | Electrician | 1/31/2012 | Final | Attendance | Late to work area on 1/31/12 |
| Ward | James | 1268660 | Electrician | 1/31/2012 | Verbal | Attendance | Late to work area on 1/31/12 |
| Wyatt | Jamie | 1207195 | Electrician | 1/31/2012 | First | Attendance | Late arrival |
| Savary | Allan | 1257214 | Electrician | 2/2/2012 | Verbal | Attendance | Late arrival on 2/2/12 |
| Walker | Curtis | 1141662 | Electrician | 2/9/2012 | Verbal | Attendance | Late Arrival |
| Kitchens | Dalton | 1185669 | Electrician | 2/10/2012 | Verbal | Attendance | late arrival |
| Cardona | Adan | 1263951 | Electrician | 2/11/2012 | PIO | Attendance | |
| Dierks | Dusty | 1179110 | Electrician | 2/27/2012 | Verbal | Attendance | EO on 2/14/12 and Absent 2/20/12 |
| Dierks | Dusty | 1179110 | Electrician | 2/27/2012 | First | Attendance | Absent 2/25/12 |
| Price | Garland | 1290680 | Electrician | 2/29/2012 | Verbal | Attendance | 7 unexcused absences in the last month |
| Clark | Gregory | 1290677 | Electrician | 3/3/2012 | Verbal | Attendance | |
| Price | Garland | 1290680 | Electrician | 3/6/2012 | First | Attendance | absent 3/5/12 |
| Thomas | Byron | 1271496 | Electrician Leadman | 3/10/2012 | Verbal | Attendance | Excessive early outs and late arrivals |
| Alvarado | Daniel | 1275001 | Electrician | 4/9/2012 | Verbal | Attendance | 3 unexcused absences in 60 days |
| Deason | Jonathan | 1264858 | Electrician | 4/9/2012 | Verbal | Attendance | Excessive absenteeism in last 60 days |
| Cantu | Ceasar | 1166757 | Electrician | 4/23/2012 | Verbal | Attendance | Excessive absenteeism and late arrivals |
| Deason | Jonathan | 1264858 | Electrician | 4/23/2012 | First | Attendance | 3 unexcused absences (2 were no call ins) |
| Miles | Tyrel | 1290674 | Electrician | 4/24/2012 | Verbal | Attendance | Excessive Absence |
| Miles | Tyrel | 1290674 | Electrician | 4/27/2012 | First | Attendance | late arrival on 4/27/12 |
| Malbrough | Cory | 1277137 | Electrician | 5/10/2012 | Final | Attendance | excessive absenteeism- 1 to 2 days a week for the last 5 weeks |
| Burrow | Robert | 1300945 | Electrician | 5/18/2012 | Verbal | Attendance | 2 unexcused absences in one week |

ron Ricks V. Shaw Grp
53-2012-00461

EXHIBIT
G
tabbies

# REDUCTION OF FORCE – AEP Turk Project
## Date Scheduled: 6/8/12  1:00 PM

| | Emp Name | Emp.No. From Timesheet | Craft & Level |
|---|---|---|---|
| 1 | Jason Maxwell (voluntary) | 1228936 | Instrument Fitter K |
| 2 | Welton Keith (voluntary) | 1262883 | Instrument Fitter J |
| 3 | Marty Guinn | 1274465 | Instrument Fitter HZ |
| 4 | Ruben Solis | 1294341 | Instrument Fitter E |
| 5 | | | |
| 6 | | | |
| 7 | Brian Newsome | 1291297 | Transferring to commissioning |
| 8 | Richard Palmer | 1294826 | Transferring to commissioning |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Supervisor Signature      5/24/12
     Date

Site Mgr      5/24/12
     Date



EXHIBIT
H

Moore et al. v. Shaw 000441

# REDUCTION OF FORCE – AEP Turk Project
## Date Scheduled: 6/8/12

9:15 am
Craft lunchroom

| | Emp No. From Timesheet | Emp Name | Craft | Step |
|---|---|---|---|---|
| 1 | 1275001 | Alvarado, Daniel | Industrial Electrician | HZ |
| 2 | 462866 | Archer, Ronald | Industrial Electrician | I |
| 3 | 1294663 | Billue, John | Industrial Electrician | FZ |
| 4 | 1290681 | Castleberry, Joel | Industrial Electrician | E |
| 5 | 1171083 | Coghlan, Jimmy | Industrial Electrician | I |
| 6 | 1198501 | Cornwell, William | Industrial Electrician | I |
| 7 | 1264858 | Deason, Jonathan | Industrial Electrician | HZ |
| 8 | 1179110 | Dierks, Dusty | Industrial Electrician | K |
| 9 | 1294933 | Fagins, Dequgan | Industrial Electrician | HZ |
| 10 | 1119537 | Hanshaw, Deborah | Industrial Electrician | L |
| 11 | 1119636 | Hanshaw, Steve | Industrial Rigger | I |
| 12 | 1294377 | Harwood, Daniel | Industrial Electrician | A |
| 13 | 1294258 | Howard, Kenneth | Industrial Electrician | HZ |
| 14 | 1301180 | Kinsey, Christopher | Industrial Electrician | HZ |
| 15 | 1294678 | Lord, Remy | Industrial Electrician | FZ |
| 16 | 1292468 | Record, Robert | Industrial Electrician | HZ |
| 17 | 1271502 | Ricks, Byron | Industrial Electrician | K |
| 18 | 1263929 | Rivas, Esperanza | Industrial Electrician | D |
| 19 | 1089453 | Shoemaker, Thomas | Industrial Electrician | HZ |
| 20 | 1180508 | SL Clair, Charles | Industrial Electrician | HZ |

Supervisor Signature          5-21-12
                              Date

Site Mgr                      6/7/12
                              Date

Moore et al. v. Shaw 000442

# REDUCTION OF FORCE – AEP Turk Project
## Date Scheduled: 6/8/12

|    | Emp No. From Timesheet | Emp Name | Craft & Level | Step |
|----|------------------------|----------|---------------|------|
| 21 | 1271644 | Stone, Nick | Industrial Electrician | I |
| 22 | 1271496 | Thomas, Byron | Industrial Electrician | J |
| 23 | 1141662 | Walker, Curtis | Industrial Electrician | I |
| 24 | 1269662 | Wallace, Joshua | Industrial Electrician | FZ |
| 25 | 1278577 | White, Carey | Industrial Electrician | I |
| 26 | 1267822 | Winn, Michael | Industrial Electrician | I |
| 27 |  |  |  |  |
| 28 |  |  |  |  |
| 29 |  |  |  |  |
| 30 |  |  |  |  |
| 31 |  |  |  |  |
| 32 |  |  |  |  |
| 33 |  |  |  |  |
| 34 |  |  |  |  |
| 35 |  |  |  |  |
| 36 |  |  |  |  |
| 37 |  |  |  |  |
| 38 |  |  |  |  |
| 39 |  |  |  |  |
| 40 |  |  |  |  |

Supervisor Signature      5-21-12
     Date

Site Mgr      6/7/12
     Date

Moore et al. v. Shaw 000443



# Separation Notice

| Employee Last Name | DAVIS | First Name | DEREK |
|---|---|---|---|
| Employee # | 1267386 | Date | 6/28/2011 |

| Job Title: Pipe Fitter Helper | | Date Hired: 3/2/2011 |
|---|---|---|
| Project Name: VCHEC | Date Last Worked: 6/29/2011 | Separation Date: 6/29/2011 |

**Reason for Separation – HR Only**

| ☒ Reduction of Force (Use Dropdown Menu to Select Reason Code):<br><br>0.00   Pay in lieu of notice<br><br>No   Severance | ☐ Resign (Use Dropdown Menu to Select Reason Code): | ☐ Discharged (Use Dropdown Menu to Select Reason Code): | ☐ Other (Use Dropdown Menu to Selct Reason Code): |
|---|---|---|---|

**If for other than Reduction of Force, state fully and clearly the circumstances of separation. Attach any supporting documentation and list in justification. HR to Complete.**

ROF

**Approvals**

| | Print Name | Signature | Employee No | Date |
|---|---|---|---|---|
| Originator | CARLA MCCLELLAN | | | 6/28/2011 |
| Superintendent | Jim Anderson | Jim Anderson | 1207036 | 12/7/11 |
| Site Manager | | | | |
| Employee | | | | |
| Human Resources | Jim Wis | | 1060343 | 6/28/11 |



0043



EXHIBIT

Moore et al. v. Shaw-009553 Rev. 09/03/2011

| Date | Reason | Name | Craft | Level | DOH | Race |
|------|--------|------|-------|-------|-----|------|
| 6/28/2011 | Reduction in Force | Buckhannan, Levi | Combo Welder | Journeyman | 3/14/2011 | White |
| 6/28/2011 | Reduction in Force | Bandi, Eswararao | Combo Welder | Journeyman | 11/15/2010 | Asian |
| 6/28/2011 | Reduction in Force | Blozy, James J. | Combo Welder | Journeyman | 5/2/2011 | White |
| 6/28/2011 | Reduction in Force | Diaz-Ramos, Jair | Combo Welder | Journeyman | 9/17/2010 | Hispanic |
| 6/28/2011 | Reduction in Force | Dunn, Jonah R. | Combo Welder | Journeyman | 9/21/2009 | White |
| 6/28/2011 | Reduction in Force | Fox, Shawn | Combo Welder | Journeyman | 9/7/2011 | White |
| 6/28/2011 | Reduction in Force | Garcia, Cindy | Combo Welder | Journeyman | 4/6/2011 | White |
| 6/28/2011 | Reduction in Force | Harden, Jerry S. | Combo Welder | Journeyman | 1/31/2011 | White |
| 6/28/2011 | Reduction in Force | Komara, Srinivasarao | Combo Welder | Journeyman | 10/13/2010 | Asian |
| 6/28/2011 | Reduction in Force | Little, Jean M. | Combo Welder | Journeyman | 4/25/2011 | White |
| 6/28/2011 | Reduction in Force | Lugo, Edwin J. | Combo Welder | Journeyman | 2/21/2011 | Hispanic |
| 6/28/2011 | Reduction in Force | McNeill, Steve | Combo Welder | Journeyman | 4/6/2011 | White |
| 6/28/2011 | Reduction in Force | Mixer, Jonathan S. | Combo Welder | Journeyman | 10/26/2011 | White |
| 6/28/2011 | Reduction in Force | Rangel, Jason A. | Combo Welder | Journeyman | 3/16/2011 | White |
| 6/28/2011 | Reduction in Force | Simpson, Elmer O. | Combo Welder | Journeyman | 4/4/2011 | White |
| 6/28/2011 | Reduction in Force | Singh, Amar | Combo Welder | Journeyman | 11/1/2010 | Asian |
| 6/28/2011 | Reduction in Force | Baines, Thomas R. | Orbital Welder | Journeyman | 10/12/2009 | White |
| 6/28/2011 | Reduction in Force | Pafford, Cecil E. | P91 Welder | Journeyman | 1/11/2010 | White |
| 6/28/2011 | Reduction in Force | Flippo, Bobby | Pipe Fitter | Foreman | 9/7/2011 | White |
| 6/28/2011 | Reduction in Force | Costas Rodriguez, Ismael C. | Pipe Fitter | GF | 6/7/2010 | Asian |
| 6/28/2011 | Reduction in Force | French, Jamy V. | Pipe Fitter | Helper | 6/29/2009 | White |
| 6/28/2011 | Reduction in Force | Stout, Jason D. | Pipe Fitter | Helper | 5/2/2011 | White |
| 6/28/2011 | Reduction in Force | Wiggins, Adam | Pipe Fitter | Helper | 5/10/2011 | White |
| 6/28/2011 | Reduction in Force | Cantey, Jimmy | Pipe Fitter | Journeyman | 9/8/2010 | White |
| 6/28/2011 | Reduction in Force | Faircloth, James A. | Pipe Fitter | Journeyman | 3/28/2011 | White |
| 6/28/2011 | Reduction in Force | Faircloth, Robert | Pipe Fitter | Journeyman | 6/28/2010 | White |
| 6/28/2011 | Reduction in Force | Gomez, Jose I. | Pipe Fitter | Journeyman | 4/25/2011 | Hispanic |
| 6/28/2011 | Reduction in Force | Havaran, Shawn M. | Pipe Fitter | Journeyman | 2/14/2011 | White |
| 6/28/2011 | Reduction in Force | Kennedy, Larry E. | Pipe Fitter | Journeyman | 9/30/2009 | White |
| 6/28/2011 | Reduction in Force | Menendez, Angel | Pipe Fitter | Journeyman | 9/27/2010 | Hispanic |
| 6/28/2011 | Reduction in Force | Morales, Edwin | Pipe Fitter | Journeyman | 3/14/2011 | Hispanic |
| 6/28/2011 | Reduction in Force | Nelson, James | Pipe Fitter | Journeyman | 2/23/2011 | White |
| 6/28/2011 | Reduction in Force | Rivera, Ricardo | Pipe Fitter | Journeyman | 3/14/2011 | Hispanic |



EXHIBIT<br>J

Moore et al. v. Shaw 005055

| Date | Reason | Name | Craft | Level | DOH | Race |
|------|--------|------|-------|-------|-----|------|
| 6/28/2011 | Reduction in Force | Futrell, Larry | Pipe Fitter | Leadman | 9/7/2010 | White |
| 6/28/2011 | Reduction in Force | Hamm, Michael D. | Security Guard | Helper | 1/3/2011 | White |
| 6/28/2011 | Reduction in Force | Campbell, Tony | Tube Welder | Journeyman | 9/7/2010 | White |
| 6/28/2011 | Reduction in Force | Fleenor, Anthony L. | Tube Welder | Journeyman | 7/27/2009 | White |
| 6/28/2011 | Reduction in Force | Honaker, Travis | Tube Welder | Journeyman | 12/6/2010 | White |
| 6/29/2011 | Reduction in Force | Baldwin, Randy E. | Boilermaker | Foreman | 9/29/2010 | White |
| 6/29/2011 | Reduction in Force | Morie, Michael L. | Pipe Fitter | Foreman | 6/28/2010 | White |
| 6/29/2011 | Reduction in Force | Davis, Derek | Pipe Fitter | Helper | 3/2/2011 | Black |
| 6/29/2011 | Reduction in Force | Gilson, Michael L. | Pipe Fitter | Journeyman | 4/18/2011 | White |
| 6/30/2011 | Reduction in Force | Jackson, Clifford R. | Boilermaker | Foreman | 2/15/2010 | White |
| 6/30/2011 | Reduction in Force | Davidson, Lisa M. | Electrician | Helper | 9/14/2010 | White |
| 6/30/2011 | Reduction in Force | Braxton, Charles | Electrician | Journeyman | 1/12/2011 | White |
| 6/30/2011 | Reduction in Force | Davidson, Derrick K. | Pipe Fitter | Helper | 3/17/2010 | White |
| 6/30/2011 | Reduction in Force | Wells, James | Security Guard | Helper | 2/7/2011 | White |

Derek Davis VS. The Shaw Group
493-2012-00354
Volume 2 of 2



# Separation Notice

| Employee Last Name | DAVIS | First Name | DEREK |
|---|---|---|---|
| Employee # | 1267386 | Date | 10/21/2011 |

| Job Title: Industrial Pipefitter E | | | Date Hired: 7/18/11 |
|---|---|---|---|
| Project Name: AEP-Turk | | Date Last Worked: 10/21/2011 | Separation Date: 10/21/2011 |

**Reason for Separation - HR Only**

| ☒ Reduction of Force (Use Dropdown Menu to Select Reason Code):<br><br>_____ Pay in lieu of notice<br><br>_____ Severance | ☐ Resign (Use Dropdown Menu to Select Reason Code): | ☐ Discharged (Use Dropdown Menu to Select Reason Code): | ☐ Other (Use Dropdown Menu to Selct Reason Code): |
|---|---|---|---|

**If for other than Reduction of Force, state fully and clearly the circumstances of separation. Attach any supporting documentation and list in justification. HR to Complete.**

**Approvals**

| | Print Name | Signature | Employee No. | Date |
|---|---|---|---|---|
| Originator | | | | |
| Superintendent | MIKE ALLEN | *[signature]* | 1164009 | 10-21-11 |
| Site Manager | TERRY MCQUARY | *[signature]* | 1124127 | 10-21-11 |
| Employee | DEREK DAVIS | *[signature]* | 1267386 | 10-21-11 |
| Human Resources | JAN WHITE | *[signature]* | 466330 | 10-21-11 |



0043



EXHIBIT
K



POSTED
10-21-11
J.W.

Rev.7. 06/13/2011
Moore et al. v. Shaw 000256

| Employee Name | Recent Start Date | Termination Date | Change Reason Name | Job Title | Job Step | Ethnic Code Description |
|---|---|---|---|---|---|---|
| Aaron, Zeb | 10/04/10 | 03/31/11 | Reductin In Force / Restructuring | Industrial Carpenter | Helper 0-6 Months | White (Not of Hispanic Origin) |
| Adkins, Bobbie D. | 09/12/11 | 11/17/11 | Reductin In Force / Restructuring | Industrial Heat Stress Tech | Helper 30-36 Months | White |
| Amos, Ryan S. | 08/04/08 | 11/23/11 | Reductin In Force / Restructuring | Industrial Cement Finisher | Leadman | White (Not of Hispanic Origin) |
| Anderson, Chad | 06/28/11 | 08/05/11 | Reductin In Force / Restructuring | Industrial Electrician | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Armstead, Howard | 06/21/10 | 02/02/12 | Reductin In Force / Restructuring | Industrial Heat Stress Tech | Foreman | Black or African American |
| Auguste, Medford | 04/18/11 | 10/21/11 | Reductin In Force / Restructuring | Industrial Pipefitter | Journeyman | Black or African American |
| Auld, Paul E. | 04/28/08 | 07/15/11 | Reductin In Force / Restructuring | Industrial Equipment Operator | Light Equipment | White (Not of Hispanic Origin) |
| Bailey, Jesse R | 08/23/10 | 07/18/11 | Reductin In Force / Restructuring | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Barnhill III, Johnny | 08/23/10 | 08/05/11 | Reductin In Force / Restructuring | Industrial Ironworker | Journeyman | White (Not of Hispanic Origin) |
| Basaldua Jr, Julian | 04/27/09 | 10/14/11 | Reductin In Force / Restructuring | Industrial Ironworker | Journeyman | Hispanic or Latino |
| Baxter, Larry B. | 08/24/10 | 03/31/11 | Reductin In Force / Restructuring | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Bear, Zoo | 08/01/11 | 01/13/12 | Reductin In Force / Restructuring | Industrial Heat Stress Tech | Leadman | White (Not of Hispanic Origin) |
| Bennett, Randy H. | 02/07/11 | 10/21/11 | Reductin In Force / Restructuring | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| Bingham, Mario L. | 12/13/10 | 01/13/12 | Reductin In Force / Restructuring | Industrial Heat Stress Tech | Foreman | Black or African American |
| Box, Jimmy | 08/02/10 | 10/21/11 | Reductin In Force / Restructuring | Industrial Equipment Operator | Medium Equipment | White (Not of Hispanic Origin) |
| Box, Joanne | 07/18/11 | 10/21/11 | Reductin In Force / Restructuring | Industrial Pipefitter | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Bradley, Danny F. | 03/31/11 | 10/20/11 | Reductin In Force / Restructuring | Industrial Pipefitter | Helper 30-36 Months | White (Not of Hispanic Origin) |
| Bradshaw, James | 01/11/11 | 10/28/11 | Reductin In Force / Restructuring | Industrial Millwright | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Brewer, Jared | 12/17/10 | 02/11/11 | Reductin In Force / Restructuring | Industrial Millwright | Certified Journeyman | White (Not of Hispanic Origin) |
| Brunn, Jason | 02/21/11 | 10/05/11 | Reductin In Force / Restructuring | Industrial Electrician | Foreman | White (Not of Hispanic Origin) |
| Burch, Joseph G. | 07/16/11 | 10/07/11 | Reductin In Force / Restructuring | Industrial Electrician | Certified Journeyman | Hispanic or Latino |
| Burks, Micheal L. | 08/30/11 | 11/23/11 | Reductin In Force / Restructuring | Industrial Cement Finisher | Journeyman | Black or African American |
| Castro, Ricardo | 04/27/09 | 10/14/11 | Reductin In Force / Restructuring | Industrial Ironworker | Journeyman | Hispanic or Latino |
| Chapman, Glenn P. | 11/22/10 | 10/20/11 | Reductin In Force / Restructuring | Industrial Pipefitter | Certified Journeyman | White (Not of Hispanic Origin) |
| Cherry, Jimmy D. | 07/07/09 | 02/11/11 | Reductin In Force / Restructuring | Industrial Millwright | Journeyman | Black or African American |
| Choate, Steven L. | 07/26/10 | 08/05/11 | Reductin In Force / Restructuring | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Clark Jr, Kenneth H. | 04/11/11 | 10/07/11 | Reductin In Force / Restructuring | Industrial Electrician | Certified Journeyman | White (Not of Hispanic Origin) |
| Collier, Shawn | 03/22/11 | 07/15/11 | Reductin In Force / Restructuring | Industrial Carpenter | Helper 0-6 Months | White (Not of Hispanic Origin) |
| Cooke, Christopher C. | 07/12/10 | 03/16/11 | Reductin In Force / Restructuring | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Cooper, Brandon | 02/28/11 | 10/06/11 | Reductin In Force / Restructuring | Industrial Electrician | Helper 30-36 Months | Black or African American |
| Cox, Boyd | 11/01/10 | 05/06/11 | Reductin In Force / Restructuring | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Craig, Mark | 05/10/11 | 10/24/11 | Reductin In Force / Restructuring | Industrial Welder | Combination X-Ray | White (Not of Hispanic Origin) |
| Cross, Zack | 02/21/11 | 08/05/11 | Reductin In Force / Restructuring | Industrial Electrician | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Curry, Joseph A. | 06/28/11 | 10/20/11 | Reductin In Force / Restructuring | Industrial Pipefitter | Foreman | White (Not of Hispanic Origin) |
| Daniel, Michael S. | 08/30/11 | 10/20/11 | Reductin In Force / Restructuring | Industrial Welder | Combination X-Ray | Two or More Races |
| Davis, Derek | 07/18/11 | 10/21/11 | Reductin In Force / Restructuring | Industrial Pipefitter | Helper 24-30 Months | Black or African American |
| Davis, Michael | 01/19/11 | 08/05/11 | Reductin In Force / Restructuring | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Davis, Michael K. | 03/09/09 | 10/31/11 | Reductin In Force / Restructuring | Industrial Rigger | Certified Journeyman | White (Not of Hispanic Origin) |
| De Anda, Raymond | 08/23/10 | 10/11/11 | Reductin In Force / Restructuring | Industrial Ironworker | Journeyman | Hispanic or Latino |
| Dean, Kevin W. | 06/24/09 | 08/05/11 | Reductin In Force / Restructuring | Industrial Welder | Combination | White (Not of Hispanic Origin) |
| Deloney, Brian | 03/03/08 | 12/27/11 | Reductin In Force / Restructuring | Industrial Laborer | Foreman | Black or African American |
| Dixon, Bobby W. | 10/19/09 | 05/18/11 | Reductin In Force / Restructuring | Industrial Carpenter | Helper 30-36 Months | White (Not of Hispanic Origin) |
| Dougan, Allen D. | 04/04/11 | 10/07/11 | Reductin In Force / Restructuring | Industrial Electrician | Helper 6-12 Months | White (Not of Hispanic Origin) |
| Downs, Richard C. | 01/05/09 | 07/15/11 | Reductin In Force / Restructuring | Industrial Carpenter | Helper 24-30 Months | White (Not of Hispanic Origin) |
| Duesler, William F. | 08/16/10 | 07/22/11 | Reductin In Force / Restructuring | Industrial Surveyor | Journeyman | White (Not of Hispanic Origin) |
| Edwards, Anthony J. | 08/16/10 | 08/12/11 | Reductin In Force / Restructuring | Industrial Equipment Operator | Medium Equipment | White (Not of Hispanic Origin) |
| Ellis, Danny P. | 03/02/09 | 02/04/11 | Reductin In Force / Restructuring | Industrial Rodbuster | Journeyman | White (Not of Hispanic Origin) |
| Fancher, Perry G. | 04/26/10 | 10/28/11 | Reductin In Force / Restructuring | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Farrell, Virgil | 09/06/11 | 11/11/11 | Reductin In Force / Restructuring | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Fears, Carl L. | 06/08/09 | 12/30/11 | Reductin In Force / Restructuring | Industrial Rigger | Certified Journeyman | White (Not of Hispanic Origin) |
| Foster, Jonathan W. | 07/06/10 | 10/07/11 | Reductin In Force / Restructuring | Industrial Electrician | Foreman | White (Not of Hispanic Origin) |
| Frazier, Deon | 07/20/10 | 05/18/11 | Reductin In Force / Restructuring | Industrial Laborer | Helper 6-12 Months | Black or African American |
| Frazier, Robert | 01/18/11 | 06/10/11 | Reductin In Force / Restructuring | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Freeland, Paul | 03/28/11 | 10/20/11 | Reductin In Force / Restructuring | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |

