UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANCIS MOORE, DEREK DAVIS, PHILLIP HENTZ, CHARLES HOLMES, TERRENCE JAMES, ROY JOHNSON, SHAWN KEITH, CARLOS NEAL, MARCUS RICHARDSON, BYRON RICKS, BEOWULF SNELL, AND PANDRA VAUGHN<br><br>　　　Plaintiffs,<br><br><br>　　　　　v.<br><br>THE SHAW CONSTRUCTORS, INC.<br><br>　　　Defendant. | **CASE No. 3:12-CV-757 (JWD) (RLB)**<br><br><br>**Jury Trial Demanded** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTIONS *IN LIMINE***

1

Plaintiffs Francis Moore, Derek Davis, Phillip Hentz, Charles Holmes, Terrence James, Roy Johnson, Shawn Keith, Carlos Neal, Marcus Richardson, Byron Ricks, Beowulf Snell, and Pandra Vaughn (collectively, "Plaintiffs"), before the commencement of the voir dire examination of the jury panel, file this Memorandum in Support of its Motions in *Limine*, and respectfully request that by an appropriate order this Honorable Court:

Instruct the attorneys for Defendant The Shaw Constructors, Inc. ("Shaw") to refrain from mentioning, referring to, or bringing before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of the witnesses, argument, objections before the jury, or in any other manner whatsoever, any of the matters set forth below, unless such matters have first been called to the Court's attention out of the presence of the jury and a favorable ruling received on the admissibility and relevance of such matters.

Instruct the attorneys for Shaw to inform Shaw and all witnesses called by or on behalf of Shaw to refrain from mentioning or referring to, in any way, in the presence or hearing of the jury, any of the matters set forth below, unless specifically permitted to do so by ruling of the Court.

In this Memorandum in Support, Plaintiffs show the Court that the matters set out below are inadmissible for any purpose because they have no bearing on the issues in this case or on the rights of the parties to this suit and are inherently and incurably prejudicial. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters will prejudice the jury, and sustaining objections to such questions, comments or offers will not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the jurors.

The following matters are not admissible for any purpose in this case:

NO. 1: **ANY REFERENCE, EVIDENCE, STATEMENTS OR QUESTIONS THAT SUGGEST, HINT, OR INTIMATE THAT PLAINTIFFS' ATTORNEYS HAVE A CONTINGENT FEE AGREEMENT IN THIS CASE**

Such reference, evidence, statements and/or questions are irrelevant to the claims alleged in this lawsuit. FED. R. EVID. 402. The probative value, if any, of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

NO. 2: **ANY REFERENCE TO DISCOVERY DISPUTES, EXCLUDED EVIDENCE, FAILURE TO PRODUCE EVIDENCE, AND OBJECTIONS TO EVIDENCE**

Any reference to discovery disputes, court-ordered excluded evidence, Plaintiffs' failure to produce documents or evidence -- where Defendant did not pursue such documents by means of a motion to compel – has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402. Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

NO. 3: **ANY REFERENCE TO ANY CORRESPONDENCE, DISCUSSIONS, STATEMENTS, OR DISAGREEMENTS BETWEEN COUNSEL IN THIS CASE.**

Any such reference has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402. Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**NO. 4:   ANY REFERENCE TO SETTLEMENT DEMANDS OR NEGOTIATIONS**

Any testimony, documents, evidence, or reference to any negotiations or settlement demands made by any Plaintiff during this litigation. Offers of settlement and compromise, including conduct and statements made in negotiations, are inadmissible. FED. R. EVID. 408. Any records concerning settlement and efforts of conciliation are not relevant to any matter at issue. FED. R. EVID.402. Further, admission of such records is likely to confuse the jury on damages issues and prejudice the jury as to the value of Plaintiff's claims, which far outweighs the probative value, if any, of such evidence. FED. R. EVID. 403.

**NO. 5:   ANY REFERENCE TO ANY MOTIONS OR OTHER REQUESTS FOR RELIEF FILED BY PLAINTIFFS THAT WERE NOT FAVORABLY ACTED UPON BY THE COURT**

Any such reference has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402. Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**NO. 6:   ANY REFERENCE TO THIS MOTION OR THE COURT'S ORDER(S) REGARDING THIS MOTION**

Any reference to the filing of this Motion in *Limine* – or to any ruling(s) by the Court in response to this Motion in *Limine* – is irrelevant to the claims and defenses in this lawsuit. FED. R. EVID. 402. Such references are inherently prejudicial in that they suggest or imply that Plaintiffs have sought to prohibit proof or that the Court has excluded proof of matters damaging to Plaintiffs' case. FED. R. EVID. 403.