Layoffs in 2011-2012

Derek Davis VS. The Shaw Group
493-2012-00354
Volume 2 of 2


EXHIBIT
L
tabbies

Moore et al. V. Shaw 004991

| Employee Name | Recent Start Date | Termination Date | Change Reason Name | Job Title | Job Step | Ethnic Code Description |
|---|---|---|---|---|---|---|
| Aaron, Zeb | 10/04/10 | 03/31/11 | Reductin in Force / Restructurng | Industrial Carpenter | Helper 0-6 Months | White (Not of Hispanic Origin) |
| Adkins, Bobbie D. | 09/12/11 | 11/17/11 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Helper 30-36 Months | White |
| Amos, Ryan S. | 08/04/08 | 11/23/11 | Reductin in Force / Restructurng | Industrial Cement Finisher | Leadman | White (Not of Hispanic Origin) |
| Anderson, Chad | 06/28/11 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Armstead, Howard | 06/21/10 | 02/02/12 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Foreman | Black or African American |
| Auguste, Medford | 04/18/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | Black or African American |
| Auld, Paul E. | 04/28/08 | 07/15/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Light Equipment | White (Not of Hispanic Origin) |
| Bailey, Jesse R | 08/23/10 | 07/18/11 | Reductin in Force / Restructurng | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Barnhill III, Johnny | 08/23/10 | 08/05/11 | Reductin in Force / Restructurng | Industrial Ironworker | Journeyman | White (Not of Hispanic Origin) |
| Basaldua Jr, Julian | 04/27/09 | 10/14/11 | Reductin in Force / Restructurng | Industrial Ironworker | Journeyman | Hispanic or Latino |
| Baxter, Larry B. | 08/24/10 | 03/31/11 | Reductin in Force / Restructurng | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Bear, Zoo | 08/01/11 | 01/13/12 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Leadman | White (Not of Hispanic Origin) |
| Bennett, Randy H. | 02/07/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| Bingham, Mario L. | 12/13/10 | 01/13/12 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Foreman | Black or African American |
| Box, Jimmy | 08/02/10 | 10/21/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Medium Equipment | White (Not of Hispanic Origin) |
| Box, Joanne | 07/18/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Bradley, Danny F. | 03/31/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Helper 30-36 Months | White (Not of Hispanic Origin) |
| Bradshaw, James | 01/11/11 | 10/28/11 | Reductin in Force / Restructurng | Industrial Millwright | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Brewer, Jared | 12/17/10 | 02/11/11 | Reductin in Force / Restructurng | Industrial Millwright | Certified Journeyman | White (Not of Hispanic Origin) |
| Brunn, Jason | 02/21/11 | 10/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Foreman | White (Not of Hispanic Origin) |
| Burch, Joseph G. | 07/16/11 | 10/07/11 | Reductin in Force / Restructurng | Industrial Electrician | Certified Journeyman | Hispanic or Latino |
| Burks, Micheal L. | 08/30/11 | 11/23/11 | Reductin in Force / Restructurng | Industrial Cement Finisher | Journeyman | Black or African American |
| Castro, Ricardo | 04/27/09 | 10/14/11 | Reductin in Force / Restructurng | Industrial Ironworker | Journeyman | Hispanic or Latino |
| Chapman, Glenn P. | 11/22/10 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Certified Journeyman | White (Not of Hispanic Origin) |
| Cherry, Jimmy D. | 07/07/09 | 02/11/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | Black or African American |
| Choate, Steven L. | 07/26/10 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Clark Jr, Kenneth H. | 04/11/11 | 10/07/11 | Reductin in Force / Restructurng | Industrial Electrician | Certified Journeyman | White (Not of Hispanic Origin) |
| Collier, Shawn | 03/22/11 | 07/15/11 | Reductin in Force / Restructurng | Industrial Carpenter | Helper 0-6 Months | White (Not of Hispanic Origin) |
| Cooke, Christopher C. | 07/12/10 | 03/16/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Cooper, Brandon | 02/28/11 | 10/06/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 30-36 Months | Black or African American |
| Cox, Boyd | 11/01/10 | 05/06/11 | Reductin in Force / Restructurng | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Craig, Mark | 05/10/11 | 10/24/11 | Reductin in Force / Restructurng | Industrial Welder | Combination X-Ray | White (Not of Hispanic Origin) |
| Cross, Zack | 02/21/11 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Curry, Joseph A. | 06/28/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Foreman | White (Not of Hispanic Origin) |
| Daniel, Michael S. | 08/30/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Welder | Combination X-Ray | Two or More Races |
| Davis, Derek | 07/18/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Helper 24-30 Months | Black or African American |
| Davis, Michael | 01/19/11 | 10/08/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Davis, Michael K. | 03/09/09 | 10/31/11 | Reductin in Force / Restructurng | Industrial Rigger | Certified Journeyman | White (Not of Hispanic Origin) |
| De Anda, Raymond | 08/23/10 | 06/10/11 | Reductin in Force / Restructurng | Industrial Ironworker | Journeyman | Hispanic or Latino |
| Dean, Kevin W. | 06/24/09 | 08/05/11 | Reductin in Force / Restructurng | Industrial Welder | Combination | White (Not of Hispanic Origin) |
| Deloney, Brian | 03/03/08 | 12/27/11 | Reductin in Force / Restructurng | Industrial Laborer | Foreman | Black or African American |
| Dixon, Bobby W. | 10/19/09 | 05/18/11 | Reductin in Force / Restructurng | Industrial Carpenter | Helper 30-36 Months | White (Not of Hispanic Origin) |
| Dougan, Allen D. | 04/04/11 | 10/07/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 6-12 Months | White (Not of Hispanic Origin) |
| Downs, Richard C. | 01/05/09 | 07/15/11 | Reductin in Force / Restructurng | Industrial Carpenter | Helper 24-30 Months | White (Not of Hispanic Origin) |
| Duesler, William F. | 08/16/10 | 07/22/11 | Reductin in Force / Restructurng | Industrial Surveyor | Journeyman | White (Not of Hispanic Origin) |
| Edwards, Anthony J. | 08/16/10 | 08/12/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Medium Equipment | White (Not of Hispanic Origin) |
| Ellis, Danny P. | 03/02/09 | 02/04/11 | Reductin in Force / Restructurng | Industrial Rodbuster | Journeyman | White (Not of Hispanic Origin) |
| Fancher, Perry G. | 04/26/10 | 10/28/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Farrell, Virgil | 09/06/11 | 11/11/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Fears, Carl L. | 06/08/09 | 12/30/11 | Reductin in Force / Restructurng | Industrial Rigger | Certified Journeyman | White (Not of Hispanic Origin) |
| Foster, Jonathan W. | 07/06/10 | 10/07/11 | Reductin in Force / Restructurng | Industrial Electrician | Foreman | White (Not of Hispanic Origin) |
| Frazier, Deon | 07/20/10 | 05/18/11 | Reductin in Force / Restructurng | Industrial Laborer | Helper 6-12 Months | Black or African American |
| Frazier, Robert | 01/18/11 | 06/10/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Freeland, Paul | 03/28/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |

Layoffs in 2011-2012

| Employee Name | Recent Start Date | Termination Date | Change Reason Name | Job Title | Job Step | Ethnic Code Description |
|---|---|---|---|---|---|---|
| Freeland, Thomas | 03/21/11 | 10/22/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Leadman | White (Not of Hispanic Origin) |
| Fuller, Kenneth | 08/08/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Certified Journeyman | White (Not of Hispanic Origin) |
| Gaitan, Alfredo | 03/24/09 | 05/26/11 | Reductin in Force / Restructurng | Industrial Carpenter | Helper 18-24 Months | Hispanic or Latino |
| Gonzalez, Javier R. | 10/05/09 | 07/15/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Medium Equipment | Hispanic or Latino |
| Goodrum, Cathy | 10/11/10 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Green, Marvin K. | 12/28/09 | 10/14/11 | Reductin in Force / Restructurng | Industrial Ironworker | Helper 18-24 Months | Black or African American |
| Griffin, Kenneth S. | 01/11/10 | 05/06/11 | Reductin in Force / Restructurng | Industrial Cement Finisher | Journeyman | White (Not of Hispanic Origin) |
| Grisham Sr, Douglas A. | 07/27/10 | 01/13/12 | Reductin in Force / Restructurng | Industrial Equipment Operator | Medium Equipment | White (Not of Hispanic Origin) |
| Harris, Marc R. | 04/26/10 | 01/27/12 | Reductin in Force / Restructurng | Industrial Warehouseman | Helper 12-18 Months | White (Not of Hispanic Origin) |
| Hart, Jeffrey L. | 03/17/08 | 02/07/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Light Equipment | White (Not of Hispanic Origin) |
| Hatcher, Alfonza L. | 11/17/08 | 10/14/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Light Equipment | Black or African American |
| Hatcher, Jesse O. | 06/14/11 | 10/06/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | Black or African American |
| Hatley, Dianne R. | 02/15/10 | 01/27/12 | Reductin in Force / Restructurng | Industrial Warehouseman | Helper 30-36 Months | Black or African American |
| Head, William | 02/28/11 | 01/13/12 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Journeyman | White (Not of Hispanic Origin) |
| Hendrix, James E. | 09/29/08 | 02/07/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Leadman | White (Not of Hispanic Origin) |
| Herrera, Fernando | 03/29/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Helper 30-36 Months | Hispanic or Latino |
| Highlander, Joshua B. | 07/28/08 | 02/07/11 | Reductin in Force / Restructurng | Industrial Carpenter | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Hill, Jammie J. | 03/22/10 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 24-30 Months | White (Not of Hispanic Origin) |
| Hogg, Clint | 07/13/10 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Certified Journeyman | White (Not of Hispanic Origin) |
| Horseman, Milton L. | 07/27/10 | 08/05/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Hoyuela, Jose | 01/11/11 | 10/06/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 18-24 Months | Hispanic or Latino |
| Hull, Carrol A. | 03/28/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Humphry, Richard A. | 10/06/08 | 07/15/11 | Reductin in Force / Restructurng | Industrial Carpenter | Leadman | White (Not of Hispanic Origin) |
| Ingram, Henry | 10/31/11 | 11/17/11 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Journeyman | Black or African American |
| Jackson, Don R. | 01/26/09 | 02/07/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Medium Equipment | Black or African American |
| Jackson, Maxie O. | 10/26/09 | 07/15/11 | Reductin in Force / Restructurng | Industrial Carpenter | General Foreman | Black or African American |
| Johnson, Bennie E. | 05/03/10 | 02/03/11 | Reductin in Force / Restructurng | Industrial Rodbuster | Helper 12-18 Months | Black or African American |
| Johnson, Clint R. | 03/23/10 | 02/02/12 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Journeyman | Black or African American |
| Johnson, Jesse | 02/21/11 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Johnson, Patrick L. | 07/21/09 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Helper 12-18 Months | White (Not of Hispanic Origin) |
| Johnson, Roy F. | 08/15/11 | 12/09/11 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Journeyman | Unknown |
| Jones Jr, Archie | 03/22/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| Jones Jr, Herbert | 09/29/08 | 02/07/11 | Reductin in Force / Restructurng | Industrial Laborer | Foreman | Black or African American |
| Jones, Garry | 03/21/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| Kealer, Bradley L. | 04/18/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Foreman | White (Not of Hispanic Origin) |
| Keener, Dewey | 11/09/10 | 05/06/11 | Reductin in Force / Restructurng | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Keller, Jack | 03/28/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Certified Journeyman | White (Not of Hispanic Origin) |
| Kieninger, Arthur K. | 04/20/09 | 06/03/11 | Reductin in Force / Restructurng | Industrial Rigger | Certified Journeyman | White (Not of Hispanic Origin) |
| Kimberlin, William L. | 08/15/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| Knight, Korey M. | 11/30/09 | 02/04/11 | Reductin in Force / Restructurng | Industrial Rodbuster | Helper 18-24 Months | White (Not of Hispanic Origin) |
| Korn, Michael T. | 04/18/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Welder | Structural | White (Not of Hispanic Origin) |
| Lagneaux, Debra A. | 06/27/11 | 10/07/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Lamb, Johnny M. | 01/22/08 | 07/15/11 | Reductin in Force / Restructurng | Industrial Carpenter | Journeyman | White (Not of Hispanic Origin) |
| Latham, William B. | 02/04/08 | 07/15/11 | Reductin in Force / Restructurng | Industrial Carpenter | General Foreman | White (Not of Hispanic Origin) |
| Leach, Charles S. | 05/11/09 | 10/14/11 | Reductin in Force / Restructurng | Industrial Brick Mason | Journeyman | Black or African American |
| Lehnick, Kelly D. | 08/01/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Certified Journeyman | American Indian/Alaskan Native |
| Lewis III, Walter E. | 05/31/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Welder | Combination X-Ray | White (Not of Hispanic Origin) |
| Lewis, Marvin | 06/27/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| Lewis, Tommy E. | 10/21/08 | 07/15/11 | Reductin in Force / Restructurng | Industrial Scaffold Carpenter | Foreman | White (Not of Hispanic Origin) |
| Loggins, Bruce E. | 04/05/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Long, Scott W. | 01/25/10 | 03/16/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Loper, Linda L. | 06/01/10 | 02/07/11 | Reductin in Force / Restructurng | Industrial Warehouseman | Journeyman | White (Not of Hispanic Origin) |
| Loper, Perry G. | 04/19/10 | 02/02/12 | Reductin in Force / Restructurng | Industrial Millwright | General Foreman | White (Not of Hispanic Origin) |

ayoffs in 2011-2012

2

| Employee Name | Recent Start Date | Termination Date | Change Reason Name | Job Title | Job Step | Ethnic Code Description |
|---|---|---|---|---|---|---|
| Lopez, Luis F. | 04/27/10 | 12/09/11 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Journeyman | Hispanic or Latino |
| Luna, Rene | 01/11/11 | 10/06/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 24-30 Months | Hispanic or Latino |
| Marrufo, Jesus M. | 08/18/08 | 06/10/11 | Reductin in Force / Restructurng | Industrial Ironworker | Helper 18-24 Months | Hispanic or Latino |
| Martin, Chad | 03/15/11 | 05/06/11 | Reductin in Force / Restructurng | Industrial Carpenter | Certified Journeyman | White (Not of Hispanic Origin) |
| Martin, Charles D. | 06/06/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Welder | Combination X-Ray | Black or African American |
| Martin, Jeffery | 07/13/10 | 10/06/11 | Reductin in Force / Restructurng | Industrial Electrician | Certified Journeyman | White (Not of Hispanic Origin) |
| Martin, Robert | 06/28/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| May, Robert R. | 07/14/08 | 09/30/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Medium Equipment | White (Not of Hispanic Origin) |
| McDaniel, Jason R. | 10/19/09 | 10/14/11 | Reductin in Force / Restructurng | Industrial Ironworker | Helper 24-30 Months | Black or African American |
| McElwee, Philip D. | 04/19/10 | 03/16/11 | Reductin in Force / Restructurng | Industrial Millwright | Certified Journeyman | White (Not of Hispanic Origin) |
| McPeak, Wenell E. | 11/16/09 | 02/07/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Light Equipment | Black or African American |
| Moore, Stephone D. | 07/20/10 | 02/07/11 | Reductin in Force / Restructurng | Industrial Laborer | Helper 12-18 Months | Black or African American |
| Morris, Billy D. | 04/12/10 | 10/21/11 | Reductin in Force / Restructurng | Industrial Welder | Combination | White (Not of Hispanic Origin) |
| Morris, Dallas | 08/15/11 | 11/11/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Munford, Danny | 07/20/09 | 02/07/11 | Reductin in Force / Restructurng | Industrial Welder | Combination | Black or African American |
| Navarro, John D. | 12/22/08 | 06/10/11 | Reductin in Force / Restructurng | Industrial Ironworker | Helper 18-24 Months | Hispanic or Latino |
| Norton, Kevin | 10/31/11 | 11/17/11 | Reductin in Force / Restructurng | Industrial Heat Stress Tech | Journeyman | Black or African American |
| Oglethorpe, Gary L. | 11/29/10 | 06/10/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Parada Jr, Juan | 01/18/10 | 01/18/11 | Reductin in Force / Restructurng | Industrial Scaffold Carpenter | Journeyman | Hispanic or Latino |
| Pate Jr, Ronny L. | 11/03/08 | 10/21/11 | Reductin in Force / Restructurng | Industrial Rigger | Certified Journeyman | White (Not of Hispanic Origin) |
| Pate Sr, Ronny L. | 06/17/10 | 07/15/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Medium Equipment | White (Not of Hispanic Origin) |
| Paz, Jerry J. | 04/19/10 | 02/07/11 | Reductin in Force / Restructurng | Industrial Welder | Structural | Hispanic or Latino |
| Pearson, Scott | 01/31/11 | 10/07/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Peppard, William | 01/11/11 | 05/26/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Petree, Penny S. | 01/26/09 | 07/01/11 | Reductin in Force / Restructurng | Industrial Warehouseman | Journeyman | White (Not of Hispanic Origin) |
| Ponder, Matthew B. | 08/24/10 | 07/15/11 | Reductin in Force / Restructurng | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Porter, Nico | 06/06/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Helper 18-24 Months | Black or African American |
| Portillo, Cristobal | 03/16/09 | 02/07/11 | Reductin in Force / Restructurng | Industrial Carpenter | Foreman | Hispanic or Latino |
| Rawls, Marvin | 08/16/10 | 03/31/11 | Reductin in Force / Restructurng | Industrial Brick Mason | Journeyman | White (Not of Hispanic Origin) |
| Richardson, Marcus D. | 07/25/11 | 10/21/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Helper 30-36 Months | Two or More Races |
| Rigsby Jr, James | 01/11/11 | 05/26/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Riley, Billy R. | 04/27/09 | 10/20/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Foreman | White (Not of Hispanic Origin) |
| Rivera, Deyvi | 01/11/10 | 05/06/11 | Reductin in Force / Restructurng | Industrial Cement Finisher | Helper 6-12 Months | Hispanic or Latino |
| Roberts, Keith L. | 07/13/09 | 05/26/11 | Reductin in Force / Restructurng | Industrial Cement Finisher | Journeyman | Black or African American |
| Robertson, Roy D. | 07/11/11 | 10/20/11 | Reductin in Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| Robinson, David W. | 09/08/09 | 02/03/11 | Reductin in Force / Restructurng | Industrial Carpenter | Journeyman | Black or African American |
| Robinson, Elton V. | 04/12/11 | 10/06/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 30-36 Months | Black or African American |
| Rosson, Glenn P. | 11/09/09 | 02/11/11 | Reductin in Force / Restructurng | Industrial Millwright | Foreman | White (Not of Hispanic Origin) |
| Sanchez, Eduardo L. | 10/27/09 | 06/09/11 | Reductin in Force / Restructurng | Industrial Ironworker | Journeyman | Hispanic or Latino |
| Sanchez, Esteban | 03/23/09 | 05/18/11 | Reductin in Force / Restructurng | Industrial Rodbuster | Certified Journeyman | Hispanic or Latino |
| Sanders Sr, Willie L. | 03/14/11 | 11/23/11 | Reductin in Force / Restructurng | Industrial Carpenter | Certified Journeyman | Black or African American |
| Sanford, Gary D. | 07/19/10 | 05/18/11 | Reductin in Force / Restructurng | Industrial Rodbuster | Certified Journeyman | White (Not of Hispanic Origin) |
| Santiago, Heriberto | 12/06/10 | 10/14/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | Hispanic or Latino |
| Sauceda, Rene | 02/01/11 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | Hispanic or Latino |
| Schulz, Lyle D. | 01/18/10 | 10/28/11 | Reductin in Force / Restructurng | Industrial Laborer | Helper 12-18 Months | White (Not of Hispanic Origin) |
| Sharpe, Jeffery T. | 11/10/09 | 10/14/11 | Reductin in Force / Restructurng | Industrial Ironworker | Certified Journeyman | White (Not of Hispanic Origin) |
| Shoemaker, Nathan A. | 08/10/10 | 08/05/11 | Reductin in Force / Restructurng | Industrial Electrician | Certified Journeyman | White (Not of Hispanic Origin) |
| Skelton, Floyd | 03/14/11 | 10/14/11 | Reductin in Force / Restructurng | Industrial Ironworker | Certified Journeyman | White (Not of Hispanic Origin) |
| Sllder, Patricia A. | 07/09/08 | 02/07/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Light Equipment | White (Not of Hispanic Origin) |
| Smith, Carl | 02/28/11 | 10/06/11 | Reductin in Force / Restructurng | Industrial Electrician | Helper 30-36 Months | White (Not of Hispanic Origin) |
| Smith, Greg R. | 07/20/09 | 05/06/11 | Reductin in Force / Restructurng | Industrial Equipment Operator | Medium Equipment | White (Not of Hispanic Origin) |
| Smith, Heath | 06/20/11 | 10/07/11 | Reductin in Force / Restructurng | Industrial Electrician | Journeyman | American Indian/Alaskan Native |
| Smith, Jimmy R. | 12/06/10 | 05/26/11 | Reductin in Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |

Layoffs in 2011-2012

3

| Employee Name | Recent Start Date | Termination Date | Change Reason Name | Job Title | Job Step | Ethnic Code Description |
|---|---|---|---|---|---|---|
| Smith, Mark L. | 09/06/11 | 11/23/11 | Reductin In Force / Restructurng | Industrial Cement Finisher | Journeyman | Black or African American |
| Smith, Michael F. | 04/05/11 | 10/21/11 | Reductin In Force / Restructurng | Industrial Pipefitter | Certified Journeyman | White (Not of Hispanic Origin) |
| Snyder, Shannon | 01/11/11 | 03/16/11 | Reductin In Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Solis, Luis | 10/17/11 | 11/17/11 | Reductin In Force / Restructurng | Industrial Heat Stress Tech | Journeyman | Hispanic or Latino |
| Soto, Cedric | 10/20/08 | 05/26/11 | Reductin In Force / Restructurng | Industrial Carpenter | Helper 18-24 Months | Hispanic or Latino |
| Spence, Kelly J. | 02/04/09 | 05/31/11 | Reductin In Force / Restructurng | Industrial Cement Finisher | Certified Journeyman | White (Not of Hispanic Origin) |
| St Clair, Joshua E. | 03/14/11 | 10/06/11 | Reductin In Force / Restructurng | Industrial Electrician | Helper 6-12 Months | White (Not of Hispanic Origin) |
| Stewart, Arthur | 05/31/11 | 08/05/11 | Reductin In Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Stewart, Billy J. | 05/10/10 | 08/05/11 | Reductin In Force / Restructurng | Industrial Welder | Structural | White (Not of Hispanic Origin) |
| Stuard, Nathan | 01/17/11 | 06/10/11 | Reductin In Force / Restructurng | Industrial Ironworker | Journeyman | White (Not of Hispanic Origin) |
| Tallant, Christopher J. | 07/05/11 | 10/21/11 | Reductin In Force / Restructurng | Industrial Pipefitter | Leadman | White (Not of Hispanic Origin) |
| Tank, Thomas K. | 08/24/09 | 01/13/12 | Reductin In Force / Restructurng | Industrial Rigger | Leadman | White (Not of Hispanic Origin) |
| Thomas, Terry | 07/25/11 | 10/07/11 | Reductin In Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Thurman, James | 05/23/11 | 08/05/11 | Reductin In Force / Restructurng | Industrial Electrician | Journeyman | White (Not of Hispanic Origin) |
| Tidwell, John N. | 08/16/10 | 05/26/11 | Reductin In Force / Restructurng | Industrial Welder | Structural | White (Not of Hispanic Origin) |
| Timms, Tina | 12/06/10 | 02/11/11 | Reductin In Force / Restructurng | Industrial Millwright | Helper 24-30 Months | White (Not of Hispanic Origin) |
| Toth, Steve J. | 09/20/11 | 10/20/11 | Reductin In Force / Restructurng | Industrial Pipefitter | Journeyman | White (Not of Hispanic Origin) |
| Tumlison, Matthew J. | 04/19/10 | 02/07/11 | Reductin In Force / Restructurng | Industrial Welder | Combination | White (Not of Hispanic Origin) |
| Underwood, James | 09/20/11 | 10/20/11 | Reductin In Force / Restructurng | Industrial Pipefitter | Helper 24-30 Months | White (Not of Hispanic Origin) |
| Venegas, Marcelino | 10/04/10 | 02/02/12 | Reductin In Force / Restructurng | Industrial General Supervisor | | Hispanic or Latino |
| Waddell, Michael B. | 04/18/11 | 01/27/12 | Reductin In Force / Restructurng | Industrial Warehouseman | Helper 6-12 Months | White (Not of Hispanic Origin) |
| Ware, Timmie M. | 12/14/09 | 05/18/11 | Reductin In Force / Restructurng | Industrial Rodbuster | Foreman | Black or African American |
| Watson, Rasheed H. | 04/12/11 | 10/06/11 | Reductin In Force / Restructurng | Industrial Electrician | Helper 30-36 Months | Black or African American |
| West, Johnny F. | 10/13/08 | 05/27/11 | Reductin In Force / Restructurng | Industrial Carpenter | Helper 24-30 Months | Hispanic or Latino |
| West, William J. | 10/06/08 | 02/18/11 | Reductin In Force / Restructurng | Industrial Carpenter | Leadman | White (Not of Hispanic Origin) |
| Wheat, Dewayne | 11/17/08 | 08/05/11 | Reductin In Force / Restructurng | Industrial Ironworker | Helper 24-30 Months | White (Not of Hispanic Origin) |
| Willey, Brittain K. | 01/24/11 | 03/21/11 | Reductin In Force / Restructurng | Industrial Millwright | Journeyman | White (Not of Hispanic Origin) |
| Williams, Myesha A. | 09/27/11 | 11/23/11 | Reductin In Force / Restructurng | Industrial Laborer | Helper 0-6 Months | Black or African American |
| Williamson, Brandon D. | 05/18/09 | 02/07/11 | Reductin In Force / Restructurng | Industrial Laborer | Helper 12-18 Months | Black or African American |
| Williamson, Charles | 11/02/10 | 03/31/11 | Reductin In Force / Restructurng | Industrial Brick Mason | Journeyman | Black or African American |
| Williamson, Paul E. | 08/10/10 | 10/07/11 | Reductin In Force / Restructurng | Industrial Electrician | Certified Journeyman | White (Not of Hispanic Origin) |
| Willis, Tommy | 09/20/10 | 02/11/11 | Reductin In Force / Restructurng | Industrial Millwright | Helper 30-36 Months | White (Not of Hispanic Origin) |
| Wilson, Lisa M. | 11/09/09 | 02/07/11 | Reductin In Force / Restructurng | Industrial Laborer | Helper 12-18 Months | Black or African American |
| Word, Michael T. | 11/22/10 | 10/21/11 | Reductin In Force / Restructurng | Industrial Pipefitter | Foreman | White (Not of Hispanic Origin) |
| Wright, Jason W. | 09/27/10 | 10/21/11 | Reductin In Force / Restructurng | Industrial Ironworker | Helper 6-12 Months | White (Not of Hispanic Origin) |
| Yeley, Joshua | 12/07/09 | 02/03/11 | Reductin In Force / Restructurng | Industrial Carpenter | Leadman | White (Not of Hispanic Origin) |

ayoffs in 2011-2012

Derek Davis VS. The Shaw Group
483-2012-00354
Volume 2 of 2

Moore et al. v. Shaw 004994

# Declaration and Statement of Facts

Employees exposed to this investigation are hereby notified that this investigation and all information thereof are confidential. Employees are required to comply with standards of conduct that maintain confidentiality. Employees that fail to adhere are subject to disciplinary action up to and including termination.

Acknowledged by:

| Name | Interpreter | Transcriber |
|------|-------------|-------------|
| Silbeste Gutierrez | | |
| *Print* | *Print* | *Print* |
| [signature] | | |
| *Signature* | *Signature* | *Signature* |
| 10-5-11 | | |
| *Date* | *Date* | *Date* |

I, __Silbeste Gutierrez__, have personal knowledge of this matter and state:
[Name]

I was working on 127 Elv. in South side, STG
in I was past to the southeast side in I have feeling
something on me I turn around in look up and I saw
the rope at 11:30 am in I was looking somebody
with radio and I dont found any and after
lunch I sold roy to see what I saw and
look somebody with radio and we call saffty
in saffty show up and I dont see anybody it
like walkway

I declare that the foregoing is true and correct.     Name Silbeste Gutierrez Date 10-5-11

I declare that the foregoing is a true translation. Interpreter _____ Date _____



**EXHIBIT M**

Moore et al. v. Shaw 002965

# Declaration and Statement of Facts

Page __1__ of __1__

Employees exposed to this investigation are hereby notified that this investigation and all information thereof are confidential. Employees are required to comply with standards of conduct that maintain confidentiality. Employees that fail to adhere are subject to disciplinary action up to and including termination.

Acknowledged by:

Interviewed by:

| Name | Interpreter | Transcriber |
|------|-------------|-------------|
| Billy Oglesby<br>Print | Print | Ed Lorck<br>Print |
| _Oblesby_<br>Signature | Signature | _EW_<br>Signature |
| 10-6-11<br>Date | Date | 10/6/11<br>Date |

I, __Billy Oglesby__, have personal knowledge of this matter and state:
   [Name]

I walked out of the east Door way of the
Boiler feeder room on 132° and a guy from Heat stress
asked me to call wizard from Softey. I asked him what
was wrong and he pointed to the noose.
It was after lunch. So wizard ad wagg. came
up wagg took picthus. There was two electians
working in the area do not Know there names
Did not notice anyone hanging around
I have not heard of anyone talking
about nooses before.

I declare that the foregoing is true and correct. Name _BOgb_ Date _10-6-11_

I declare that the foregoing is a true translation. Interpreter _____ Date _____



EXHIBIT
N

Moore et al. v. Shaw 002966

## Declaration and Statement of Facts

Employees exposed to this investigation are hereby notified that this investigation and all information thereof are confidential. Employees are required to comply with standards of conduct that maintain confidentiality. Employees that fail to adhere are subject to disciplinary action up to and including termination.

Acknowledged by:

| Name | Interpreter | Transcriber |
|---|---|---|
| Roy Johnson | | |
| Print | Print | Print |
| | | |
| Signature | Signature | Signature |
| 10/05/2011 | | |
| Date | Date | Date |

I, _Roy Johnson_, have personal knowledge of this matter and state:
[Name]

ON THE SOUTH EAST SIDE OF THE 127 ELEVATION, AS MYSELF
AND A COWORKER (SILBESTRE GHITEREZZ) WERE RETURNING
FROM LUNCH, SILBESTRE TOLD ME HE NOTICED SOMETHING
HE WANTED TO SHOW ME AS WE APPROACHED THE
NOOSE I DIDN'T SEE IT BECAUSE IT WAS BEI PLACED
TO HOLD A WELDING LEAD OUT OF THE WALK WAY.
WHEN SILBESTRE POINTED TO IT, I NOTICED IT
MYSELF. AS A FOREMEN WALKED BY I ASKED
HIM TO CALL SAFETY (WIZARD) TO COME AND
SEE THIS. HE (WIZARD) CALLED HR

I declare that the foregoing is true and correct. Name _____ Date: 10/05/11

I declare that the foregoing is a true translation. Interpreter: _____ Date: _____



EXHIBIT

Moore et al. v. Shaw 002967

## Declaration and Statement of Facts

Employees exposed to this investigation are hereby notified that this investigation and all information thereof are confidential. Employees are required to comply with standards of conduct that maintain confidentiality. Employees that fail to adhere are subject to disciplinary action up to and including termination.

Interviewed
~~acknowledged by:~~

| Name | Interpreter | Transcriber |
|------|-------------|-------------|
| Ed Wick | | |
| *Print* | *Print* | *Print* |
| ELW. | | |
| *Signature* | *Signature* | *Signature* |
| 10/6/11 | | |
| *Date* | *Date* | *Date* |

I, David Draper , have personal knowledge of this matter and state:
     [Name]

Aproximetelly 1-2 Pm
Billey told me Some one fovd a noose
Greg David Billey And I
ther was Several safety men Came UP there.
I did not See any one haging around
I did not heare anyone Talking abouT a noose

Note: The questions answered above:
1) What time did you become aware something was going on out of the ordinary?
2) What did you first observe or hear that made you aware of issue?
3) Who did you see in the area by name or job role?
4) Was there anyone just hanging around the area that

I declare that the foregoing is true and correct.  Name David J. Draper  Date 10-6-11

I declare that the foregoing is a true translation. Interpreter _____ Date _____



**EXHIBIT P**

Moore et al. v. Shaw 002968

## Declaration and Statement of Facts

Employees exposed to this investigation are hereby notified that this investigation and all information thereof are confidential. Employees are required to comply with standards of conduct that maintain confidentiality. Employees that fail to adhere are subject to disciplinary action up to and including termination.

Acknowledged by:

| Name | Interpreter | Transcriber |
|------|-------------|-------------|
| *Cory R Phillips*<br>Print | Print | Print |
| *[signature]*<br>Signature | Signature | Signature |
| 10-06-2011<br>Date | Date | Date |

I, *Cory R Phillips* , have personal knowledge of this matter and state:
[Name]

When i cory Phillips Seen the cops. It was when gates had done been called up. I Did not see anyone or anything out of the way. Came to my work site from a diffent point. In was working about 30 feet away

I declare that the foregoing is true and correct.    Name: *[signature]* Date: 10-6-2011

I declare that the foregoing is a true translation. Interpreter: _____ Date: _____



Moore et al. v. Shaw 002969

## Declaration and Statement of Facts

Employees exposed to this investigation are hereby notified that this investigation and all information thereof are confidential. Employees are required to comply with standards of conduct that maintain confidentiality. Employees that fail to adhere are subject to disciplinary action up to and including termination.

Acknowledged by:

| Name | Interpreter | Transcriber |
|------|-------------|-------------|
| David Montgomery _Print_ | _Print_ | _Print_ |
| David Montgomery _Signature_ | _Signature_ | _Signature_ |
| 10/6/2011 _Date_ | _Date_ | _Date_ |

I, _David Montgomery_ , have personal knowledge of this matter and state:
[Name]

I was working in the boiler feed pump room on the day in question. Some time around (midday?) safety personnel asked me to step out of the room. Approx. 8 ft to the left of the doorway to the room, there was a rope tied to a load in the shape of a noose. I informed the safety man that I hadn't noticed the noose prior to that time. The area in which the noose was found is a high-traffic area. The boiler feed pump room door is not situated in way that I could view the area where the noose was found from my work area. I have not seen any nooses before or after being shown the noose in question.

I declare that the foregoing is true and correct. Name: David C Montgomery Date: 10/6/2011

I declare that the foregoing is a true translation. Interpreter: _____ Date: _____



Moore et al. v. Shaw 002970

## Declaration and Statement of Facts

Employees exposed to this investigation are hereby notified that this investigation and all information thereof are confidential. Employees are required to comply with standards of conduct that maintain confidentiality. Employees that fail to adhere are subject to disciplinary action up to and including termination.

Acknowledged by:

| Name | Interpreter | Transcriber |
|---|---|---|
| Ed Wick | | |
| *Print* | *Print* | *Print* |
| *(signature)* | | |
| *Signature* | *Signature* | *Signature* |
| 10/6/11 | | |
| *Date* | *Date* | *Date* |

I, **Greg Qualls**, have personal knowledge of this matter and state:
[Name]

It was Around 11:00 I was working
in Boiler Feed Pump Room I saw
safty People Looking around I wasn't
Aware of what they were dooing I heard
sombody say Langman noose I walked
outside the Room & safty & Human Resores
were Looking at a piece of rope
It Looked Like it was rolled up on
The end I Looked about 2 or 3 ft Long
The only people Around was scaffold bilder
I didn't notice Any body Langing Around Prior
To safty Arrival I didn't know Anything
About it So I went Back in my Area
And went Back to work

I declare that the foregoing is true and correct.    Name **Greg Qualls**  Date **10-6-11**

I declare that the foregoing is a true translation. Interpreter _____ Date _____



Moore et al. v. Shaw 002971

I hAve never heard any body talk
About Langren noose

I declare that the foregoing is true and correct.    Name Grey Qualls   Date 10-6-11

I declare that the foregoing is a true translation. (language)                    (Sign)

Moore et al. v. Shaw 002972



# Separation Notice

| Employee Last Name | *Holmes* | First Name | *Charles* |
|---|---|---|---|
| Employee # | *1229844* | Date | *5/11/10* |

| Job Title: *Elec* | Date Hired: *3/1/10* | Date Last Worked: *5/6/10* |
|---|---|---|

| Separation Date: *5/11/10* | Rehire Eligibility ☐ Yes ☐ No |
|---|---|

If ineligible for rehire, state why:


## Performance Review - Check One (5 being highest)

| Safety | ☐1 ☐2 ☑3 ☐4 ☐5 | Quality of Work | ☐1 ☐2 ☑3 ☐4 ☐5 |
|---|---|---|---|
| Attendance | ☐1 ☐2 ☑3 ☐4 ☐5 | Productivity | ☐1 ☐2 ☑3 ☐4 ☐5 |
| Job Knowledge | ☐1 ☐2 ☑3 ☐4 ☐5 | Cooperation | ☐1 ☐2 ☑3 ☐4 ☐5 |
| Dependability | ☐1 ☐2 ☑3 ☐4 ☐5 | Initiative | ☐1 ☐2 ☑3 ☐4 ☐5 |

## Reason for Separation

| ☐ Reduction of Force | ☑ Resign: | ☑ Discharged: | ☐ Other: |
|---|---|---|---|
| ___ Pay in lieu of notice | | *R.S.?* | |
| ___ Severance | *DB* | | |

If for other than Reduction of Force, state fully and clearly the circumstances of separation

*Job Abandonment*

## Final check Delivery Instructions

☑ Mail to home address on file  ☐ Pickup  ☐ Direct Deposit

| Print Name | Signature | Date |
|---|---|---|
| Office Manager | | |
| QA/QC | | |
| Warehouse/Tool Room | | |
| Safety | *S Dowry RM COHMCM* | *5/13/10* |
| Payroll | MAY 1 5 2010 | |
| Superintendent | | |
| Employee | | |
| Human Resources | *Fran Trent* | *5/13/10* |

RECEIVED
MAY 13 2010
BY: _____

ENTERED
*5/14/10*

EXHIBIT
T

Rev.4, 4/22/2008
Moore et al. v. Shaw 000493

```
    0801              HR Employee Entry          Action Code . . . I
                                                 Terminated= 10/31/2011
Employee No. . .  1254354   James, Terence
Tax Id No. . .   ████████                        Home Company. . . 00177
Add'l EE No. .   ▁▁▁▁▁▁▁▁                         Home Bus. Unit. . _177459290
Name  (F/M/L). T ▁▁▁▁ ▁ ▁▁▁▁▁                     Security Bus Unit        H177
Salary . . . .   ▁▁▁▁▁ ▁▁▁▁▁ (W,B,S,M,A) A       Recent Start Date 06/08/2011
Hourly Rate. .    16.000    ▁▁▁▁▁▁▁▁              Orig. Hire Date . 08/23/2010
Compa-Ratio. .    1.08      ▁▁▁▁▁▁▁▁              Date of Birth . . ████████
Shift Code . .   N          No Shift W
Check Route. .   LAFTXGY1                         Position ID. .
Marital Stat .   M                                Job Type/Step. 090000  HL   Industrial L
Gender . . . .   M                                Pay Freq/Class W / H        Weekly
Ethnic Code. .   02         Black or A            Pay Grade/Step H02     /
Pay Status . .   T          Terminatio            Workers Comp . 5651 /  ▁▁▁  Laborer
Employmt Stat.   5          Regular Ho            FLSA Exempt. . N
Pay Structure.   SHAWHRLY   Shaw Hourl            Benefit Group. HOURWW        Hourly Weekl
Project Manage   465462     Abshire, C            Union Code . . NONE          No Union Aff
Nxt Review Dt.                                    EEO Job Cat. . 008           Laborers
Type Review. .              None Assig            Country/Lang . US  /         United State
Tax (Res/Wrk).   44      / 44   TX FUTA           / TX FUTA
FTE. . . . . .    1.00     Std Hrs/Year .  2080.00    No. of Pay Periods  ▁▁▁▁▁▁▁

     F5=Job Entry & Eval   F6=Profile Data   F8=EEO Dates   F11=EE Addr   F24=More
```