**NO. 7:   ANY REFERENCE TO ANY PLAINTIFFS' CRIMINAL ARREST OR CONVICTION**

Any reference to any of the Plaintiffs' criminal arrest and/or jail time served as a result of the arrest, for an arrest that did not result in a conviction, is not relevant to any issue in this case, is unfairly prejudicial to Plaintiffs, would confuse the issues, and would improperly influence the jury. FED. R. EVID. 402, 403.  The prejudice of any arrest would far outweigh the possibility of any probative value.  FED. R. EVID. 403.  Introduction of this evidence would also cause confusion of the issues, and mislead the jury. FED. R. EVID. 403.  Further, such reference would be improper character evidence.  FED. R. EVID 404.  Introducing evidence of extrinsic acts that might adversely reflect on a party's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge, is prohibited.  *Huddleston v. U.S,* 485 U.S. 681, 685 (1988).   Because the arrest did not result in a conviction, Defendant cannot use evidence of the arrest to impeach Plaintiffs; therefore the exceptions of Rule 404 are inapplicable.  *See* FED. R. EVID. 404(a)(3); 609.

Any reference to any Plaintiffs' juvenile conviction is not relevant to any issue in this case, is unfairly prejudicial to Plaintiffs, would confuse the issues, and would improperly influence the jury. FED. R. EVID. 402, 403.  The prejudice of any juvenile conviction would far outweigh the possibility of any probative value.  FED. R. EVID. 403.  Further, such reference would be improper character evidence.  FED. R. EVID 404.  Evidence of a juvenile conviction is only inadmissible pursuant to FED. R. EVID. 609(d), which allows evidence of such convictions only in criminal cases.  FED. R. EVID. 609.

Any reference to any Plaintiffs' conviction that is punishable by less than one year is not relevant to any issue in this case, is unfairly prejudicial to Plaintiffs, would confuse the issues, and would improperly influence the jury.  FED. R. EVID. 402, 403.  The prejudice of any such

5

conviction would far outweigh the possibility of any probative value.  FED. R. EVID. 403.  Further, such reference would be improper character evidence.  FED. R. EVID 404.

Any reference to any Plaintiffs' conviction that is punishable by more than one year—but where more than 10 years have passed since the conviction or release from confinement—is not relevant to any issue in this case, is unfairly prejudicial to Plaintiffs, would confuse the issues, and would improperly influence the jury.  FED. R. EVID. 402, 403.  In the Fifth Circuit, "the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect." *U.S. v. Hamilton,* 48 F.3d 149, 154 (5th Cir. 1995).  Further, such reference would be improper character evidence.  FED. R. EVID 404.  Defendant cannot use such a conviction to attack any Plaintiffs' character for truthfulness because (1) the probative value, supported by specific facts and circumstances, would <u>not</u> substantially outweigh its prejudicial effects, and (2) Defendant did not give Plaintiffs reasonable written notice of the intent to use such a conviction.  FED. R. EVID. 609(b).

Any reference to any Plaintiffs' conviction that is punishable by more than one year—and where less than 10 years have passed since the conviction or release from confinement— is not relevant to any issue in this case, is unfairly prejudicial to Plaintiffs, would confuse the issues, and would improperly influence the jury.  FED. R. EVID. 402, 403.  The prejudice of any such conviction would far outweigh the possibility of any probative value.  FED. R. EVID. 403; 609(a)(1)(A).  Further, such reference would be improper character evidence.  FED. R. EVID 404.

**NO. 8: ANY REFERENCE OR ASSERTION THAT THE VENUE OR JURISDICTION FOR THIS TRIAL IS IMPROPER, INCONVENIENT, OR AN ATTEMPT BY PLAINTIFFS TO SEEK AN UNFAIR ADVANTAGE**

Any references or assertions that the lawsuit should have been filed anywhere other than the Middle District of Louisiana are irrelevant to any claims or defenses in this lawsuit.  FED. R.

EVID. 402. Furthermore, any references to improper venue and/or jurisdiction are likely to confuse, prejudice and/or mislead the jury; this prejudice and confusion will far outweigh any probative value. FED. R. EVID. 403.