Moore et al. v. Shaw 000579

```
0801              HR Employee Entry          Action Code . . . I
                                             Terminated= 10/31/2011
Employee No. .  1254354  James, Terence
Tax Id No. . .  ██████████               Home Company. . . 00177
Add'l EE No. .                           Home Bus. Unit. .   177459290
Name (F/M/L). T ___ _ ___ ___ (W,B,S,M,A) A  Security Bus Unit      H177
Salary . . . .                           Recent Start Date 06/08/2011
Hourly Rate. .   16.000                  Orig. Hire Date . 08/23/2010
Compa-Ratio. .   1.08                    Date of Birth . . ████████
Shift Code . . N        No Shift W
Check Route. . LAPTXGY1                  Position ID. .
Marital Stat . M                         Job Type/Step. 090000  HL   Industrial L
Gender . . . . M                         Pay Freq/Class W / H        Weekly
Ethnic Code. . 02      Black or A        Pay Grade/Step H02    / ___
Pay Status . . T       Terminatio       Workers Comp . 5651 / _      Laborer
Employmt Stat. 5       Regular Ho        FLSA Exempt. . N
Pay Structure. SHAWHRLY Shaw Hourl       Benefit Group. HOURWW        Hourly Weekl
Project Manage   465462 Abshire, C       Union Code . . NONE          No Union Aff
Nxt Review Dt.                           EEO Job Cat. . 008           Laborers
Type Review. .         None Assig        Country/Lang . US    /       United State
Tax (Res/Wrk). 44           / 44         TX FUTA         / TX FUTA
FTE. . . . . .    1.00   Std Hrs/Year    2080.00  No. of Pay Periods _____

   F5=Job Entry & Eval  F6=Profile Data  F8=EEO Dates  F11=EE Addr F24=More

08001                  Job Entry & Evaluation     Repeat Data (Y/N). . _

Action Code. . . . . I
Job Type / Step. . . 090000 HL
Job Type Desc. . . . Industrial Laborer _____ Journeyman

Job Group. . . . .
Job Status/Chg Reas. ACT / ___   Active              /
Pay Freq / Class . . W / H        Weekly
Pay Grade. . . . . . H02
Pay Grade Step . . .
Effective From/Thru. 08/22/2008 / _____

Job Eval Method. . . _____        No Evaluation Completed
Job Eval Points. . . _____        Job Eval Date. . .

EEO Job Category . . 008          Laborers      (Unskilled)
Workers Cmp / Class. 5651 / ___   Laborer
FLSA Exempt Y/N. . . N
Benefit Group. . . .
Union Code . . . . . NONE         No Union Affiliation

   F5=Eval  F6=Desc  F10=Codes  F11=Job Wndw  F16=Job Prc  F18=X-Ref  F24=More
```

Moore et al. v. Shaw 000580

060190       Dates, Eligibility & EEO

Action Code. . . . I
Employee No/SSN.   1254354  James, Terence

| | | | | |
|---|---|---|---|---|
| Orig Hire. . | 08/23/2010 | Terminated. | 10/31/2011 | Pay Stops . |
| Started . . | 06/08/2011 | Vac Accrual. | 06/08/2011 | Recall . . . |
| Pay Starts. | 08/23/2010 | Leave Begin | | Position Dat | 06/08/2011 |
| Birth. . . . | ▮▮▮▮ | Leave Expire | | Last Contact |
| Last Raise. | 11/02/1935 | Next Raise. | | Bonus. . . . |
| Nxt Review. | | Type Review. | | Sal Forecast |

Change Reason. . RB  Resign-Abandon Employment  Appl Pool (Y/N). N
Gender . . . . . M           I9 Status. . . . Y
Pay Status . . . T   Termination      Veteran. . . . . N
EEO: Job Cat Cd. 008 Laborers (Unskilled)  Disabled Vet . . N
Ethnic Code. . . 02 Black or African American Disability . . . N

Eligibility/Participation:
NQ Def Comp _  Equity . . _  Highly Comp _  Eml Dir Dep _  COBRA . . . _
Training Gr _  Officer . . _  Per Diem . _  QMSCO . . . _  HA Discount _
Pension . . _  Benefit St. _

  F5=Cat. Codes & Geo. Data F6=NDT Codes F8=User Dates F24=More Keys

060193       Category Codes & Geo. Data

Action Code. . . . I

Employee No/SSN.   1254354  James, Terence

Category Cds:
 Reserved. . . .  ___
 Crew. . . . . .  ___
 Cost Pool. . . . C _ Craft
 Reserved . . . .  Not Participating
 Payroll Group. . MSW Monday - Sunday Weekly
 Company Flag . .  _
 Reserved . . . .  _
 HR Region. . . .  _
 Work Location. . YER Beaumont, TX
 Expertise. . . .  ___  .
 Intl Type. . . .  _
Geographic Data:

Home State .  ____  Home City. .  ____  Std Occ Class  ____
Work State .  ____  Work City. .  ____  Work County.  ____  Region. . . .  ____

   F5=More Codes F24=More Keys

Moore et al. v. Shaw 000581

060193                    Category Codes & Geo. Data

Action Code. . . . I

Employee No/SSN.  1254354    James, Terence

Category Cds:
  Company. . . . .  177   Shaw Maintenance, Inc.
  Group. . . . . .  M     Plant Services
  Bus Division . .  PR    Process Maintenance
  Sector . . . . .  WE    West
  Sub Sector . . .  MTC   Maintenance Services
  Discipline . . .  290   Field Labor
  Op Center. . . .  000   Corporate
  Govt Pool. . . .  320   Plant Svcs Home
  HR Rept Group .  M     Power - Plant Services
  Work Shift . . .

Geographic Data:

Home State .  ____   Home City. .  ____   Std Occ Class  ____
Work State .  ____   Work City. .  ____   Work County.  ____   Region. . . .  ____

              F5=More Codes    F24=More Keys

0801          HR Employee Entry        Action Code . . . . I
                        Terminated= 10/31/2011
Employee No. .  1254354  James, Terence
Tax Id No. .   09AB              Address Window
Add'l EE No.                     Security BU. .        H177
Name  (F/M/L)                    Search Type. .  X   Ex-employe
Salary . . .
Hourly Rate.     Action Code. . . . I
Compa-Ratio.     Address Number . .  1254354
Shift Code .     Name - Alpha . . .  James, Terence
Check Route.     Mailing Name . . .  Terence James
Marital Stat     Mailing Address. .  ████████████
Gender . . .
Ethnic Code.
Pay Status .
Employmt Stat    City . . . . . .  Port Arthur          State . .  TX
Pay Structure    Postal Code. . . .  ████    Cntry. US  United States
Project Manag    County/Parish  . .  Jefferson
Nxt Review Dt    Phone Number . . .  (                        / H
Type Review.     Phone Number . . .  (                        / C
Tax (Res/Wrk)
FTE. . . . .          F3=End    F5=A/B Cat Codes    F24=More Keys

  F5=Job Entry & Eval  F6=Profile Data  F8=EEO Dates  F11=EE Addr  F24=More

Moore et al. v. Shaw 000582

```
 1           UNITED STATES DISTRICT COURT
 2         FOR THE MIDDLE DISTRICT OF LOUISIANA
 3
 4           CASE NO. 3:12-CV-757 (BAJ)(RLB)
 5
 6  FRANCIS MOORE, DEREK DAVIS,          *
    PHILLIP HENTZ, CHARLES HOLMES,       *
 7  TERRENCE JAMES, ROY JOHNSON,         *
    SHAWN KEITH, CARLOS NEAL,            *
 8  MARCUS RICHARDSON, BYRON             *
    RICKS, BEOWULF SNELL and             *
 9  PANDRA VAUGHN                        *
                 Plaintiffs,             *
10                                       *
    versus                               *
11                                       *
                                         *
12  THE SHAW GROUP, INC., CHICAGO        *
    BRIDGE & IRON COMPANY                *
13             Defendants.               *
                                         *
14  *   *   *   *   *   *   *   *   *   *   *   *   *
15
16
17
18        Deposition of FRANCES A. MOORE, 506 Burma
19  Road, Apartment 33, Wake Village, Texas 75501,
20  taken in the offices of the Carter Law Group,
21  LLC, 1055 St. Charles Avenue, Suite 555, New
22  Orleans, Louisiana 70130, on Monday, the 18th
23  day of May, 2015, commencing at 9:13 a.m.
24
25
```

**Exhibit 4**

```
 1   APPEARANCES:

 2

 3          DINOVO PRICE ELLWANGER & HARDY LLP

 4          (By:  Gabriel R. Gervey, Esquire)

 5          7000 North MoPac Expressway, Suite 350

 6          Austin, Texas  78731

 7                          -and-

 8          CARTER LAW GROUP LLC

 9          (By:  David J. Hynes, Esquire

10                Pamela W. Carter, Esquire)

11          1055 St. Charles Avenue, Suite 555

12          New Orleans, Louisiana  70130

13                ATTORNEYS FOR THE PLAINTIFFS

14

15

16          THE KULLMAN FIRM

17          (By:  Christine S. Keenan, Esquire)

18          4605 Bluebonnet Boulevard, Suite A

19          Baton Rouge, Louisiana 70809

20                ATTORNEYS FOR THE DEFENDANTS

21

22

23   REPORTED BY:

24          LISA BODE, CSR

25          Certified Shorthand Reporter
```

```
1                      EXHIBIT INDEX

2

3   Exhibit No. 1 -

4        Shaw Craft Application for Employment

5

6   Exhibit No. 2 -

7        Employee Acknowledgement of Employee

8        Handbook dated 10/26/09

9

10  Exhibit No. 3 -

11       Shaw John W. Turk, Jr. Power Plant -

12       Unit 1 Employee Handbook and Site Work

13       Rules

14

15  Exhibit No. 4 -

16       Supervisors Evaluations for Oct, Nov and

17       Dec 2010

18

19  Exhibit No. 5 -

20       Shaw Training & Development Rate Change

21       Form dated 1/24/11

22

23  Exhibit No. 6 -

24       Declaration and Statement of Facts

25       by Darrin Hillestad dated 2/13/11
```

```
1   Exhibit No. 7 -
2         Photocopy of photocopied object
3
4   Exhibit No. 8 -
5         Declaration and Statement of Facts
6         by Frances Moore dated 6/29/11
7
8   Exhibit No. 9 -
9         Sketch drawn by the deponent
10
11  Exhibit No. 10 -
12        Shaw Sign-In Sheet for Meeting Date:
13        6/30/11
14
15  Exhibit No. 11 -
16        U.S. Equal Employment Opportunity
17        Commission Intake Questionnaire
18
19  Exhibit No. 12 -
20        Handwritten statement dated 6/18/11
21
22  Exhibit No. 13 -
23        EEOC Charge of Discrimination dated
24        7/18/11
25
```

```
1   Exhibit No. 14 -
2        Handwritten correspondence dated 8/13/11
3
4   Exhibit No. 15 -
5        EEOC Charge of Discrimination dated
6        8/17/11
7
8   Exhibit No. 16 -
9        U.S. Equal Employment Opportunity
10       Commission Notice of Right to Sue
11       dated 8/31/2012
12
13                      *   *   *
14
15
16                 EXAMINATION INDEX
17                                        Page
18  EXAMINATION BY MS. KEENAN:           7
19  EXAMINATION BY MR. GERVEY:           263
20
21                      *   *   *
22
23
24
25
```

STIPULATION

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto that the deposition of the aforementioned witness is hereby taken under the Federal Rules of Civil Procedure for all purposes, in accordance with the law;

That the formality of reading and signing is hereby specifically waived;

That the formalities of filing, sealing, and certification are hereby specifically waived;

That all objections, save those as to the form of the question and the responsiveness of the answer, are hereby reserved until such time as this deposition, or any part thereof, may by used or sought to be used in evidence at the time of the trial of this matter.

\*   \*   \*

LISA BODE, Certified Shorthand Reporter, State of Louisiana, officiated in administering the oath to the witness.

# WITNESS' CERTIFICATE

    I have read or have had the foregoing testimony read to me and hereby certify that it is a true and correct transcription of my testimony, with the exception of any attached corrections or changes.

_Frances Moore_
FRANCES A. MOORE

ORIGINAL

# ERRATA SHEET FOR THE TRANSCRIPT OF:

Case Name:     Francis Moore, et al v. The Shaw Group, Inc., Chicago
Bridge & Iron Company
Depo Date:     May 18, 2015
Deponent:      Frances A. Moore

## CORRECTIONS:

| Pg. | Ln. | Now Reads | Should Read | Reasons Therefore |
|-----|-----|-----------|-------------|-------------------|
| | | NO Corrections | | |

_Frances Moore_
Signature of Deponent

ORIGINAL

REPORTER'S CERTIFICATE

1                   REPORTER'S CERTIFICATE

2      I, Lisa Bode, Certified Court Reporter in

3  and for the State of Louisiana, as the officer

4  before whom this testimony was taken, do hereby

5  certify that FRANCES A. MOORE, after having been

6  duly sworn by me upon authority of R.S. 37:2554,

7  did testify as hereinbefore set forth in the

8  foregoing 269 pages; that this testimony was

9  reported by me in the stenotype reporting

10  method, was prepared and transcribed by me or

11  under my personal direction and supervision, and

12  is a true and correct transcript to the best of

13  my ability and understanding; that the

14  transcript has been prepared in compliance with

15  transcript format guidelines required by statute

16  or by rules of the board, that I have acted in

17  compliance with the prohibition on contractual

18  relationships, as defined by Louisiana Code of

19  Civil Procedure Article 1434 and in rules and

20  advisory opinions of the board; that I am not

21  related to counsel or to the parties herein, nor

22  am I otherwise interested in the outcome of this

23  matter.

24  _____

25      Lisa Bode, CCR (#88002)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2011-01201 |

and EEOC

_____ State or local Agency, if any _____

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Frances Moore** | ███████ | ██████ |

| Street Address | City, State and ZIP Code |
|---|---|
| ███████ **Lewisville, AR** ███████ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **THE SHAW GROUP INC** | **500 or More** | **(870) 896-8500** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3711 Highway 355 South, Fulton, AR 71838** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
**06-01-2011**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in November 2007 and am currently employed as a Mill Wright. In June 2011 I was subjected to racial harassment and a racially hostile work environment when two coworkers made a noose out of wire and ketchup and gave it to me. I reported the incident to human resources.

Human resources decided to log the complaint as "horseplay" because they believed the coworker's explanation for the noose. To my knowledge the coworkers were not disciplined.

I believe that I have been subjected to harassment and a hostile work environment due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 7-18-11      x _Frances Moore_<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclose Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 493-2011-01201 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Frances Moore | | |

| Street Address | City, State and ZIP Code |
|---|---|
| ████ Lewisville, AR ████ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE SHAW GROUP INC | 500 or More | (870) 896-8500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3711 Highway 355 South, Fulton, AR 71838 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

RECEIVED
AUG 17 2011
EEOC

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| | 08-05-2011 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in November 2007 and was employed as a Mill Wright. My job assignment was to work in the tool room. On or about June 23, 2011, I was subjected to racial harassment and a racially hostile work environment when two coworkers made a noose out of wire and ketchup and gave it to me. I reported the incident to human resources. After their investigation I complained to the corporate hotline about the outcome of the investigation. On or about July 29, 2011 I was reassigned to work outside in the field. The week of August 1, 2011, I met with Human Resources again and requested a transfer or a lay off. On or about August 5, 2011 I was constructively discharged.

Human resources decided to log the complaint as "horseplay" because they believed the coworker's explanation for the noose. To my knowledge the coworkers were not disciplined until the day I was constructively discharged. The Superintendent told me he was tired of my complaints and calls to the corporate hotline and this was the reason my job assignment was changed. I was told that I could not transfer to another position or be laid off. I felt compelled to resign after an incident on August 4, 2011, when I became stuck in a hole in the ground under equipment. I had been required to go under the equipment at the request of the Leadman, who was friends with the employees who made the noose. The men working with me that day laughed when I was stuck and they had to pull me out. After requesting a transfer for the second time and being denied, I felt I had no choice but to resign.

I believe that I have been subjected to harassment and a hostile work environment due to my race, Black, and had my job assignment changed and constructively discharged in retaliation for complaining about racial harassment and racially hostile work environment, in violation of Title VII of the Civil Rights Act of 1954, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 8-17-11        _Frances Moore_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date        Charging Party Signature | |

EXHIBIT
15

et al. v. Shaw 001121

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.  AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

<pre>
 1              UNITED STATES DISTRICT COURT
 2          FOR THE MIDDLE DISTRICT OF LOUISIANA
 3
 4            CASE NO. 3:12-CV-757 (BAJ)(RLB)
 5
 6   FRANCIS MOORE, DEREK DAVIS,          *
     PHILLIP HENTZ, CHARLES HOLMES,       *
 7   TERRENCE JAMES, ROY JOHNSON,         *
     SHAWN KEITH, CARLOS NEAL,            *
 8   MARCUS RICHARDSON, BYRON             *
     RICKS, BEOWULF SNELL and             *
 9   PANDRA VAUGHN                        *
                 Plaintiffs,              *
10                                        *
     versus                               *
11                                        *
                                          *
12   THE SHAW GROUP, INC., CHICAGO        *
     BRIDGE & IRON COMPANY                *
13              Defendants.               *
                                          *
14   *   *   *   *   *   *   *   *   *   *   *   *   *
15
16
17
18         Deposition of SHAWN D. KEITH, SR., 1404
19   Cypress Street, Crossett, Arkansas 71635, taken
20   in the offices of the Carter Law Group, LLC,
21   1055 St. Charles Avenue, Suite 555, New Orleans,
22   Louisiana 70130, on Tuesday, the 2nd day of
23   June, 2015, commencing at 12:54 p.m.
24
25
</pre>

Exhibit

5

```
1   APPEARANCES:

2

3        DINOVO PRICE ELLWANGER & HARDY LLP

4        (By:  Jay D. Ellwanger, Esquire)

5        7000 North MoPac Expressway, Suite 350

6        Austin, Texas  78731

7             ATTORNEYS FOR THE PLAINTIFFS

8

9        THE KULLMAN FIRM

10       (By:  Christine S. Keenan, Esquire)

11       4605 Bluebonnet Boulevard, Suite A

12       Baton Rouge, Louisiana  70809

13            ATTORNEYS FOR THE DEFENDANTS

14

15  REPORTED BY:

16       LISA BODE, CSR

17       Certified Shorthand Reporter

18

19

20             EXAMINATION INDEX

21                                    Page

22  EXAMINATION BY MS. KEENAN:          7

23  EXAMINATION BY MR. ELLWANGER:       171

24

25             *   *   *
```

```
 1                        EXHIBIT INDEX

 2

 3   Exhibit No. 1 -

 4        Shaw Craft Application for Employment

 5        dated 7/27/09

 6

 7   Exhibit No. 2 -

 8        Shaw Personnel Action Form

 9

10   Exhibit No. 3 -

11        Employee Acknowledgement of Employee

12        Handbook signed 7/27/09

13

14   Exhibit No. 4 -

15        Shaw John W. Turk, Jr. Power Plant -

16        Unit 1 Employee Handbook and Site Work

17        Rules

18

19   Exhibit No. 5 -

20        Shaw Rate/Class Change Form dated 3/17/10

21

22   Exhibit No. 6 -

23        Shaw Employee Disciplinary Record dated

24        6/17/10

25
```

```
 1  Exhibit No. 7 -
 2        Shaw Separation Notice dated 6/25/10
 3
 4  Exhibit No. 8 -
 5        Online application
 6
 7  Exhibit No. 9 -
 8        Shaw offer letter dated December 15, 2010
 9        signed and dated 12/20/10
10
11  Exhibit No. 10 -
12        Policy Acknowledgements dated 12/15/10
13
14  Exhibit No. 11 -
15        Corporate Policies, list of links, and
16        Agreements and Acknowledgements dated
17        12/15/10
18
19  Exhibit Nos. 12 through 16 -
20        Photocopies of black and white photographs
21
22  Exhibit No. 17 -
23        Shaw Employee Disciplinary Record dated
24        5/2/11
25
```

```
1    Exhibit No. 18 -

2          EEOC Charge of Discrimination dated 9/2/11

3

4    Exhibit No. 19 -

5          Declaration and Statement of Facts

6          dated 9/19/11

7

8    Exhibit No. 20 -

9          Shaw Employee Disciplinary Record dated

10         9/9/11

11

12   Exhibit No. 21 -

13         Shaw Power - Construction Craft Employee

14         Evaluation dated 9/28/11

15

16   Exhibit No. 22 -

17         Shaw Separation Notice dated 10/18/11

18

19   Exhibit No. 23 -

20         EEOC Amended Charge of Discrimination

21

22   Exhibit No. 24 -

23         U.S. Equal Employment Opportunity

24         Commission Notice of Right to Sue

25                              *   *   *
```

```
1                    STIPULATION

2

3

4       IT IS STIPULATED AND AGREED by and between

5  counsel for the parties hereto that the

6  deposition of the aforementioned witness is

7  hereby taken under the Federal Rules of Civil

8  Procedure for all purposes, in accordance with

9  the law;

10       That the formality of reading and signing

11  is hereby specifically not waived;

12       That the formalities of filing, sealing,

13  and certification are hereby specifically

14  waived;

15       That all objections, save those as to the

16  form of the question and the responsiveness of

17  the answer, are hereby reserved until such time

18  as this deposition, or any part thereof, may by

19  used or sought to be used in evidence at the

20  time of the trial of this matter.

21

22                    *   *   *

23       LISA BODE, Certified Shorthand Reporter,

24  State of Louisiana, officiated in administering

25  the oath to the witness.
```

183

# WITNESS' CERTIFICATE

I have read or have had the
foregoing testimony read to me and hereby
certify that it is a true and correct
transcription of my testimony, with the
exception of any attached corrections or
changes.