NO. 9:   ANY STATEMENT BY DEFENDANT THAT PLAINTIFFS FAILED TO CALL ANY WITNESS EQUALLY AVAILABLE TO DEFENDANT AND SUBSTANCE OF THE TESTIMONY

Any reference or statement by Defendant that Plaintiffs failed to call any witness equally available to Defendant, through prior depositions or otherwise, is inadmissible. Such statements could lead jurors to draw an adverse inference regarding the selection of witnesses, which would unfairly prejudice, confuse, and mislead the jury. FED. R. EVID. 403. In *Herbert v. WalMart Stores, Inc.*, 911 F.2d 1044 (5th Cir. 1990), the Fifth Circuit described the uncalled witness rule as antiquated, stating that, "After giving the issue due consideration, we conclude that the uncalled witness rule has no place in federal trials conducted under Federal Rules of Evidence and Federal Rules of Civil Procedure." 911 F.2d at 1047. Furthermore, any speculation as to the substance of the testimony of the absent witnesses would improperly prejudice, confuse, and mislead the jury. FED. R. EVID. 403.

NO. 10:   ANY REFERENCE TO ANY PLAINTIFFS' SOCIAL ATTITUDES, ACTIVITIES, MARITAL STATUS, AND CHURCH AFFILIATION

Any Plaintiffs' personal behavior, social attitudes, and/or social activities, including but not limited to drinking, drug use, or gambling, is irrelevant to any claim or defense in this litigation, highly prejudicial, and likely to confuse and mislead the jury. FED. R. EVID. 402, 403. Further, such references could be used as improper character evidence. FED. R. EVID. 404. Any reference, comment or innuendo concerning the marital relationship, or lack thereof, of any Plaintiff is similarly irrelevant, prejudicial, and likely to confuse and mislead the jury. FED. R.

7

EVID. 402, 403. Any reference, comment or innuendo concerning any Plaintiff having children out of wedlock or living with a significant other out of wedlock is similarly irrelevant, prejudicial, and likely to confuse and mislead the jury. FED. R. EVID. 402, 403. Any reference, comment or innuendo concerning the number of children any Plaintiff has and/or the identity of the mother of Plaintiffs' children—including any suggestion that Plaintiffs' children have different mothers—is similarly irrelevant, prejudicial, and likely to confuse and mislead the jury. FED. R. EVID. 402, 403. Any reference, comment or innuendo, referring to any Plaintiff "chasing girls" or having a mistress is similarly irrelevant, prejudicial, and likely to confuse and mislead the jury. Any mention of, comment on or reference that refers or relates to any Plaintiff's church affiliation or lack thereof would similarly violate FED. R. EVID. 402, 403, and 404. Any mention of a witness' religious belief or opinions used to attack or support the witnesses' credibility is inadmissible. FED. R. EVID. 610.

**NO. 11:   ANY REFERENCE TO PLAINTIFFS RECEIVING WELFARE BENEFITS**

Any reference, comment, or innuendo concerning any of the Plaintiffs receiving or having received welfare benefits including but not limited to the Supplemental Nutrition Assistance Program ("SNAP"), Medicaid, Temporary Assistance for Needy Families ("TANF"), Federal or State Housing Assistance, and other similar welfare programs is irrelevant, prejudicial, and likely to confuse and mislead the jury. FED. R. EVID. 402, 403.

**NO. 12:   ANY REFERENCE TO PLAINTIFFS' BANKRUPTCY OR PERSONAL FINANCIAL MANAGEMENT**

Any reference, comment, or innuendo concerning any of the Plaintiffs filing for bankruptcy on behalf of themselves or their businesses, or relating to their personal financial

management is improper character evidence, irrelevant, prejudicial, and likely to confuse and mislead the jury. FED. R. EVID. 402, 403, 404.

**NO. 13:   ANY MENTION BY DEFENDANT'S ATTORNEYS REGARDING THEIR PERSONAL OPINIONS ABOUT THE CREDIBILITY OF ANY WITNESS**

Defendant's attorneys' opinions regarding the credibility of any witness is not relevant to any claim or defense of this lawsuit. Fed. R. Evid. 402. Further, the probative value, if any, of any such opinions would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403. It is the duty of the jury to evaluate and determine the credibility of a witness, and this evaluation should not be swayed by attorney opinion.