_Shawn D. Keith Sr._

SHAWN D. KEITH, SR.

_Rebecca Ledbetter_ 7/6/15

_Sept. 15, 2021_
Commission expires

# ERRATA SHEET FOR THE TRANSCRIPT OF:

Case Name:     Francis Moore, et al v. The Shaw Group, Inc., Chicago
Bridge & Iron Company
Depo Date:     June 2, 2015
Deponent:      Shawn D. Keith, Sr.

## CORRECTIONS:

| Pg. | Ln. | Now Reads | Should Read | Reasons Therefore |
|-----|-----|-----------|-------------|-------------------|
| 10 | 16 | Myson and my wife | Myson anderson Girlfriend | |
| 10 | 18 | Single | | |
| 10 | 18 | LATrisha Marsh | Carolyn Lewis | |
| 10 | 21 | Three years ago | in 2000 | |
| 10 | 23 | . Right | No | |
| 11 | 6 | Nine | seven | |
| 12 | 6 | Kevin 19, MyKia 15, | Kevin 19, MyKia is 10, | |
| | | and 17 is Keyon | and 12 is Keyon | |
| | | Three | | |

_____
Shawn Keith
Signature of Deponent

**ORIGINAL**

```
 1                    REPORTER'S CERTIFICATE
 2            I, Lisa Bode, Certified Court Reporter in
 3      and for the State of Louisiana, as the officer
 4      before whom this testimony was taken, do hereby
 5      certify that SHAWN D. KEITH, SR., after having
 6      been duly sworn by me upon authority of R.S.
 7      37:2554, did testify as hereinbefore set forth
 8      in the foregoing 181 pages; that this testimony
 9      was reported by me in the stenotype reporting
10      method, was prepared and transcribed by me or
11      under my personal direction and supervision, and
12      is a true and correct transcript to the best of
13      my ability and understanding; that the
14      transcript has been prepared in compliance with
15      transcript format guidelines required by statute
16      or by rules of the board, that I have acted in
17      compliance with the prohibition on contractual
18      relationships, as defined by Louisiana Code of
19      Civil Procedure Article 1434 and in rules and
20      advisory opinions of the board; that I am not
21      related to counsel or to the parties herein, nor
22      am I otherwise interested in the outcome of this
23      matter.
24                              _____
                                Lisa Bode, CCR (#88002)
25
```

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 493-2011-01305 |
| | and EEOC |

State or local Agency, if any

**Name** (indicate Mr., Ms., Mrs.)
Mr. Shawn Keith

| Home Phone (Incl. Area Code) | Date of Birth |
|---|---|

Street Address              Crossett, AR          City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE SHAW GROUP INC | 500 or More | (870) 896-8500 |

Street Address                                        City, State and ZIP Code
3711 Highway 355 South, Fulton, AR 71838

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

RECEIVED
SEP 02 2011
U.S EEOC

Street Address                                        City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 01-01-2011 | 08-03-2011 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
I was hired in 2009 and am currently employed as a Pipefitter Helper. In approximately January 2011 I witnessed another employee racially harass another employee. I reported the incident to Human Resources. Since that time I have witnessed other incidents of racial harassment and a racially hostile work environment.

The white employee told a black employee in front of witnesses that he still had an oak tree in his yard, in reference to hangings. Human Resources stated they investigated the complaint, but I do not believe they disciplined the harasser. Recently I have seen a noose in my workplace and have heard of other black employees receiving nooses. There is also racial graffiti in a company bathroom (not a porta-john) that refers to the "KKK" and white and black women in a derogatory way.

I believe that I have been subjected to racial harassment and a racially hostile work environment due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any, I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 9-2-11  Shawn Keith<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |



**EXHIBIT**
**18**

Moore et al. v. Shaw 000748

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.  **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Moore et al. v. Shaw 000749


# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA  ☒ EEOC SK | AMENDED 493-2011-01305 |
| | | and EEOC |

State or local Agency, if any

Name (indicate Mr., Ms., Mrs.)  **Mr. Shawn Keith**

Street Address / City, State and ZIP Code
Crossett, AR

Home Phone (Incl. Area Code)
Date of Birth

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

Name  **THE SHAW GROUP INC**

No. Employees, Members  **500 or More**
Phone No. (Include Area Code)  **(870) 896-8500**

Street Address  **3711 Highway 395 South**, Fulton, AR 71838
City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  **01-01-2011**   Latest  **08-03-2011**

☒ CONTINUING ACTION

RECEIVED SEP 02 2011 U.S. EEOC

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in 2009 and am currently employed as a Pipefitter Helper. In approximately January 2011 I witnessed another employee racially harass another employee. I reported the incident to Human Resources. Since then I have witnessed other incidents of racial harassment and a racially hostile work environment.

The white employee told a black employee in front of witnesses that he still had an oak tree in his yard, in reference to hangings. Human Resources stated they investigated the complaint, but I do not believe they disciplined the harasser. Recently I have seen a nooses in my workplace and have heard of other black employees receiving nooses. There is also racial graffiti in a company bathroom (not a porta-john) that refers to the "KKK" and white and black women in a derogatory way.

I believe that I have been subjected to racial harassment and a racially hostile work environment due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**See second page for additional allegations**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 9-2-11  Date  Shawn Keith  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Sk 12-15-11
Sk 12-15-11

EXHIBIT 23

Keith Shawn vs. The Shaw Group
Charge No.: 493-2011-01305
Volume 1 of 3

24

Moore et al. v. Shaw 005849

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
| --- | --- | --- |
| | | 12-15-11 AMENDED |
| | SK | 493-2011-01305 |
| | | and EEOC |

State or local Agency, if any

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

In April or May 2011 I sought promotion to a Forklift Operator position after a white employee with less seniority was promoted. I was not promoted. Also in May 2011 I sought promotion to a Top Helper position. I was told that I needed 30 months of experience. After providing evidence that I had 30 months of experience I was told that the Human Resources Department did not believe that I had 30 months of experience, and a white employee with less seniority was promoted instead of me. I believe that I was denied promotions due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

SK  12-15-11

| | |
| --- | --- |
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12-15-11 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date     Charging Party Signature | |

Keith Shawn vs. The Shaw Group
Charge No.: 493-2011-01305
Volume 1 of 3

25

Moore et al. v. Shaw 005850

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE MIDDLE DISTRICT OF LOUISIANA
 3
 4            CASE NO. 3:12-CV-757 (BAJ)(RLB)
 5
 6   FRANCIS MOORE, DEREK DAVIS,          *
     PHILLIP HENTZ, CHARLES HOLMES,       *
 7   TERRENCE JAMES, ROY JOHNSON,         *
     SHAWN KEITH, CARLOS NEAL,            *
 8   MARCUS RICHARDSON, BYRON             *
     RICKS, BEOWULF SNELL and             *
 9   PANDRA VAUGHN                        *
                  Plaintiffs,             *
10                                        *
     versus                              *
11                                        *
                                          *
12   THE SHAW GROUP, INC., CHICAGO        *
     BRIDGE & IRON COMPANY                *
13               Defendants.              *
                                          *
14   *   *   *   *   *   *   *   *   *   *   *   *   *
15
16
17
18        Deposition of MARCUS D. RICHARDSON, 19053
19   Nordhoff Street, Apartment 127, Northridge,
20   California 91324, taken in the offices of the
21   Carter Law Group, LLC, 1055 St. Charles Avenue,
22   Suite 555, New Orleans, Louisiana 70130, on
23   Wednesday, the 3rd day of June, 2015, commencing
24   at 1:06 p.m.
25
```

Exhibit
6

```
 1   APPEARANCES:

 2

 3        DINOVO PRICE ELLWANGER & HARDY LLP

 4        (By:  Jay D. Ellwanger, Esquire)

 5        7000 North MoPac Expressway, Suite 350

 6        Austin, Texas  78731

 7             ATTORNEYS FOR THE PLAINTIFFS

 8

 9        THE KULLMAN FIRM

10        (By:  Christine S. Keenan, Esquire)

11        4605 Bluebonnet Boulevard, Suite A

12        Baton Rouge, Louisiana  70809

13             ATTORNEYS FOR THE DEFENDANTS

14

15   REPORTED BY:

16        LISA BODE, CSR

17        Certified Shorthand Reporter

18

19                 EXAMINATION INDEX

20                                       Page

21   EXAMINATION BY MS. KEENAN:          6

22   EXAMINATION BY MR. ELLWANGER:       102

23

24             *   *   *

25
```

```
 1                      EXHIBIT INDEX
 2
 3   Exhibit No. 1 -
 4         Online application
 5
 6   Exhibit No. 2 -
 7         Shaw offer letter dated July 22, 2011
 8         signed and dated 7/25/11
 9
10   Exhibit No. 3 -
11         Policy Acknowledgements dated 07/22/11
12
13   Exhibit No. 4 -
14         Shaw John W. Turk, Jr. Power Plant -
15         Unit 1 Employee Handbook and Site Work
16         Rules
17
18   Exhibit No. 5 -
19         Corporate Policies, list of links, and
20         Agreements and Acknowledgements dated
21         7/22/11
22
23   Exhibit No. 6 -
24         Shaw Power - Construction Craft Employee
25         Evaluation dated 9/21/11
```

```
 1   Exhibit No. 7 -
 2         Shaw Separation Notice dated 10/21/11
 3
 4   Exhibit No. 8 -
 5         EEOC Charge of Discrimination dated
 6         12/12/2011
 7
 8   Exhibit No. 9 -
 9         U.S. Equal Employment Opportunity
10         Commission Notice of Right to Sue letter
11         dated 8/31/2012
12
13
14                     *    *    *
15
16
17
18
19
20
21
22
23
24
25
```

1                    STIPULATION

2

3

4        IT IS STIPULATED AND AGREED by and between

5   counsel for the parties hereto that the

6   deposition of the aforementioned witness is

7   hereby taken under the Federal Rules of Civil

8   Procedure for all purposes, in accordance with

9   the law;

10       That the formality of reading and signing

11  is hereby specifically not waived;

12       That the formalities of filing, sealing,

13  and certification are hereby specifically

14  waived;

15       That all objections, save those as to the

16  form of the question and the responsiveness of

17  the answer, are hereby reserved until such time

18  as this deposition, or any part thereof, may by

19  used or sought to be used in evidence at the

20  time of the trial of this matter.

21

22                    *   *   *

23       LISA BODE, Certified Shorthand Reporter,

24  State of Louisiana, officiated in administering

25  the oath to the witness.

1                    WITNESS' CERTIFICATE

2

3

4              I have read or have had the

5    foregoing testimony read to me and hereby

6    certify that it is a true and correct

7    transcription of my testimony, with the

8    exception of any attached corrections or

9    changes.

10

11

12

13

14

15

16

17    _____

18              MARCUS D. RICHARDSON

19

20

21

22

23

24

25

# ERRATA SHEET FOR THE TRANSCRIPT OF:

Case Name:     Francis Moore, et al v. The Shaw Group, Inc., Chicago
Bridge & Iron Company
Depo Date:     June 3, 2015
Deponent:      Marcus D. Richardson

## CORRECTIONS:

| Pg. | Ln. | Now Reads | Should Read | Reasons Therefore |
|-----|-----|-----------|-------------|-------------------|
| 9 | 23&24 | Cherita Caldwell | Sherita Caldwell | Spelling |
| 11 | 22 | Makayla | Mikaela | Spelling |
| 11 | 22 | McKenzie | Makenzie | Spelling |
| 25 | 19 | Systems | Services | Wrong Company Name |

_____
Signature of Deponent

**ORIGINAL**

```
 1              REPORTER'S CERTIFICATE
 2         I, Lisa Bode, Certified Court Reporter in
 3    and for the State of Louisiana, as the officer
 4    before whom this testimony was taken, do hereby
 5    certify that MARCUS D. RICHARDSON, after having
 6    been duly sworn by me upon authority of R.S.
 7    37:2554, did testify as hereinbefore set forth
 8    in the foregoing 105 pages; that this testimony
 9    was reported by me in the stenotype reporting
10    method, was prepared and transcribed by me or
11    under my personal direction and supervision, and
12    is a true and correct transcript to the best of
13    my ability and understanding; that the
14    transcript has been prepared in compliance with
15    transcript format guidelines required by statute
16    or by rules of the board, that I have acted in
17    compliance with the prohibition on contractual
18    relationships, as defined by Louisiana Code of
19    Civil Procedure Article 1434 and in rules and
20    advisory opinions of the board; that I am not
21    related to counsel or to the parties herein, nor
22    am I otherwise interested in the outcome of this
23    matter.
24                   _____
                     Lisa Bode, CCR (#88002)
25
```

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2012-00253 |
| | | and EEOC |

| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.)<br>**Mr. Marcus Richardson** | Home Phone (Incl. Area Code)<br>█████████ | Date of Birth<br>█████████ |
|---|---|---|
| Street Address<br>█████████ **Mobile, AL** █████ | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**THE SHAW GROUP INC** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(870) 896-8500** |
|---|---|---|
| Street Address<br>**3711 Highway 355 South, Fulton, AR 71838** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
                          **10-21-2011**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on or about July 27, 2011 and was employed as a Pipefitter Helper. While employed I was subjected to different terms and conditions of employment in that I was made to perform labor work (cleaning, picking up trash and other demeaning tasks) instead of Pipefitter Helper duties. In September and October 2011 I was denied promotion to higher-paying positions. While employed I was routinely subjected to racial harassment and racially hostile work environment. On or about October 20, 2011 I reported a noose to the Human Resources Department. On October 21, 2011 I was discharged.

I was not given a reason why I was made to do trash pickup, cleaning, and other labor tasks instead of pipefitting helper tasks. I applied for a Safety Department Position and was never interviewed and never told why I did not get the position. I inquired about a Pipe Laydown Yard Foreman position and the Pipe Superintendent told me to give him a couple of days to see how they were going to work it. I was not given the promotion and not given a reason why I was not promoted. I was routinely called "boy" by white coworkers and I heard that other black coworkers were called "coon ass" and "nigger." When I reported the noose along with a coworker, who is also black, we were told that it wasn't a noose but the next day the noose was missing. I was told I was "laid off" along with the coworker who reported to noose with me, and we were not given reasons why we were laid off. To my knowledge the company continues to hire employees and I have not been recalled.

I believe that I was subjected to different terms and conditions of employment, denied promotion, subjected to a racially hostile work environment and harassment and discharged due to my race, Black, and discharged in retaliation for reporting the noose, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12-12-2011          _Marcus Richardson_<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>DEC 15 2011          US EEOC LRAO |

DEC 15 2011

EXHIBIT 8

et al v. Shaw 0M461

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Moore et al. v. Shaw 001482

```
 1            UNITED STATES DISTRICT COURT
 2          FOR THE MIDDLE DISTRICT OF LOUISIANA
 3
 4            CASE NO. 3:12-CV-757 (BAJ)(RLB)
 5
 6   FRANCIS MOORE, DEREK DAVIS,        *
     PHILLIP HENTZ, CHARLES HOLMES,     *
 7   TERRENCE JAMES, ROY JOHNSON,       *
     SHAWN KEITH, CARLOS NEAL,          *
 8   MARCUS RICHARDSON, BYRON           *
     RICKS, BEOWULF SNELL and           *
 9   PANDRA VAUGHN                      *
                 Plaintiffs,            *
10                                      *
     versus                            *
11                                      *
                                        *
12   THE SHAW GROUP, INC., CHICAGO      *
     BRIDGE & IRON COMPANY              *
13             Defendants.              *
                                        *
14   *   *   *   *   *   *   *   *   *   *   *   *   *
15
16
17
18        Deposition of PANDRA D. VAUGHN, 119
19   Salisbury Road, Woodville, Mississippi 39669,
20   taken in the offices of the Carter Law Group,
21   LLC, 1055 St. Charles Avenue, Suite 555, New
22   Orleans, Louisiana 70130, on Thursday, the 21st
23   day of May, 2015, commencing at 1:09 p.m.
24
25
```

Exhibit

7

```
 1   APPEARANCES:

 2

 3         DINOVO PRICE ELLWANGER & HARDY LLP

 4         (By:  Stefanie T. Scott, Esquire)

 5         7000 North MoPac Expressway, Suite 350

 6         Austin, Texas  78731

 7               ATTORNEYS FOR THE PLAINTIFFS

 8

 9         THE KULLMAN FIRM

10         (By:  Michael S. Hudson, Esquire)

11         Suite 704, Court Square Towers

12         200 6th Street North

13         Columbus, Mississippi  39701

14               ATTORNEYS FOR THE DEFENDANTS

15

16   REPORTED BY:

17         LISA BODE, CSR

18         Certified Shorthand Reporter

19

20                  EXAMINATION INDEX

21                                      Page

22   EXAMINATION BY MR. HUDSON:        6, 134

23   EXAMINATION BY MS. SCOTT:         118

24

25                   *   *   *
```

```
1                        EXHIBIT INDEX
2
3    Exhibit No. 1 -
4         Shaw offer letter dated May 05, 2011,
5         signed and dated 5/10/11
6
7    Exhibit No. 2 -
8         Shaw John W. Turk, Jr. Power Plant -
9         Unit 1 Employee Handbook and Site Work
10        Rules
11
12   Exhibit No. 3 -
13        Shaw Code of Corporate Conduct
14
15   Exhibit No. 4 -
16        Corporate Policies, list of links, and
17        Agreements and Acknowledgements dated
18        05/10/11
19
20   Exhibit No. 5 -
21        Policy Acknowledgements dated 05/06/11
22
23   Exhibit No. 6 -
24        Shaw Memo To: All Employees
25        Subject: Personal Cell Phone Use Onsite
```

1  Exhibit No. 7 -

2        Shaw Rate Change Form dated 7/28/11

3

4  Exhibit No. 8 -

5        Shaw Separation Notice dated 9/8/11

6

7  Exhibit No. 9 -

8        List of employees terminated or

9        reprimanded  (Bates 002950)

10

11  Exhibit No. 10 -

12        EEOC Charge of Discrimination dated

13        12/22/11

14

15  Exhibit No. 11 -

16        U.S. Equal Employment Opportunity

17        Commission Intake Questionnaire

18

19  Exhibit No. 12 -

20        U.S. Equal Employment Opportunity

21        Commission Notice of Right to Sue

22

23  Exhibit No. 13 -

24        First Amended Complaint

25                    *   *   *

1                    STIPULATION

2

3

4      IT IS STIPULATED AND AGREED by and between

5   counsel for the parties hereto that the

6   deposition of the aforementioned witness is

7   hereby taken under the Federal Rules of Civil

8   Procedure for all purposes, in accordance with

9   the law;

10      That the formality of reading and signing

11   is hereby specifically not waived;

12      That the formalities of filing, sealing,

13   and certification are hereby specifically

14   waived;

15      That all objections, save those as to the

16   form of the question and the responsiveness of

17   the answer, are hereby reserved until such time

18   as this deposition, or any part thereof, may by

19   used or sought to be used in evidence at the

20   time of the trial of this matter.

21

22                    *   *   *

23      LISA BODE, Certified Shorthand Reporter,

24   State of Louisiana, officiated in administering

25   the oath to the witness.

# WITNESS' CERTIFICATE

I have read or have had the foregoing testimony read to me and hereby certify that it is a true and correct transcription of my testimony, with the exception of any attached corrections or changes.

*Pandra D. Vaughn*
PANDRA D. VAUGHN

Sworn to and subscribed before me this ___ day of _____, 20 15.

_____ Clerk

My Commission Expires 1-1-16.

# Errata Sheet

| PAGE | LINE | CHANGE | REASON |
|------|------|--------|--------|

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

```
 1              REPORTER'S CERTIFICATE
 2          I, Lisa Bode, Certified Court Reporter in
 3      and for the State of Louisiana, as the officer
 4      before whom this testimony was taken, do hereby
 5      certify that PANDRA D.VAUGHN, after having been
 6      duly sworn by me upon authority of R.S. 37:2554,
 7      did testify as hereinbefore set forth in the
 8      foregoing 136 pages; that this testimony was
 9      reported by me in the stenotype reporting
10      method, was prepared and transcribed by me or
11      under my personal direction and supervision, and
12      is a true and correct transcript to the best of
13      my ability and understanding; that the
14      transcript has been prepared in compliance with
15      transcript format guidelines required by statute
16      or by rules of the board, that I have acted in
17      compliance with the prohibition on contractual
18      relationships, as defined by Louisiana Code of
19      Civil Procedure Article 1434 and in rules and
20      advisory opinions of the board; that I am not
21      related to counsel or to the parties herein, nor
22      am I otherwise interested in the outcome of this
23      matter.
24                      _____
                        Lisa Bode, CCR (#88002)
25
```

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2012-00254 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Pandra Vaughn** | ███████ | ███████ |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ███████ **Woodville, MS** ███████ | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **THE SHAW GROUP INC** | **500 or More** | **(870) 896-8500** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **3711 Highway 355 South, Fulton, AR 71838** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **06-01-2011**   Latest **8-2011**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on or about May 13, 2011 and was employed as a Pipefitter. In June 2011 I inquired about a pay increase. My pay increase was delayed. While employed I was required to work in extreme working conditions performing work that similarly situated White pipefitters are required to do but would not do. I was also subjected to a racially hostile work environment in that there was graffiti in company bathrooms and nooses that were put up around the work site. In August 2011 I was discharged.

I was told I would need to take a #3 version of the NCCR test, even though I was already certified. I took the test in June but was not given the pay increase until August. White pipefitters had no delay in their pay increases and did not have to wait to be evaluated. White pipefitters did not have to work in the extreme working conditions (heat) and I along with another black employee were required to work in. I along with another Black employee were required to place the hangers for other pipefitters in the heat, when the other pipefitters should have placed their own hangers. The racial graffiti in the bathroom was still present when I was discharged. I was told I was discharged for cell phone use. To my knowledge no one else was discharged for cell phone use.

I believe that I was denied a pay increase, made to work in extreme conditions, subjected to a hostile working environment, and discharged, due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
|---|---|
| X 12-22-11 _____ X _Pandra Vaughn_<br>Date           Charging Party Signature | RECEIVED DEC 27 2011<br>U.S. EEOC LRAO |

EXHIBIT
10

tabbies

Moore et al. v. Shaw 001675