**NO. 14:   ANY MENTION, REFERENCE, INFERENCE, OR COMMENT SUGGESTING THAT PLAINTIFFS FILED THIS LAWSUIT "FOR THE MONEY," "TO GET PAID," OR THAT PLAINTIFFS WILL "RECEIVE A WINDFALL"**

Any reference suggesting that Plaintiffs were financially motivated to file this lawsuit is not relevant to any claim or defense of this lawsuit. FED. R. EVID. 402. Further, the probative value, if any, of any such reference would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

**NO. 15:   ANY COMMENT, INFERENCE, EVIDENCE, TESTIMONY OR DOCUMENT SUGGESTING THAT THE JURORS WOULD BE DAMAGED OR FINANCIALLY HARMED IF AN ADVERSE JUDGMENT AGAINST DEFENDANT IS AWARDED IN THIS CASE.**

Any such comment, inference, evidence, testimony, or document is not relevant to any claim or defense of this lawsuit. Fed. R. Evid. 402. Further, the probative value, if any, of any such comment would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. Fed. R. Evid. 403.

Case 3:12-cv-00757-JWD-RLB   Document 156-1   12/21/15   Page 10 of 12

**NO. 16:  ANY REFERENCE OF MENTION THAT ANY PLAINTIFF DID NOT PAY CHILD SUPPORT**

Any reference or suggestion that any Plaintiff did not pay child support is not relevant to any claim or defense of this lawsuit.  Fed. R. Evid. 402.  Further, the probative value, if any, of any such reference would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury.  Fed. R. Evid. 403.

**NO. 17:  ANY REFERENCE OR SUGGESTION THAT ANY PLAINTIFF IS OR WAS AN ALCOHOLIC OR SUBSTANCE ABUSER AND ANY REFERENCE THAT ANY PLAINTIFF ATTENDED DRUG OR ALCOHOL TREATMENT PROGRAMS AND/OR COUNSELING**

Any reference or suggestion that any Plaintiff is or was an alcoholic or substance abuser – where there is no allegation that such behavior was a reason for such Plaintiff's termination or reprimand – and any reference that any Plaintiff attended drug or alcohol treatment programs and/or counseling is not relevant to any claim or defense in this lawsuit.  Fed. R. Evid. 402.  Further, the probative value, if any, of any such reference would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury.  Fed. R. Evid. 403.  Evidence or allegations of alcoholism and/or drug or alcohol treatment, if used to show conformity therewith, is inadmissible character evidence.  Fed. R. Evid. 404.

**NO. 18:  ANY REFERENCE TO ANY ALLEGATIONS THAT ANY PLAINTIFF ENGAGED IN SEXUAL HARASSMENT AT THE WORKPLACE**

Any reference or suggestion that any Plaintiff engaged in sexual harassment at the workplace is not relevant to any claim or defense of this lawsuit, particularly where the alleged sexual harassment did not occur at a Shaw worksite and did not occur while such Plaintiff was employed by Shaw.  Fed. R. Evid. 402.  Further, the probative value, if any, of any such reference would be greatly outweighed by the danger of unfair prejudice, confusion of the issues,

10

and/or the risk of misleading the jury.  Fed. R. Evid. 403.  Evidence or allegations of such sexual harassment, if used to show conformity therewith, is inadmissible character evidence.   Fed. R. Evid. 404.

Dated: December 21, 2015                              Respectfully submitted,


*/s/   Pamela W. Carter*
Pamela W. Carter
pcarter@carterlawgroupllc.com
LA State Bar No. 24048
**Carter Law Group, LLC**
K&B Plaza (Lee Circle)
1055 St. Charles Ave, Suite 555
New Orleans, LA 70130

Jay D. Ellwanger
Texas State Bar No. 24036522
(admitted *pro hac vice)*
jellwanger@dpelaw.com
Stefanie T. Scott
Texas State Bar No. 24061617
(admitted *pro hac vice)*
sscott@dpelaw.com
**DiNovo Price Ellwanger& Hardy LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

Sara Wyn Kane
N.Y. State Bar No. 2935617
skane@vkvlawyers.com
James A. Vagnini
N.Y. State Bar No. 2958130
jvagnini@vkvlawyers.com
Robert J. Valli, Jr.
N.Y. State Bar No. 2383107
rvalli@vkvlawyers.com
**Valli Kane &Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180

Facsimile: (516) 706-0248

**ATTORNEYS FOR PLAINTIFFS**