```
 1            UNITED STATES DISTRICT COURT
 2         FOR THE MIDDLE DISTRICT OF LOUISIANA
 3
 4          CASE NO. 3:12-CV-757 (BAJ)(RLB)
 5
 6  FRANCIS MOORE, DEREK DAVIS,          *
    PHILLIP HENTZ, CHARLES HOLMES,       *
 7  TERRENCE JAMES, ROY JOHNSON,         *
    SHAWN KEITH, CARLOS NEAL,            *
 8  MARCUS RICHARDSON, BYRON             *
    RICKS, BEOWULF SNELL and             *
 9  PANDRA VAUGHN                        *
                 Plaintiffs,             *
10                                       *
    versus                               *
11                                       *
                                         *
12  THE SHAW GROUP, INC., CHICAGO        *
    BRIDGE & IRON COMPANY                *
13               Defendants.             *
                                         *
14   *   *   *   *   *   *   *   *   *   *   *   *   *
15
16
17
18        Deposition of ROY F. JOHNSON, 5010 Grove
19  West Boulevard, Stafford, Texas 77477, taken in
20  the offices of the Carter Law Group, LLC, 1055
21  St. Charles Avenue, Suite 555, New Orleans,
22  Louisiana 70130, on Wednesday, the 3rd day of
23  June, 2015, commencing at 8:58 a.m.
24
25
```

Exhibit
8

1   APPEARANCES:

2

3       DINOVO PRICE ELLWANGER & HARDY LLP

4       (By:  Jay D. Ellwanger, Esquire)

5       7000 North MoPac Expressway, Suite 350

6       Austin, Texas  78731

7            ATTORNEYS FOR THE PLAINTIFFS

8

9       THE KULLMAN FIRM

10      (By:  Christine S. Keenan, Esquire)

11      4605 Bluebonnet Boulevard, Suite A

12      Baton Rouge, Louisiana  70809

13           ATTORNEYS FOR THE DEFENDANTS

14

15  REPORTED BY:

16      LISA BODE, CSR

17      Certified Shorthand Reporter

18

19

20            EXAMINATION INDEX

21                                        Page

22  EXAMINATION BY MS. KEENAN:            6

23

24            *   *   *

25

```
 1                      EXHIBIT INDEX
 2
 3   Exhibit No. 1 -
 4        Shaw Craft Application for Employment
 5        dated 12/2/09
 6
 7   Exhibit No. 2 -
 8        Shaw Separation Notice dated 4/29/11
 9
10   Exhibit No. 3 -
11        Online application
12
13   Exhibit No. 4 -
14        Shaw offer letter dated August 10, 2011
15        signed and dated 08/15/11
16
17   Exhibit No. 5 -
18        Policy Acknowledgements dated 08/10/11
19
20   Exhibit No. 6 -
21        Shaw John W. Turk, Jr. Power Plant -
22        Unit 1 Employee Handbook and Site Work
23        Rules
24
25
```

```
1   Exhibit No. 7 -
2         Corporate Policies, list of links, and
3         Agreements and Acknowledgements dated
4         08/10/11
5
6   Exhibit No. 8 -
7         Shaw Employee Disciplinary Record dated
8         10/14/11
9
10  Exhibit No. 9 -
11        Declaration and Statement of Facts
12        dated 10/05/11
13
14  Exhibit No. 10 -
15        Shaw Separation Notice dated 12/9/2011
16
17  Exhibit No. 11 -
18        Shaw Power - Construction Craft Employee
19        Evaluation dated 09/29/11
20
21  Exhibit No. 12 -
22        U.S. Equal Employment Opportunity
23        Commission Intake Questionnaire
24
25                        *   *   *
```

STIPULATION

     IT IS STIPULATED AND AGREED by and between
counsel for the parties hereto that the
deposition of the aforementioned witness is
hereby taken under the Federal Rules of Civil
Procedure for all purposes, in accordance with
the law;
     That the formality of reading and signing
is hereby specifically not waived;
     That the formalities of filing, sealing,
and certification are hereby specifically
waived;
     That all objections, save those as to the
form of the question and the responsiveness of
the answer, are hereby reserved until such time
as this deposition, or any part thereof, may by
used or sought to be used in evidence at the
time of the trial of this matter.

               *   *   *
     LISA BODE, Certified Shorthand Reporter,
State of Louisiana, officiated in administering
the oath to the witness.

1                   WITNESS' CERTIFICATE

2

3

4               I have read or have had the

5 foregoing testimony read to me and hereby

6 certify that it is a true and correct

7 transcription of my testimony, with the

8 exception of any attached corrections or

9 changes.

10

11

12

13

14

15

16

17

18  ROY F. JOHNSON

19

20

21

22

23 

24

25

REPORTER'S CERTIFICATE

I, Lisa Bode, Certified Court Reporter in and for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify that ROY F. JOHNSON, after having been duly sworn by me upon authority of R.S. 37:2554, did testify as hereinbefore set forth in the foregoing 128 pages; that this testimony was reported by me in the stenotype reporting method, was prepared and transcribed by me or under my personal direction and supervision, and is a true and correct transcript to the best of my ability and understanding; that the transcript has been prepared in compliance with transcript format guidelines required by statute or by rules of the board, that I have acted in compliance with the prohibition on contractual relationships, as defined by Louisiana Code of Civil Procedure Article 1434 and in rules and advisory opinions of the board; that I am not related to counsel or to the parties herein, nor am I otherwise interested in the outcome of this matter.

_Lisa Bode_

Lisa Bode, CCR (#88002)



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. **Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

**1. Personal Information**

Last Name: Johnson     First Name: Roy     MI: _____

Street or Mailing Address: ███████████     Apt or Unit #: _____

City: ███████ County: _____ State: ███ Zip: ███████

Phone Numbers: Home: ███████ Work: (____) _____

Cell: (____) _____ Email Address: ███████████

Date of Birth: ███████ Sex: ☒ Male ☐ Female    Do You Have a Disability? ☐ Yes ☒ No

**Please answer each of the next three questions.** i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White
☒ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? _____

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: Scholanda Donald     Relationship: Sister

Address: _____ City: _____ State: _____ Zip Code: _____

Home Phone: ███████ Other Phone: (____) _____

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer ☐ Union ☐ Employment Agency ☐ Other (Please Specify) _____

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: The Shaw Group, Inc.

Address: 3711 Highway 355 South     County: _____

City: Fulton     State: AR Zip: 71845     Phone: (870) 896-8500

Type of Business: Construction     Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: Ed     Phone: (870) 896-8500

**Number of Employees in the Organization at All Locations**: Please Check (✓) One

☐ Fewer Than 15   ☐ 15 – 100   ☐ 101 – 200   ☐ 201 – 500   ☒ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☒ No

Date Hired: August 15, 2011     Job Title At Hire: Journeyman

Pay Rate When Hired: $24 an hour     Last or Current Pay Rate: $24 an hour

Job Title at Time of Alleged Discrimination: Journeyman     Date Quit/Discharged: December 9, 2011

Name and Title of Immediate Supervisor: Mario Bingham, foreman

If Job Applicant, Date You Applied for Job N/A     Job Title Applied For _____

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☒ Race ☐ Sex ☐ Age ☐ Disability ☐ National Origin ☐ Religion ☐ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing    ii. family medical history    iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information?_____

_____

Other reason (basis) for discrimination (Explain): _____

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

**A. Date:** See attached .Action: _____

_____

**Name and Title of Person(s) Responsible:** _____

**B. Date:** _____ Action: _____

_____

**Name and Title of Person(s) Responsible** _____

**6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.**
See attached.

_____

**7. What reason(s) were given to you for the acts you consider discriminatory?** By whom? His or Her Job Title?
See attached.

_____

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. See attached.

_____

_____

B._____

_____

Of the persons in the same or similar situation as you, who was treated *worse* than you?

Full Name       Race, Sex, Age, National Origin, Religion or Disability     Job Title         Description of Treatment

A. _See attached._

B. _____

Of the persons in the same or similar situation as you, who was treated the *same* as you?

Full Name       Race, Sex, Age, National Origin, Religion or Disability     Job Title         Description of Treatment

A. _See attached._

B. _____

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:    N/A   ☐ Yes, I have a disability
                                     ☐ I do not have a disability now but I did have one
                                     ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).
N/A

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
   ☐ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?
N/A

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
   ☐ Yes ☐ No
If "Yes," when did you ask? _____N/A_____ How did you ask (verbally or in writing)? _____

Who did you ask? (Provide full name and job title of person)

Describe the changes or assistance that you asked for: _____

How did your employer respond to your request? _____

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

|  Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|
| A. | See attached. | | |
| B. | | | |

**14. Have you filed a charge previously on this matter with the EEOC or another agency?** ☐ Yes ☒ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** N/A

**16. Have you sought help about this situation from a union, an attorney, or any other source?** ☒ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
Valli Kane & Vagnini, LLP. I spoke to attorney Deborah Rubin.

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights.** If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**

BOX 2 ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the **EEOC must give the employer, union, or employment agency that I accuse of discrimination** information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____ Signature          12/23/2012 Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

**Roy Johnson - EEOC Intake Questionnaire**
**Additional Information**

Question 5:

A. *Date*: September 2011
   *Action*: One of Mr. Johnson's co-workers, Sylvestor Guiterez, said, "I got to show you something." Mr. Johnson followed him back and saw a noose hanging up in the area that he was working in. When he first saw the noose, his hands started shaking, he could not control his breathing, and tears started coming down his face. Johnson and his co-worker, Sylvestor Guiterez, called safety and the safety man saw it and then called Ed from Human Resources. Both Ed and the Safety employee said that they did not want Mr. Johnson or his co-worker talking about it with anyone. They said that they would do an investigation. However, two weeks later, when Mr. Johnson inquired what had happened he said we're still investigating, but upon information and belief, they did not question anyone about the incident. This was not the first time there was a noose at Shaw's Fulton, Arkansas facility. Upon information and belief, Shaw has done nothing to deter this type of behavior on the job site.
   *Name & Title of Person(s) Responsible*:

B. *Date*: Throughout his employment
   *Action*: Shaw subjects black employees to disparate treatment in terms of hiring and promotions. White employees with less experience than Johnson and other black employees are generally hired or promoted into better paying positions than black employees. When Johnson was hired at Shaw, there was a white employee, Zoo Bear, who was the leadman on the crew. Bear worked under Johnson on another shaw job site from December 9, 2010 through April of 2011 in North Carolina. Johnson was a general foreman at the North Carolina site, but when he was hired at Fulton, Arkansas, all those positions were filled. However, one of the leadman positions was filled by Zoo Bear, who was not as knowledgeable as Johnson or experienced as Johnson. Bear was also paid more than Johnson. Bear was chosen for the leadman position by the superintendent, Jack Lo. Additionally, the superintendent was eventually replaced by a white employee, Teddy Schmell, who had no experience.
   *Name & Title of Person(s) Responsible*: Jack Lo

C. *Date*: Throughout employment at Shaw
   *Action*: Throughout his employment at Shaw, Johnson saw racially offensive graffiti in the bathrooms such as "go home nigger," and "die nigger," "every black man's dream is a white girl," "white power," "KKK," as well as drawings of black men being hung by nooses, and swastikas. Johnson complained to the Safety Manager, Wizard, and asked why Shaw never did anything about the graffiti. Shaw never did anything to address the racially offensive graffiti. In and around September 2011, there were written bomb threats in the bathrooms. Shaw took action by holding big meetings about the bomb threats. Johnson believes if they could take these measures for bomb threats, they should have been able to take these same measures for threats against black workers, but they never did. They also never held any plant-wide meetings to address the prevalent noose

PLAINTIFFS 000269

problem. To Johnson, nooses representing killing, and a noose is a symbol used to demoralize and intimidate black persons.
*Name & Title of Person(s) Responsible*:


D. *Date*: Throughout employment at Shaw
*Action*: Johnson was also approached by a white employee at work who said, "What's going on boy?" To Johnson's white co-workers, there was nothing wrong with calling him "boy," or "bubba." Johnson found this offensive, and despite telling his white co-workers to call him by his name, and in response, Johnson is told that he has an attitude.
*Name & Title of Person(s) Responsible*:

E. *Date*: December 9, 2011
*Action*: Johnson was laid off on December 9, 2011. Upon information and belief, Shaw maintains a discriminatory layoff practice. Layoffs are supposed to be based on hire date, therefore employees who are most recently hired, would be laid off before someone who has worked at Shaw longer. When Johnson was laid off, not only was he laid off before more recently hired white employees were laid off, but also he was told that they were cutting back, but Johnson learned that white employees were hired eve after Johnson was laid off.
*Name & Title of Person(s) Responsible*:

Question 6: Why do you believe these actions were discriminatory?

Many of these actions are directed at Black employees including the slurs, graffiti, and hanging of nooses.

Management at Shaw does nothing to address incidents aimed at offending Black employees.

White employees are promoted into higher paying positions over more qualified Black employees.

Question 7: What reasons were given to you for the acts you consider discriminatory? By Whom? His or Her Job Title?

N/A

Question 8: Describe who was in the same or similar situation as you and how they were treated. Of the persons in the same or similar situation as you, who was treated ***better*** than you?
*Full Name Race, Sex, Age, National Origin, Religion or Disability Job Title Description of Treatment*
N/A

Of the persons in the same or similar situation as you, who was treated ***worse*** than you?
*Full Name Race, Sex, Age, National Origin, Religion or Disability Job Title Description of Treatment*
N/A

Of the persons in the same or similar situation as you, who was *treated the same* as you?

Questions 9 – 12 are not applicable.

Question 13: Are there any **witnesses** to the alleged discriminatory incidents?  If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

    a.   Sylvester Gutierrez – Hispanic
    b.   Ed – Corporate Human Resources

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE MIDDLE DISTRICT OF LOUISIANA
 3
 4            CASE NO. 3:12-CV-757 (BAJ)(RLB)
 5
 6  FRANCIS MOORE, DEREK DAVIS,         *
    PHILLIP HENTZ, CHARLES HOLMES,      *
 7  TERRENCE JAMES, ROY JOHNSON,        *
    SHAWN KEITH, CARLOS NEAL,           *
 8  MARCUS RICHARDSON, BYRON            *
    RICKS, BEOWULF SNELL and            *
 9  PANDRA VAUGHN                       *
                Plaintiffs,             *
10                                      *
    versus                              *
11                                      *
                                        *
12  THE SHAW GROUP, INC., CHICAGO       *
    BRIDGE & IRON COMPANY               *
13              Defendants.             *
                                        *
14  *  *  *  *  *  *  *  *  *  *  *  *  *
15
16
17
18        Deposition of DEREK M. DAVIS, 1920 Dean
19  Road, Jacksonville, Florida 32216, taken in the
20  offices of the Carter Law Group, LLC, 1055 St.
21  Charles Avenue, Suite 555, New Orleans,
22  Louisiana 70130, on Tuesday, the 19th day of
23  May, 2015, commencing at 1:12 p.m.
24
25
```

Exhibit

9

1  APPEARANCES:

2

3       DINOVO PRICE ELLWANGER & HARDY LLP

4       (By:  Gabriel R. Gervey, Esquire)

5       7000 North MoPac Expressway, Suite 350

6       Austin, Texas  78731

7           ATTORNEYS FOR THE PLAINTIFFS

8

9

10      THE KULLMAN FIRM

11      (By:  Christine S. Keenan, Esquire)

12      4605 Bluebonnet Boulevard, Suite A

13      Baton Rouge, Louisiana 70809

14          ATTORNEYS FOR THE DEFENDANTS

15

16

17

18

19

20

21

22

23  REPORTED BY:

24      LISA BODE, CSR

25      Certified Shorthand Reporter

```
 1                        EXHIBIT INDEX
 2
 3   Exhibit No. 1 -
 4         Online application for employment
 5
 6   Exhibit No. 2 -
 7         Shaw Offer Letter dated February 28,
 8         2011, signed and dated 3/2/11
 9
10   Exhibit No. 3 -
11         Corporate Policies, list of links, and
12         Agreements and Acknowledgements dated
13         02/22/11
14
15   Exhibit No. 4 -
16         Shaw memo dated January 2, 2008
17         Re:  Offensive Material Prohibited
18         Signed and dated 3/2/11
19
20   Exhibit No. 5 -
21         Shaw Separation Notice dated 6/28/2011
22
23   Exhibit No. 6 -
24         Shaw offer letter dated July 15, 2011
25
```

Exhibit No. 7 -
      Shaw John W. Turk, Jr. Power Plant -
      Unit 1 Employee Handbook and Site Work
      Rules

Exhibit No. 8 -
      Employee Disciplinary Record dated
      08/05/11

Exhibit No. 9 -
      Photocopy of color photograph

Exhibit No. 10 -
      Shaw Power - Construction Craft Employee
      Evaluation dated 9/08/11

Exhibit Nos. 11 through 17 -
      Photocopies of color photographs

Exhibit No. 18 -
      Shaw Separation Notice dated 10/21/11

Exhibit No. 19 -
      Shaw Separation Notice dated 6/28/12

```
 1  Exhibit No. 20 -
 2        Shaw offer letter dated November 29, 2012
 3
 4  Exhibit No. 21 -
 5        Online complaint made to 1-800 number
 6        Date Received:  10/28/2011
 7
 8  Exhibit No. 22 -
 9        U.S. Equal Employment Opportunity
10        Commission Intake Questionnaire
11
12  Exhibit No. 23 -
13        EEOC Charge of Discrimination dated
14        01/11/12
15
16                    *   *   *
17
18
19                 EXAMINATION INDEX
20                                        Page
21  EXAMINATION BY MS. KEENAN:            7
22  EXAMINATION BY MR. GERVEY:            166
23
24                    *   *   *
25
```

1                    STIPULATION

2

3

4      IT IS STIPULATED AND AGREED by and between

5  counsel for the parties hereto that the

6  deposition of the aforementioned witness is

7  hereby taken under the Federal Rules of Civil

8  Procedure for all purposes, in accordance with

9  the law;

10      That the formality of reading and signing

11  is hereby specifically waived;

12      That the formalities of filing, sealing,

13  and certification are hereby specifically

14  waived;

15      That all objections, save those as to the

16  form of the question and the responsiveness of

17  the answer, are hereby reserved until such time

18  as this deposition, or any part thereof, may by

19  used or sought to be used in evidence at the

20  time of the trial of this matter.

21

22                    *   *   *

23      LISA BODE, Certified Shorthand Reporter,

24  State of Louisiana, officiated in administering

25  the oath to the witness.

1          WITNESS' CERTIFICATE

2

3

4        I have read or have had the

5 foregoing testimony read to me and hereby

6 certify that it is a true and correct

7 transcription of my testimony, with the

8 exception of any attached corrections or

9 changes.

10

11

12

13

14

15

16

17

18       DEREK M. DAVIS

19

20

21

22

23

24

25

ORIGINAL

```
 1                REPORTER'S CERTIFICATE
 2           I, Lisa Bode, Certified Court Reporter in
 3     and for the State of Louisiana, as the officer
 4     before whom this testimony was taken, do hereby
 5     certify that DEREK M. DAVIS, after having been
 6     duly sworn by me upon authority of R.S. 37:2554,
 7     did testify as hereinbefore set forth in the
 8     foregoing 176 pages; that this testimony was
 9     reported by me in the stenotype reporting
10     method, was prepared and transcribed by me or
11     under my personal direction and supervision, and
12     is a true and correct transcript to the best of
13     my ability and understanding; that the
14     transcript has been prepared in compliance with
15     transcript format guidelines required by statute
16     or by rules of the board, that I have acted in
17     compliance with the prohibition on contractual
18     relationships, as defined by Louisiana Code of
19     Civil Procedure Article 1434 and in rules and
20     advisory opinions of the board; that I am not
21     related to counsel or to the parties herein, nor
22     am I otherwise interested in the outcome of this
23     matter.
24                          _____
                                   Lisa Bode, CCR (#88002)
25
```

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 493-2012-00354 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Derek Davis** | ▮▮▮▮▮ | ▮▮▮▮▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮ **Jacksonville, FL** ▮▮▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **THE SHAW GROUP INC** | **500 or More** | **(870) 896-8570** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3711 Highway 355 South, Fulton, AR 71838** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest **11-01-2011**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired at a location in St. Paul, VA on or about March 2, 2011 and was employed as a Pipefitter Helper. At that location I was subjected to harassment and a hostile work environment. I was also paid less than similarly situated other employees of different races who were paid journeymen wages and doing pipefitter helper work like me. On or about June 29, 2011 I was laid off from the VA location. On or about July 18, 2011 I was hired at the Fulton, AR location. At this location I was subjected to harassment and a hostile work environment. In August 2011 I was given a write up. On or about October 20, 2011 a coworker and I reported a hangman's noose to human resources. On or about October 21, 2011 I was laid off.

In Virginia, my foreman referred to the pipe foreman as a member of the KKK. I reported the comment to the safety personnel. My foreman also referred to me as "my Nigger" to another employee. Although the foreman was discharged I suspect that he has been rehired. There was also racial graffiti in the restrooms and many of the welders carry tool boxes with rebel flags and have rebel flags on their hardhats. I was paid $18.60/hr and white and Hispanic employees were listed as journeymen and paid $23/hr for the same work I performed. I was told I was laid off due to a Reduction in Force. At the Arkansas site my foreman told me she was writing me up because the General Foreman told her to write me up, despite the fact that I was taking a structural welder test and provided medical documentation for the two days I had to miss work. I was repeatedly called "boy" by a welder and I reported it to human resources. There was also racial graffiti in the restrooms and employees who had rebel flags. A few days later I was laid off. The day before my lay off I saw a hangman's noose and reported it. The next day I was told I was laid off due to reduction in force, along with the other employee who reported the noose. I have since attempted to be rehired at this company and have not been rehired.

I believe that I have been subjected to racial harassment and a hostile work environment, paid less, laid off, disciplined, and not recalled due to my race, Black, and laid off, disciplined, and not recalled in retaliation for reporting racial harassment and a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 01/11/12 _Date_ _Derek Davis_ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED JAN 17 2012 U.S. EEOC LRAO

**EXHIBIT 23**

Moore et al. v. Shaw 000013

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

CASE NO. 3:12-CV-757 (BAJ)(RLB)

FRANCIS MOORE, DEREK DAVIS, PHILLIP HENTZ,
CHARLES HOLMES, TERENCE JAMES, ROY JOHNSON,
SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON,
BYRON RICKS, BEOWULF SNELL, AND PANDRA VAUGHN

VERSUS

THE SHAW GROUP, INC. AND
CHICAGO BRIDGE & IRON COMPANY

Deposition of CARLOS NEAL, taken on
May 28, 2015, at the Carter Law Group, 1055 St.
Charles Avenue, Suite 555, New Orleans,
Louisiana 70130.

REPORTED BY:
    LESLIE L. NICOSIA
    CERTIFIED COURT REPORTER

Exhibit

10

```
 1                    A P P E A R A N C E S

 2

 3   REPRESENTING FRANCIS MOORE, DEREK  DAVIS, PHILLIP
     HENTZ, CHARLES HOLMES, TERENCE JAMES, ROY JOHNSON,
 4   SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON, BYRON
     RICKS, BEOWULF SNELL, AND PANDRA VAUGHN:

 5

         THE LAW OFFICES OF HOLT MAJOR LACKEY
 6       BY:  HOLT MAJOR LACKEY, ESQ.
         603 West 18th Street
 7       Suite B
         Austin, Texas 78701

 8

 9   REPRESENTING SHAW CONSTRUCTORS, INC.:

10       THE KULLMAN FIRM
         BY:  MICHAEL S. HUDSON, ESQ.
11       600 6th Street North
         Suite 704
12       Columbus, Mississippi 39701

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    I N D E X
 2                                          PAGE
 3  Title.................................   1
 4  Appearances...........................   2
 5  Index.................................   3
 6  Stipulation...........................   5
 7  EXAMINATION BY:
 8      MR. HUDSON........................   6
                                          122
 9
       MR. LACKEY........................101
10                                        127
11
                   E X H I B I T S
12  Exhibit 1
        Amended Notice of Deposition......   6
13
    Exhibit 2
14      Offer of Employment Letter........  19
15  Exhibit 3
        Employee Handbook and Site
16      Work Rules........................  20
17  Exhibit 4
        Code of Corporate Conduct.........  21
18
    Exhibit 5
19      Corporate Policies................  21
20  Exhibit 6
        5/2/11 Employee Disciplinary
21      Record............................  31
22  Exhibit 7
        9/26/11 Employee Disciplinary
23      Record............................  38
24  Exhibit 8
        Separation Notice.................  46
25
```

1              E X H I B I T S (Continued)

2                                           PAGE

3  Exhibit 9
       EEOC Charge of Discrimination....... 74

4
   Exhibit 10
5      Notice of Right to Sue.............. 75

6  Exhibit 11
       First Amended Complaint............. 76

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

S T I P U L A T I O N

It is stipulated and agreed by and between counsel for the parties that the deposition of CARLOS NEAL, is hereby taken pursuant to the Federal Rules of Civil Procedure, in accordance with law, pursuant to Notice, on May 28, 2015, in the office of the Carter Law Group;

That the formalities of sealing, certification and filing are hereby specifically waived;

That the reading and signing is specifically not waived;

That all objections, save those as to the form of the question, are hereby reserved until such time as this deposition, or any part thereof, may be used or sought to be used in evidence;

That Leslie L. Nicosia, Certified Court Reporter, in and for the State of Louisiana, officiated in administering the oath to the above-named witness.

1              WITNESS' CERTIFICATE

2

3          I, CARLOS NEAL, do hereby certify that

4   I have read, or have had read to me, the

5   preceding pages of testimony;

6          That said testimony was given by me

7   under oath; and that the transcription of said

8   testimony, with corrections and/or changes, if

9   any, is true and correct to the best of my

10  knowledge and belief.

11

12

13          *Carlos Neal*
            _____
            CARLOS NEAL

14

15  I am returning the enclosed transcript:

16          (  ) With Corrections

17          ( X) Without Corrections

18

19

20  Reported By:  Leslie L. Nicosia, CCR

21

22      FRANCIS MOORE, DEREK DAVIS, PHILLIP HENTZ,
        CHARLES HOLMES, TERENCE JAMES, ROY JOHNSON,
23      SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON,
        BYRON RICKS, BEOWULF SNELL, AND PANDRA VAUGHN
24                      VERSUS
                THE SHAW GROUP, INC. AND
25          CHICAGO BRIDGE & IRON COMPANY

REPORTER'S PAGE

        I, Leslie L. Nicosia, Certified Court
Reporter, in and for the State of Louisiana, the
officer, as defined in Rule 28 of the Federal
Rules of Civil Procedure and/or Article 1434 (B)
of the Louisiana Code of Civil Procedure, before
whom this sworn testimony was taken, do hereby
state on the record;

        That due to the interaction and the
spontaneous discourse of this proceeding, dashes
(--) have been used to indicate pauses, changes
in thought, and/or talk-overs; that same is the
proper method for a court reporter's
transcription of proceeding, and that the dashes
(--) do not indicate that words or phrases have
been left out of this transcript; that any words
and/or names which could not be verified through
reference material have been denoted with the
phrase "phonetically spelled."

_Leslie Nicosia_
Leslie L. Nicosia, C.C.R.

```
 1                    C E R T I F I C A T E
 2        This certification is valid only for a transcript with my
      original signature and original required seal on this page.
 3
         I, LESLIE L. NICOSIA, Certified Court Reporter in and for
 4    the State of Louisiana, the "Officer" before whom this sworn
      testimony was taken, do hereby certify:
 5
         That CARLOS NEAL, to whom oath was administered by me
 6    upon authority of R.S. 37:2554, did testify as herein set
      forth in the foregoing pages;
 7
         That this proceeding and testimony was reported by me in
 8    stenotype method, was prepared and transcribed by me or under
      my personal direction and supervision, and is a true and
 9    correct transcript to the best of my ability and
      understanding;
10
         That this transcript has been prepared in compliance with
11    transcript format guidelines required by statute or rules of
      the Board, and I am informed about the complete arrangement,
12    financial or otherwise, with the person or entity making
      arrangements for deposition services;
13
         That I have acted in compliance with the prohibition on
14    contractual relationships as defined by Louisiana Code of
      Civil Procedure Article 1434 and in rules and advisory
15    opinions of the Board;
16       That I have no actual knowledge of any prohibited
      employment or contractual relationship, direct or indirect,
17    between a court reporting firm and any party litigant in this
      matter, nor is there any such relationship between myself and
18    a party litigant in this matter;
19       That I am not related to counsel or to the parties
      herein, nor am I otherwise interested in the outcome of this
20    matter.
21                    _Leslie Nicosia_
22                    _____
                      LESLIE L. NICOSIA, CCR
                      Cert. No. 95004
23
24
25
```

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 493-2012-00236 |
| | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Carlos Neal** | ▮ | ▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮ Marks, MS ▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **THE SHAW GROUP, INC** | 15 - 100 | (870) 896-8500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3711 Highway 355 South, Fulton, AR 71838 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-06-2011**  Latest **10-10-2011**

☐ CONTINUING ACTION

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

I was hired on or about April 6, 2011 and was employed as a Pipefitter. While employed I was subjected to racial harassment and racially hostile work environment. In May 2011 and on September 26, 2011 I was disciplined. On or about October 10, 2011 I resigned my employment.

I saw a noose on a beam in the FTG building in the summer of 2001. I also heard about other nooses in the workplace while employed. I routinely heard members of management refer to me and other Black employees as "Boy" and "black ass." I witnessed racially offensive graffiti in company bathrooms and in portalets such as "Nigger" and "Racism is a crime and crime is for Niggers." I was disciplined in May for rectifying the mistake of White coworkers who incorrectly placed a pipe. I was threatened with demotion and a pay decrease. The White coworkers were not disciplined. I was disciplined in September 2011 for having 6 absences, however 3 of the absences were related to the site being closed for a holiday, 1 of the absences was an excused absence, and for the remaining 2 I provided notice that I would not be at work. Other White employees who have had multiple absences have not been disciplined.

I believe that I have been subjected to racial harassment and a hostile work environment, and disciplined, due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1-18-12 — *Carlos Neal*

Date | Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

RECEIVED
JAN 23 2012
EEOC
U.S.

DEPOSITION
EXHIBIT
9

PENGAD 800-631-6989

                UNITED STATES DISTRICT COURT

            FOR THE MIDDLE DISTRICT OF LOUISIANA


              CASE NO. 3:12-CV-757 (BAJ)(RLB)


FRANCIS MOORE, DEREK DAVIS,          *
PHILLIP HENTZ, CHARLES HOLMES,       *
TERRENCE JAMES, ROY JOHNSON,         *
SHAWN KEITH, CARLOS NEAL,            *
MARCUS RICHARDSON, BYRON             *
RICKS, BEOWULF SNELL and             *
PANDRA VAUGHN                        *
              Plaintiffs,            *
                                     *
versus                               *
                                     *
                                     *
THE SHAW GROUP, INC., CHICAGO        *
BRIDGE & IRON COMPANY                *
              Defendants.            *
                                     *
*   *   *   *   *   *   *   *   *   *   *   *   *




        Deposition of BYRON K. RICKS, 80 County
Road 46650, Blossom, Texas 75416, taken in the
offices of the Carter Law Group, LLC, 1055 St.
Charles Avenue, Suite 555, New Orleans,
Louisiana 70130, on Friday, the 22nd day of May,
2015, commencing at 1:20 p.m.

Exhibit

11

```
 1   APPEARANCES:

 2

 3        DINOVO PRICE ELLWANGER & HARDY LLP

 4        (By:  Stefanie T. Scott, Esquire)

 5        7000 North MoPac Expressway, Suite 350

 6        Austin, Texas  78731

 7             ATTORNEYS FOR THE PLAINTIFFS

 8

 9        THE KULLMAN FIRM

10        (By:  Christine S. Keenan, Esquire)

11        4605 Bluebonnet Boulevard, Suite A

12        Baton Rouge, Louisiana  70809

13             ATTORNEYS FOR THE DEFENDANTS

14

15   REPORTED BY:

16        LISA BODE, CSR

17        Certified Shorthand Reporter

18

19

20                  EXAMINATION INDEX

21                                      Page

22   EXAMINATION BY MS. KEENAN:          7

23   EXAMINATION BY MS. SCOTT:         208

24

25                  *   *   *
```

```
 1                      EXHIBIT INDEX
 2
 3   Exhibit No. 1 -
 4          Shaw offer letter dated March 29, 2011
 5          signed and dated 4/4/2011
 6
 7   Exhibit No. 2 -
 8          Shaw John W. Turk, Jr. Power Plant -
 9          Unit 1 Employee Handbook and Site Work
10          Rules
11
12   Exhibit No. 3 -
13          Policy Acknowledgements dated 03/30/11
14
15   Exhibit No. 4 -
16          Corporate Policies, list of links, and
17          Agreements and Acknowledgements dated
18          04/04/11
19
20   Exhibit No. 5 -
21          Shaw Request for Hourly Wage/Position
22          Change dated 5/17/11
23
24
25
```

```
1   Exhibit No. 6 -
2        Shaw Request for Hourly Wage/Position
3        Change dated 8/17/11
4
5   Exhibit No. 7 -
6        Required Safety Training for J.W. Turk
7        Site record dated 8/18/11
8
9   Exhibit No. 8 -
10       Shaw Power - Construction Craft Employee
11       Evaluation dated 9/30/11
12
13  Exhibit No. 9 -
14       Craft Employee Evaluation dated 1/13/12
15
16  Exhibit No. 10 -
17       Shaw Employee Disciplinary Record dated
18       1/30/12
19
20  Exhibit No. 11 -
21       Shaw Employee Disciplinary Record dated
22       1/31/12
23
24  Exhibit No. 12 -
25       EEOC Charge of Discrimination
```

1  Exhibit No. 13 -
2        U.S. Equal Employment Opportunity
3        Notice of Right to Sue letter dated
4        8/31/2012
5
6  Exhibit Nos. 14 through 20 -
7        Photocopies of color photographs
8
9                        *   *   *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

STIPULATION

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto that the deposition of the aforementioned witness is hereby taken under the Federal Rules of Civil Procedure for all purposes, in accordance with the law;

That the formality of reading and signing is hereby specifically not waived;

That the formalities of filing, sealing, and certification are hereby specifically waived;

That all objections, save those as to the form of the question and the responsiveness of the answer, are hereby reserved until such time as this deposition, or any part thereof, may by used or sought to be used in evidence at the time of the trial of this matter.

*   *   *

LISA BODE, Certified Shorthand Reporter, State of Louisiana, officiated in administering the oath to the witness.

```
 1              REPORTER'S CERTIFICATE
 2         I, Lisa Bode, Certified Court Reporter in
 3   and for the State of Louisiana, as the officer
 4   before whom this testimony was taken, do hereby
 5   certify that BYRON K. RICKS, after having been
 6   duly sworn by me upon authority of R.S. 37:2554,
 7   did testify as hereinbefore set forth in the
 8   foregoing 232 pages; that this testimony was
 9   reported by me in the stenotype reporting
10   method, was prepared and transcribed by me or
11   under my personal direction and supervision, and
12   is a true and correct transcript to the best of
13   my ability and understanding; that the
14   transcript has been prepared in compliance with
15   transcript format guidelines required by statute
16   or by rules of the board, that I have acted in
17   compliance with the prohibition on contractual
18   relationships, as defined by Louisiana Code of
19   Civil Procedure Article 1434 and in rules and
20   advisory opinions of the board; that I am not
21   related to counsel or to the parties herein, nor
22   am I otherwise interested in the outcome of this
23   matter.
24                        _____
                          Lisa Bode, CCR (#88002)
25
```

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 493-2012-00461 |
| | and EEOC |

State or local Agency, if any

RECEIVED
FEB 17 2012
U.S. EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Byron Ricks | | |

| Street Address | City, State and ZIP Code | |
| Paris, TX | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE SHAW GROUP INC | 500 or More | (870) 896-8570 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3711 Highway 355 South, Fulton, AR 71838 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                  01-31-2012

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in April 2011 and am currently employed as an Electrician Foreman. While employed I have been subjected to harassment, intimidation, different terms and conditions of employment and a racially hostile work environment. About 2 weeks ago I was demoted from Foreman to Lead Man. I was promoted back to Foreman but I was the only Electrician Foreman to be demoted. On or about January 30, 2012 I was given a verbal warning and on or about January 31, 2012 I was given a written warning. The Superintendent also intimidated me on January 31, 2012 by threatening me with demotion.

From October 2011 until the end of December 2011 there was racial graffiti in the portable restrooms: "Every niggers dream is a white girl" "Niggers" and depictions of the KKK. There have been at least two nooses at the work site, and the one I reported was reported to my Foreman at the time. There are rebel flags on hardhats and trucks, and I have reported them to my Foreman at the time. The Foreman stated that we just needed to keep an eye out for nooses and that with the rebel flags "you just remember we are in the south and this is the way they do it down here." I feel like nothing has been done about the racially hostile work environment. Any time a Black electrician is placed on my crew they move him to another crew. There is a Hispanic foreman that is allowed to only use Hispanics on his crew because he says they work better. When I questioned why Black electricians were moved off my crew I was told by the General Foreman and Superintendent that they are trying to even up the crews. When I was demoted I was told it was because the company had too many foremen, but none of the White or Hispanic foremen were demoted. I was given a verbal and written warning for being late to work. To my knowledge White foremen are not disciplined for being late. The Superintendent told me I needed to get here to work, or I would be moved back to Lead Man, that my employees "just stand around" and if I do not like the rules I should quit. To my knowledge the Superintendent does not criticize the White foremen.

I believe that I have been subjected to harassment, intimidation, different terms and conditions of employment, a racially hostile work environment, demoted, and disciplined due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

2-15-12          Byron Ricks

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

| Date | Charging Party Signature | |

EXHIBIT
12

Moore et al. v. Shaw 001492

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

```
 1            UNITED STATES DISTRICT COURT
 2         FOR THE MIDDLE DISTRICT OF LOUISIANA
 3

 4

 5         CASE NO. 3:12-CV-757 (BAJ)(RLB)
 6

 7

 8     FRANCIS MOORE, DEREK DAVIS, PHILLIP HENTZ,
       CHARLES HOLMES, TERENCE JAMES, ROY JOHNSON,
 9     SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON,
       BYRON RICKS, BEOWULF SNELL, AND PANDRA VAUGHN
10
                        VERSUS
11
             THE SHAW GROUP, INC. AND
12        CHICAGO BRIDGE & IRON COMPANY
13

14

15

16

17         Deposition of BEOWULF SNELL, taken on
18   May 28, 2015, at the Carter Law Group, 1055 St.
19   Charles Avenue, Suite 555, New Orleans, Louisiana
20   70130.
21

22

23

24   REPORTED BY:
         LESLIE L. NICOSIA
25       CERTIFIED COURT REPORTER
```

Exhibit

12

1                    A P P E A R A N C E S

2

3  REPRESENTING FRANCIS MOORE, DEREK  DAVIS, PHILLIP
   HENTZ, CHARLES HOLMES, TERENCE JAMES, ROY JOHNSON,
4  SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON, BYRON
   RICKS, BEOWULF SNELL, AND PANDRA VAUGHN:

5

       THE LAW OFFICES OF HOLT MAJOR LACKEY
6      BY:  HOLT MAJOR LACKEY, ESQ.
       603 West 18th Street
7      Suite B
       Austin, Texas 78701

8

9  REPRESENTING SHAW CONSTRUCTORS, INC.:

10     THE KULLMAN FIRM
       BY:  MICHAEL S. HUDSON, ESQ.
11     600 6th Street North
       Suite 704
12     Columbus, Mississippi 39701

13

14

15

16

17

18

19

20

21

22

23

24

25

I N D E X

PAGE

Title.................................. 1
Appearances........................... 2
Index................................. 3
Stipulation........................... 5
EXAMINATION BY:
     MR. HUDSON....................... 6
                                      99
                                     113
     MR. LACKEY...................... 81
                                     111

E X H I B I T S

Exhibit 1
     Amended Notice of Deposition...... 6
Exhibit 2
     Offer of Employment Letter........ 19

Exhibit 3
     Employee Handbook and Site
     Work Rules........................ 20

Exhibit 4
     Code of Corporate Conduct......... 20
Exhibit 5
     New Employee Safety Handbook...... 20

Exhibit 6
     Policy Acknowledgements........... 24
Exhibit 7
     Fall Protection Acknowledgement... 25

Exhibit 8
     Rate Change Form.................. 31

1              E X H I B I T S (Continued)

2                                         PAGE

3  Exhibit 9
        Construction Craft Employee
4       Evaluation......................... 51

5  Exhibit 10
        Separation Notice.................. 53

6

   Exhibit 11
7       EEOC Charge of Discrimination....... 56

8  Exhibit 12
        Notice of Right to Sue............. 60

9

   Exhibit 13
10      First Amended Complaint............ 61

11 Exhibit 14
        Term List for Savety Violation
12      Tie-Off Policy....................103

13 Exhibit 15
        Declaration and Statement of Facts..112

14

15

16

17

18

19

20

21

22

23

24

25

S T I P U L A T I O N

   It is stipulated and agreed by and
between counsel for the parties that the
deposition of BEOWULF SNELL, is hereby taken
pursuant to the Federal Rules of Civil Procedure,
in accordance with law, pursuant to Notice, on
May 28, 2015, in the office of the Carter Law
Group;

   That the formalities of sealing,
certification and filing are hereby specifically
waived;

   That the reading and signing is
specifically not waived;

   That all objections, save those as to
the form of the question, are hereby reserved
until such time as this deposition, or any part
thereof, may be used or sought to be used in
evidence;

   That Leslie L. Nicosia, Certified Court
Reporter, in and for the State of Louisiana,
officiated in administering the oath to the
above-named witness.

1                    WITNESS' CERTIFICATE

2

3          I, BEOWULF SNELL, do hereby certify that

4    I have read, or have had read to me, the

5    preceding pages of testimony;

6          That said testimony was given by me

7    under oath; and that the transcription of said

8    testimony, with corrections and/or changes, if

9    any, is true and correct to the best of my

10   knowledge and belief.

11

12

13                            _____
                               BEOWULF SNELL
14

15   I am returning the enclosed transcript:

16          (   ) With Corrections

17          ( X ) Without Corrections

18

19

20   Reported By:  Leslie L. Nicosia, CCR

21

22        FRANCIS MOORE, DEREK DAVIS, PHILLIP HENTZ,
          CHARLES HOLMES, TERENCE JAMES, ROY JOHNSON,
23        SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON,
          BYRON RICKS, BEOWULF SNELL, AND PANDRA VAUGHN
24                            VERSUS
                    THE SHAW GROUP, INC. AND
25            CHICAGO BRIDGE & IRON COMPANY

```
 1                    REPORTER'S PAGE

 2

 3           I, Leslie L. Nicosia, Certified Court

 4    Reporter, in and for the State of Louisiana, the

 5    officer, as defined in Rule 28 of the Federal

 6    Rules of Civil Procedure and/or Article 1434 (B)

 7    of the Louisiana Code of Civil Procedure, before

 8    whom this sworn testimony was taken, do hereby

 9    state on the record;

10           That due to the interaction and the

11    spontaneous discourse of this proceeding, dashes

12    (--) have been used to indicate pauses, changes

13    in thought, and/or talk-overs; that same is the

14    proper method for a court reporter's

15    transcription of proceeding, and that the dashes

16    (--) do not indicate that words or phrases have

17    been left out of this transcript; that any words

18    and/or names which could not be verified through

19    reference material have been denoted with the

20    phrase "phonetically spelled."

21                    Leslie L. Nicosia, C.C.R.

22

23

24

25
```

1               C E R T I F I C A T E

2      This certification is valid only for a transcript with my
original signature and original required seal on this page.

3

4      I, LESLIE L. NICOSIA, Certified Court Reporter in and for
the State of Louisiana, the "Officer" before whom this sworn
testimony was taken, do hereby certify:

5

6      That BEOWULF SNELL, to whom oath was administered by me
upon authority of R.S. 37:2554, did testify as herein set forth
in the foregoing pages;

7

8      That this proceeding and testimony was reported by me in
stenotype method, was prepared and transcribed by me or under my
personal direction and supervision, and is a true and correct

9 transcript to the best of my ability and understanding;

10      That this transcript has been prepared in compliance with
transcript format guidelines required by statute or rules of the

11 Board, and I am informed about the complete arrangement,
financial or otherwise, with the person or entity making

12 arrangements for deposition services;

13      That I have acted in compliance with the prohibition on
contractual relationships as defined by Louisiana Code of Civil

14 Procedure Article 1434 and in rules and advisory opinions of the
Board;

15

16      That I have no actual knowledge of any prohibited
employment or contractual relationship, direct or indirect,
between a court reporting firm and any party litigant in this

17 matter, nor is there any such relationship between myself and a
party litigant in this matter;

18

19      That I am not related to counsel or to the parties herein,
nor am I otherwise interested in the outcome of this matter.

20

21      LESLIE L. NICOSIA, CCR
     Cert. No. 95004

22

23

24

25

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2012-00613 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Beowulf L. Snell | ███████ | ███████ |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ███████ Macon, GA ███ | | |

MAR 20 2012
U.S. EEOC
LRAO

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE SHAW GROUP INC | 500 or More | (870) 896-8570 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3711 Highway 355 South, Fulton, AR 71838 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| | 10-27-2011 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on or about July 27, 2011 and was employed as an Electrician (NCCER). While employed I was subjected to a racially hostile work environment. In August 2011 I inquired about a promotion to a Foreman position. I was not promoted. On or about October 23, 2011 I was subjected to racial harassment when I heard a White coworker making comments about Black employees. I reported the event to Human Resources on October 24, 2011. On or about October 27, 2011 I was discharged.

While employed I overheard White employees refer to Black employees as "monkey" and "nigger." There was racial graffiti in the portable and permanent bathrooms. Management would address graffiti that referred to bomb threats in the safety meetings but not the racial graffiti. When I asked about the promotion I was told that they already had two people in mind for the two Foreman positions. Two White employees were promoted. There were no Black foremen in my department. I overheard a White employee refer to Blacks as "niggers" to three other White coworkers (including my foreman) and I reported this to Human Resources. I was told there would be an investigation. I was told I was discharged for equipment failure; my leg strap was undone. I later learned that the day after I was discharged that my foreman, who is White, was caught without a harness and was not discharged.

I believe that I was subjected a hostile work environment, denied a promotion, subjected to harassment, and discharged due to my race, Black, and discharged in retaliation for reporting racial harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 3/13/12 _Date_   X _Beowulf S Snell_<br>_Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



DEPOSITION
EXHIBIT
_11_

PENGAD 800-631-6989

```
 1              UNITED STATES DISTRICT COURT
 2         FOR THE MIDDLE DISTRICT OF LOUISIANA
 3
 4           CASE NO. 3:12-CV-757 (BAJ)(RLB)
 5
 6   FRANCIS MOORE, DEREK DAVIS,         *
     PHILLIP HENTZ, CHARLES HOLMES,      *
 7   TERRENCE JAMES, ROY JOHNSON,        *
     SHAWN KEITH, CARLOS NEAL,           *
 8   MARCUS RICHARDSON, BYRON            *
     RICKS, BEOWULF SNELL and            *
 9   PANDRA VAUGHN                       *
                 Plaintiffs,             *
10                                       *
     versus                             *
11                                       *
                                         *
12   THE SHAW GROUP, INC., CHICAGO       *
     BRIDGE & IRON COMPANY               *
13             Defendants.               *
                                         *
14   *   *   *   *   *   *   *   *   *   *   *   *   *
15
16
17
18        Deposition of PHILLIP K. HENTZ, 1736 Hood
19   Road, Lambert, Mississippi 38643, taken in the
20   offices of the Carter Law Group, LLC, 1055 St.
21   Charles Avenue, Suite 555, New Orleans,
22   Louisiana 70130, on Thursday, the 21st day of
23   May, 2015, commencing at 9:08 a.m.
24
25
```

Exhibit

13

```
 1   APPEARANCES:

 2

 3        DINOVO PRICE ELLWANGER & HARDY LLP

 4        (By:  Stefanie T. Scott, Esquire)

 5        7000 North MoPac Expressway, Suite 350

 6        Austin, Texas  78731

 7             ATTORNEYS FOR THE PLAINTIFFS

 8

 9        THE KULLMAN FIRM

10        (By:  Michael S. Hudson, Esquire)

11        Suite 704, Court Square Towers

12        200 6th Street North

13        Columbus, Mississippi  39701

14             ATTORNEYS FOR THE DEFENDANTS

15

16   ALSO PRESENT:

17        Sharon Hentz

18   REPORTED BY:

19        LISA BODE, CSR

20        Certified Shorthand Reporter

21

22             EXAMINATION INDEX

23                               Page

24   EXAMINATION BY MR. HUDSON:         6, 123

25   EXAMINATION BY MS. SCOTT:          112
```

```
 1                        EXHIBIT INDEX
 2
 3   Exhibit No. 1 -
 4         Online application
 5
 6   Exhibit No. 2 -
 7         Shaw offer letter dated March 02, 2012,
 8         signed and dated 3/5/2012
 9
10   Exhibit No. 3 -
11         Shaw John W. Turk, Jr. Power Plant -
12         Unit 1 Employee Handbook and Site Work
13         Rules
14
15   Exhibit No. 4 -
16         Shaw Procedure, Subject:  Equal Employment
17         Opportunity/Affirmative Action
18
19   Exhibit No. 5 -
20         Corporate Policies, list of links, and
21         Agreements and Acknowledgements dated
22         03/02/12
23
24   Exhibit No. 6 -
25         Policy Acknowledgements dated 03/05/12
```

```
1   Exhibit No. 7 -
2        Employee Disciplinary Record dated 5/30/12
3
4   Exhibit No. 8 -
5        EEOC Charge of Discrimination dated
6        1/3/13
7
8   Exhibit No. 9 -
9        Telephonic Intake Interview Summary of
10       Phillip Hentz dated December 18, 2012
11
12  Exhibit No. 10 -
13       U.S. Equal Employment Opportunity
14       Commission Intake Questionnaire
15
16  Exhibit No. 11 -
17       U.S. Equal Employment Opportunity
18       Commission Notice of Right to Sue
19
20  Exhibit No. 12 -
21       Document entitled "Phillip Hentz Personal
22       Statement"
23
24  Exhibit No. 13 -
25       First Amended Complaint
```

STIPULATION


     IT IS STIPULATED AND AGREED by and between
counsel for the parties hereto that the
deposition of the aforementioned witness is
hereby taken under the Federal Rules of Civil
Procedure for all purposes, in accordance with
the law;
     That the formality of reading and signing
is hereby specifically not waived;
     That the formalities of filing, sealing,
and certification are hereby specifically
waived;
     That all objections, save those as to the
form of the question and the responsiveness of
the answer, are hereby reserved until such time
as this deposition, or any part thereof, may by
used or sought to be used in evidence at the
time of the trial of this matter.

                    *    *    *
     LISA BODE, Certified Shorthand Reporter,
State of Louisiana, officiated in administering
the oath to the witness.

WITNESS' CERTIFICATE


      I have read or have had the
foregoing testimony read to me and hereby
certify that it is a true and correct
transcription of my testimony, with the
exception of any attached corrections or
changes.

_____
PHILLIP K. HENTZ

My Commission Expires Jan. 4, 2016

ORIGINAL

# ERRATA SHEET FOR THE TRANSCRIPT OF:

Case Name:     Francis Moore, et al v. The Shaw Group, Inc., Chicago
Bridge & Iron Company
Depo Date:      May 21, 2015
Deponent:      Phillip K. Hentz

## CORRECTIONS:

| Pg. | Ln. | Now Reads | Should Read | Reasons Therefore |
|-----|-----|-----------|-------------|-------------------|
| 15 | 2 | Dr. Goldman | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

_____
**Signature of Deponent**

_Brenda A. Wiggs_

My Commission Expires Jan. 4, 2016

**ORIGINAL**

REPORTER'S CERTIFICATE

I, Lisa Bode, Certified Court Reporter in and for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify that PHILLIP K. HENTZ, after having been duly sworn by me upon authority of R.S. 37:2554, did testify as hereinbefore set forth in the foregoing 128 pages; that this testimony was reported by me in the stenotype reporting method, was prepared and transcribed by me or under my personal direction and supervision, and is a true and correct transcript to the best of my ability and understanding; that the transcript has been prepared in compliance with transcript format guidelines required by statute or by rules of the board, that I have acted in compliance with the prohibition on contractual relationships, as defined by Louisiana Code of Civil Procedure Article 1434 and in rules and advisory opinions of the board; that I am not related to counsel or to the parties herein, nor am I otherwise interested in the outcome of this matter.

_Lisa Bode_

Lisa Bode, CCR (#88002)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2013-05010 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>**Mr. Phillip Hentz** | Home Phone (Incl. Area Code)<br>[redacted] | Date of Birth<br>[redacted] |
|---|---|---|
| Street Address<br>[redacted] **Lambert, MS** [redacted] | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**THE SHAW GROUP** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(870) 896-8500** |
|---|---|---|
| Street Address<br>**3711 Highway 355 South, Fulton, AR 71838** | City, State and ZIP Code | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest: **09-15-2012**    Latest: **09-20-2012** |
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in the position of Welder by the above named employer on or about March 5, 2012. During my employment I was made to perform job assignments that were outside of my job description and experience. I complained to the General Foreman that the delegation of duties were discriminatory because Whites were not instructed to perform work outside of their qualifications. I, along with five other Blacks, complained to Human Resources that Blacks were expected to perform the duties of Whites while they sat, talked and did nothing. I was subsequently suspended and laid off on or about September 20, 2012. The other Blacks who complained were laid off after me at different times.

I was not given a reason for my layoff.

I believe I was treated differently in the terms of my employment because of my race (Black), suspended and laid off in retaliation for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended. I believe other Blacks were also laid off in retaliation for complaining about unlawful employment practices with respect to race discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Phillip Hentz* |
| Date: *1-3-13*    *Phillip Hentz*<br>Date / Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>*1-3-13* |

RECEIVED JAN 08 2013 U.S. EEOC

EXHIBIT 8

1

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA


CASE NO. 3:12-CV-757 (BAJ)(RLB)


FRANCIS MOORE, DEREK DAVIS, PHILLIP HENTZ,
CHARLES HOLMES, TERENCE JAMES, ROY JOHNSON,
SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON,
BYRON RICKS, BEOWULF SNELL, AND PANDRA VAUGHN

VERSUS

THE SHAW GROUP, INC. AND
CHICAGO BRIDGE & IRON COMPANY


Deposition of CHARLES HOLMES, taken on
May 29, 2015, at the Carter Law Group, 1055 St.
Charles Avenue, Suite 555, New Orleans,
Louisiana 70130.


REPORTED BY:
    LESLIE L. NICOSIA
    CERTIFIED COURT REPORTER

Exhibit

14

```
 1              A P P E A R A N C E S

 2

 3  REPRESENTING FRANCIS MOORE, DEREK  DAVIS, PHILLIP
    HENTZ, CHARLES HOLMES, TERENCE JAMES, ROY JOHNSON,
 4  SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON, BYRON
    RICKS, BEOWULF SNELL, AND PANDRA VAUGHN:
 5
        THE LAW OFFICES OF HOLT MAJOR LACKEY
 6      BY:  HOLT MAJOR LACKEY, ESQ.
        603 West 18th Street
 7      Suite B
        Austin, Texas 78701
 8
 9  REPRESENTING SHAW CONSTRUCTORS, INC.:
10      THE KULLMAN FIRM
        BY:  MICHAEL S. HUDSON, ESQ.
11      600 6th Street North
        Suite 704
12      Columbus, Mississippi 39701
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    I N D E X
 2                                      PAGE
```

Title................................  1
Appearances.........................  2
Index...............................  3
Stipulation.........................  5
EXAMINATION BY:
    MR. HUDSON......................  6
                                    130

    MR. LACKEY......................121


            E X H I B I T S
Exhibit 1
    Amended Notice of Deposition......  6
Exhibit 2
    Offer of Employment Letter........ 26

Exhibit 3
    Employee Handbook and Site
    Work Rules....................... 27

Exhibit 4
    Code of Corporate Conduct......... 36
Exhibit 5
    Policy Acknowledgements........... 37

Exhibit 6
    5/2/11 Employee Disciplinary
    Record........................... 40

Exhibit 7
    Separation Notice................. 83
Exhibit 8
    Witness Declaration and
    Statement of Facts............... 91

1             E X H I B I T S (Continued)

2                                      PAGE

3  Exhibit 9
        EEOC Charge of Discrimination....... 99

4

   Exhibit 10
5        Dismissal and Notice of Rights......101

6  Exhibit 11
        First Amended Complaint.............101

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

S T I P U L A T I O N

It is stipulated and agreed by and between counsel for the parties that the deposition of CHARLES HOLMES, is hereby taken pursuant to the Federal Rules of Civil Procedure, in accordance with law, pursuant to Notice, on May 29, 2015, in the office of the Carter Law Group;

That the formalities of sealing, certification and filing are hereby specifically waived;

That the reading and signing is specifically not waived;

That all objections, save those as to the form of the question, are hereby reserved until such time as this deposition, or any part thereof, may be used or sought to be used in evidence;

That Leslie L. Nicosia, Certified Court Reporter, in and for the State of Louisiana, officiated in administering the oath to the above-named witness.

REPORTER'S PAGE

I, Leslie L. Nicosia, Certified Court Reporter, in and for the State of Louisiana, the officer, as defined in Rule 28 of the Federal Rules of Civil Procedure and/or Article 1434 (B) of the Louisiana Code of Civil Procedure, before whom this sworn testimony was taken, do hereby state on the record;

That due to the interaction and the spontaneous discourse of this proceeding, dashes (--) have been used to indicate pauses, changes in thought, and/or talk-overs; that same is the proper method for a court reporter's transcription of proceeding, and that the dashes (--) do not indicate that words or phrases have been left out of this transcript; that any words and/or names which could not be verified through reference material have been denoted with the phrase "phonetically spelled."

_Leslie Nicosia_
Leslie L. Nicosia, C.C.R.

```
 1              C E R T I F I C A T E
 2        This certification is valid only for a transcript with my
    original signature and original required seal on this page.
 3
        I, LESLIE L. NICOSIA, Certified Court Reporter in and for
 4  the State of Louisiana, the "Officer" before whom this sworn
    testimony was taken, do hereby certify:
 5
        That CHARLES HOLMES, to whom oath was administered by me
 6  upon authority of R.S. 37:2554, did testify as herein set
    forth in the foregoing pages;
 7
        That this proceeding and testimony was reported by me in
 8  stenotype method, was prepared and transcribed by me or under
    my personal direction and supervision, and is a true and
 9  correct transcript to the best of my ability and
    understanding;
10
        That this transcript has been prepared in compliance with
11  transcript format guidelines required by statute or rules of
    the Board, and I am informed about the complete arrangement,
12  financial or otherwise, with the person or entity making
    arrangements for deposition services;
13
        That I have acted in compliance with the prohibition on
14  contractual relationships as defined by Louisiana Code of
    Civil Procedure Article 1434 and in rules and advisory
15  opinions of the Board;
16      That I have no actual knowledge of any prohibited
    employment or contractual relationship, direct or indirect,
17  between a court reporting firm and any party litigant in this
    matter, nor is there any such relationship between myself and
18  a party litigant in this matter;
19      That I am not related to counsel or to the parties
    herein, nor am I otherwise interested in the outcome of this
20  matter.
21      LESLIE L. NICOSIA, CCR
        Cert. No. 95004
22
23
24
25
```

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 493-2013-0078 4 |
| ☒ EEOC | |

and EEOC

**NAME**
Charles Holmes

**HOME TELEPHONE** ▓▓▓▓▓

**STREET ADDRESS** ▓▓▓▓▓▓▓▓▓

**CITY, STATE AND ZIP CODE**
Augusta, GA ▓▓▓▓

**DATE OF BIRTH** ▓▓▓▓

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 500+ | TELEPHONE |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| NAME The Shaw Group Inc. | TELEPHONE NUMBER (Include Area Code) (870)-896-8500 |
|---|---|
| STREET ADDRESS 3711 Highway 356 South | CITY, STATE AND ZIP CODE Fulton, Arkansas 71838 | COUNTY |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☒ RACE   ☒ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE

☐ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA) Feb. 2012    LATEST (ALL) Sept. 2012

☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s))

SEE ATTACHMENT A

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 3/20/13    *Charles Holmes*    Charging Party (Signature)

**NOTARY** - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT    *Charles Holmes*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (10/84)

DEPOSITION EXHIBIT 9
PENGAD 800-631-6989

Charles Holmes
Attachment A

A. *Date*: Throughout employment
*Action*: Shaw management segregates employees by race. Charles Holmes and his similarly situated black employees are asked to do more work and different types of work than similarly situated white co-workers.
*Name & Title of Person(s) Responsible*: Foreman Jamie Sanchez and Leadman Stephen Flores.

B. *Date*: Throughout employment
*Action*: Holmes was assigned white and Hispanic helpers that are responsible for getting materials for Holmes. However, none of the white or Hispanic helpers would help him. Holmes reported this to his foreman, Jamie Sanchez. Sanchez said he would take care of it, but did nothing to address Holmes' complaints.
*Name & Title of Person(s) Responsible*: Jamie Sanchez

C. *Date*: June 2012
*Action*: Leadman Stephen Flores approached Holmes and three other black employees including Dwayne Thomas, Philip Hentz, and an employee referred to as "New York" and told them, "Oh yeah your black asses are going tonight." He was referring to having them moved to the night shift. From February through June 2012, Holmes and his similarly situated black co-workers were subjected to other racial slurs by foreman, Jamie Sanchez, and Leadman, Stephen Flores. They made comments such as "why's your black ass doing that," referred to the black employees as "brothers" by saying "all your brothers." Racial comments such as these were said every three to four days. Holmes and the other black employees went to Bonetta Cooper in Human Resources to complain about these racial slurs. Ms. Cooper spoke to Flores and Sanchez afterwards, but they were not disciplined.
*Name & Title of Person(s) Responsible*: Stephen Flores and Jamie Sanchez

D. *Date*: June 2012
*Action*: After Flores was spoken to by Bonetta Cooper, he continued to use racial slurs and referred to Holmes and his black co-workers as "snitch ass niggers." Flores also continued to refer to Holmes and his black co-wokers as "snitch ass niggers" and said "I'm gonna kill them niggers" on his Facebook wall. Dwayne Thomas saw this on his phone and he went with Holmes and Hentz to report this to Ms. Cooper in Human Resources.
*Name & Title of Person(s) Responsible*: Stephen Flores

Charles Holmes vs. The Shaw Group
493-2013-00784

9

E. *Date*: July 2012

    *Action*: Holmes saw two nooses on elevation 154. Holmes, Dwayne Thomas and Philip Hentz reported the nooses to Bonetta Cooper in Human Resources. By the time Ms. Cooper went to look at the nooses they had been taken down.

    *Name & Title of Person(s) Responsible*: Unknown

F. *Date*: Throughout employment

    *Action*: Holmes was subjected to racist graffiti in the bathrooms at Shaw's worksite. Some of the graffiti was directed specifically at him. He saw "Nigger go home," Arkansas ain't no place for a nigger," "Chuck Holmes is a bitch ass nigger," and "Snitch ass nigger Chuck Holmes." Holmes reported the graffiti, but nothing was done to address it, remove it, or investigate.

    *Name & Title of Person(s) Responsible*: Unknown

G. *Date*: September 10, 2012

    *Action*: While working at the Waste Water Treatment Plant with one of his white co-workers, Will Bennet, Holmes was using a volt meter. Shortly after putting the meter down it went missing. At the end of the day, Supervisor Gary Pope said to all the employees that they were going to start searching lunch boxes for the missing meter. Pope searched Holmes' lunchbox and found the missing meter in the lunchbox. Upon information and belief, Holmes' was set up by his white and Hispanic co-workers for his previous complaints of discrimination and hostile work environment. Holmes had no use for a meter as he already had two of his own in his gang box. Further, Holmes' lunchbox was nowhere near where Holmes was working when the meter went missing. Holmes was questioned by Bonetta Cooper in Human Resources. On September 13, 2012, Ms. Cooper informed Holmes that although there was no evidence as to how the meter got into Holmes' lunchbox, instead of being terminated he was given the option to resign. Holmes felt that he had no other choice but to resign.

    *Name & Title of Person(s) Responsible*: Unknown

H. *Date*: Post September 13, 2012

    *Action*: After resigning, Holmes called Shaw's corporate office numerous times to leave messages with complaints about how he was treated. Despite his efforts, no one ever returned his calls.

    *Name & Title of Person(s) Responsible*: Unknown.

Charles Holmes vs. The Shaw Group
493-2013-00784

10